IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE E. NORCROSS, III, GREGORY B BRACA and PHILIP A. NORCROSS<br>            Plaintiffs<br>       v.<br>REPUBLIC FIRST BANKCORP, INC., HARRY MADONNA, ANDREW B. COHEN, LISA JACOBS, HARRIS WILDSTEIN, PETER B. BARTHOLOW and BENJAMIN C. DUSTER<br>            Defendants | CIVIL ACTION<br>NO. |

## NOTICE OF REMOVAL

1. On November 22, 2022, Plaintiffs and beneficial shareholders George E. Norcross, III, Gregory B. Braca, and Philip A. Norcross ("Plaintiffs") filed an action in the Court of Common Pleas, Philadelphia, Pennsylvania, alleging that their will was denied as shareholders and that the individual Defendants, Harry Madonna, Andrew B. Cohen , Lisa Jacobs, Harris Wildstein, Peter B. Bartholow and Benjamin C. Duster (collectively the "Board")  individually and collectively violated certain corporate governance standards of the Republic First Bankcorp, Inc. (the "Company") to entrench themselves at the expense of shareholder voting rights by among other things rejecting Plaintiffs' nomination of a candidate for Director of the Company. In their Complaint, Plaintiffs allege *inter alia* that Defendants' conduct violates federal law, specifically Section 14 of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78n, and implementing Securities and Exchange Commission regulations, including Rule14a-8), 17 C.F.R. § 240.14a-8 as alleged by Plaintiffs to be incorporated into the Company's By-Laws. A copy of that Complaint is attached hereto as Exhibit "A"). See also the Docket Report of the Court of Common Pleas (attached hereto as Exhibit "B").

1

3. Because the Complaint sets forth a cause of action based upon in substantial part on public policy concerns in a federal statute, this Court has original jurisdiction of this matter pursuant to 28 U.S.C. §1331:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

4. Pursuant to 28 U.S.C. §1441(a), this action is subject to Removal.

5. The filing of this Notice of Removal is timely because it is within thirty (30) days of the date that Defendant was presented with a copy of the Complaint as proscribed at 28 U.S.C. §1446(b)(1).

6. The prayer for relief in the Complaint calls for declaratory actions issued by the Court to preliminarily and permanently enjoin Defendants from impeding, thwarting, frustrating or interfering with Shareholder voting rights.

Respectfully submitted,

SPECTOR GADON ROSEN VINCI, P.C.

/s/ *Alan B. Epstein*

Alan B. Epstein, Esquire (Pa. Atty. ID No. 2346)
1635 Market Street, 7th Floor
Philadelphia, PA  19103
(215) 241-8888 / FAX- (215) 241-8844
*Attorneys for Defendants*

<u>Of Counsel</u>

Michael Charlson, Esquire
VINSON & ELKINS, LLP
555 Mission Street
Suite 2000
San Francisco, CA 94105
mcharlson@velaw.com

Marisa F. Antonelli
VINSON & ELKINS, LLP
1114 Avenue of the Americas
37th Floor
New York, NY 10036
mantonelli@velaw.com