Exhibit "A"

(part 4)



*Filed and Attested by the
Office of Judicial Records
22 NOV 2022 02:39 pm
E. HAURIN*

# EXHIBIT 8

Case ID: 221102195

June 21, 2022

Lisa Jacobs
Corporate Secretary
Republic First Bancorp, Inc.
Two Liberty Place
50 South 16th Street, Suite 2400
Philadelphia, PA 19102

Alfred Putnam
c/o Faegre Drinker Biddle & Reath LLP
One Logan Square
Suite 2000
Philadelphia, Pennsylvania 19103

Re:     Notice of Director Nomination for the Special Meeting

Dear Ms. Jacobs and Mr. Putnam:

The group consisting of George E. Norcross, III, Philip A. Norcross, Gregory B. Braca and the Avery Conner Capital Trust (the "**Group**") are, collectively, the owners of approximately 9.8% of the outstanding shares of the common stock (the "**Common Stock**"), of Republic First Bancorp, Inc. (the "**Company**"). Reference is made to the Order issued on May 26, 2022 appointing a custodian to take control of the Company and the Order issued on May 26, 2022 appointing Alfred Putnam, Esq. as custodian of the Company (the "**Custodian**") from the action in the U.S. District Court for the Eastern District of Pennsylvania, captioned *Vernon W. Hill, II, et. al.* v. *Andrew B. Cohen, et al. and Republic First Bancorp Inc.*, Case No. 2:22-cv-01924-PD (E.D.P.A) (the "**Orders**"). Pursuant to the Orders, the Custodian must call and oversee a special meeting of shareholders of the Company to take place on or before July 10, 2022 (the "**Special Meeting**"), at which the shareholders of the Company shall elect a new director to replace the late Theodore J. Flocco, Jr.

Philip A. Norcross (the "**Shareholder**") hereby provides notice (the "**Notice**") of his nomination of Gregory B. Braca (the "**Nominee**") for election as a director to the board of directors of the Company (the "**Board**") at the Special Meeting in accordance with the Company's By-Laws. The address of each of the Nominee and the Shareholder is 350 Royal Palm Way, Suite 500, Palm Beach, Florida 33480. Certain additional information about the Nominee is set forth in Exhibit 1 hereto and incorporated herein by reference.

As of the date hereof, the Group collectively has beneficial ownership of 6,251,806 shares of Common Stock, which represents approximately 9.8% of the outstanding shares of Common Stock[1], of which George E. Norcross, III beneficially owns 674,572 shares, the Nominee beneficially owns 462,384 shares and the Shareholder beneficially owns 5,114,850 shares, including 4,687,540 shares beneficially owned by the Avery Conner Capital Trust, of which the Shareholder, Susan D. Hudson, Geoffrey B. Hudson and Rose M. Guide serve as trustees. The Shareholder is a holder of record of Common Stock and intends to appear in person or by proxy at the Special Meeting to nominate Gregory B. Braca as described in this Notice. Evidence of the Shareholder's record ownership as of June 21, 2022 is set forth in Exhibit 2 hereto. The Shareholder intends to continue to hold shares of the Common Stock on June 24, 2022, the record date for the Special Meeting (the "**Record Date**") and will be entitled to vote at the Special Meeting.

The Nominee has consented to being named as a nominee on a proxy statement and to serve as a director of the Company, if elected. The written consent of the Nominee is attached as Exhibit 3 hereto and incorporated herein by reference. In the event the Nominee is unable to stand for election at the Special Meeting, the Shareholder, in person or by proxy, intends to nominate a person in the place of such Nominee.

This Notice is delivered without prejudice to any other rights of the Shareholder, including in the event that the Orders are vacated in whole or in part. Should the Custodian announce an increase in the number of directors to be elected at the Special Meeting beyond one, the Shareholder may determine to promptly provide the names and required information with respect to such additional directors as the Shareholder will propose to nominate.

If the Custodian believes that this notice is in any way deficient, the Custodian should promptly call H. Rodgin Cohen (212-558-3534) or Mitchell S. Eitel (212-558-4960) of Sullivan & Cromwell LLP to notify them of the alleged deficiency so that they can arrange for the Shareholder to supplement and/or amend this notice as appropriate.

The execution and delivery of this Notice shall not constitute a waiver of the rights of the Shareholder to contest the validity of any nomination procedures or any determinations made with respect to this Notice.

*[Remainder of Page Intentionally Left Blank]*

---

[1] Based on the number of shares of Common Stock outstanding as of June 15, 2022, as reported in the Company's Information Statement filed with the Securities and Exchange Commission on June 17, 2022.

Case ID: 221102195

Very truly yours,

Philip A. Norcross

cc: H. Rodgin Cohen
Mitchell S. Eitel
(Sullivan & Cromwell LLP)

EXHIBIT 1

## Additional Information

### Business Experience

**Gregory B. Braca**, age 58, is the President and Chief Executive Officer of General American Capital, LLC, an investment holding company, a position he has held since January 31, 2022. Before his departure on January 28, 2022, Mr. Braca served as President and Chief Executive Officer of TD Bank US Holding Company, a bank holding company, and its subsidiaries TD Bank, N.A., a national bank ("TD Bank") and TD Bank USA, National Association, a national bank from June 2017 to December 2021. During his tenure as Chief Executive Officer of TD Bank, Mr. Braca was also a member of the board of directors. Mr. Braca also served as Group Head of U.S. Banking of Toronto-Dominion Bank, a banking and financial services company and the parent company of TD Bank ("TD Bank Group") and as a member of their management committee during this same period. Since joining Commerce Bank, N.A., a national bank ("Commerce Bank") and a predecessor to TD Bank, in 2002, Mr. Braca has held various positions, including Chief Operating Officer from November 2016 to June 2017, Head of Corporate and Specialty Banking from January 2012 to November 2016, a business he started, and Metro President of NY from June 2002 to January 2012 of TD Bank (and Commerce Bank, prior to its acquisition by TD Bank Group in 2008). In addition, Mr. Braca was a member of TD Bank's management committee from January 2012 to December 2021. Mr. Braca began his banking career in 1982 working at other leading financial institutions, including Citibank, N.A., Marine Midland Bank, a former New York bank, which was acquired by HSBC in 1980, and Barclays Bank of New York, N.A., as a Relationship Manager in 1989. Mr. Braca also spent 10 years from December 1992 to June 2002 at FleetBoston Bank, a Massachusetts-based bank, in several roles, including running the Healthcare Corporate Banking business as Senior Vice President/Team Leader New York from 1998 to 2002. In addition to serving as Chairman of the board of directors of the New York Bankers Association, a trade group, most recently from February 2020 to February 2022 and as a member of the board since 2015, Mr. Braca has been a member of various non-profit and community organization boards, including the Big Brothers Big Sisters of New York City from 2015 to present.

The Shareholder believes that Mr. Braca's experience as a senior executive and director at one of the top ten largest bank in the United States, time spent for the majority of his career in the New York, New Jersey and Pennsylvania markets, and his significant understanding of risk management, corporate governance and lending make him well qualified to serve on the board of directors of the Company.

### Arrangements

There are no arrangements or understandings between Mr. Braca and any other person pursuant to which he was selected as a nominee for director. If any designee or nominee of George E. Norcross, III, the Shareholder or Greg Braca (including Mr. Braca) is appointed to the Board, pursuant to an engagement letter entered into with Raymond James & Associates, Inc. (**"Raymond James"**) on February 15, 2022, George Norcross, the Shareholder and Mr. Braca

have agreed to pay Raymond James an advisory fee equal to $1,500,000, subject to adjustment and offset in certain circumstances.

## Material Proceedings

During the past ten years, Mr. Braca has not been involved in any event or proceeding described in Item 401(f) of Regulation S-K. Neither Mr. Braca nor any of his associates is a party adverse to the Company or any of its subsidiaries in any legal proceeding, or has a material interest adverse to the Company or any of its subsidiaries in any legal proceeding.

On May 17, 2022, George Norcross, the Shareholder and Mr. Braca withdrew all complaints filed against the Company in the Philadelphia Court of Common Pleas, which are summarized below.

On March 8, 2022, George Norcross, the Shareholder and Mr. Braca filed a complaint against the Company and Vernon Hill, Theodore J. Flocco, Jr., Brian Tierney and Barry Spevak (Messrs. Hill, Flocco, Tierney and Spevak are referred to collectively as the **"Individual Defendants"**), alleging that the Individual Defendants have engaged in and are engaging in inequitable conduct designed to curtail the fundamental voting rights of the Company's shareholders in violation of Pennsylvania law, in an effort to entrench defendant Vernon Hill. The complaint was subsequently amended on April 19, 2022 to seek the scheduling of the 2022 annual meeting of shareholders of the Company and the appointment of a custodian to break the Board deadlock.

On March 29, 2022, George Norcross filed a shareholder complaint against the Company seeking to make the Company's books and records available to Mr. Norcross for inspection.

## Family Relationships

There are no relationships by blood, marriage or adoption (not more remote than first cousin) between Mr. Braca and any other director or executive officer of the Company, or any person nominated or chosen to become a director or an executive officer of the Company.

## Director Independence

We believe Mr. Braca would qualify as, an "independent director" within the meaning of (i) applicable NASDAQ listing standards applicable to board composition, including Rule 5605(a)(2), and (ii) Section 301 of the Sarbanes-Oxley Act of 2002. Notwithstanding the foregoing, no director of a NASDAQ listed company qualifies as "independent" under the NASDAQ listing standards unless the board of directors affirmatively determines that such director is independent under such standards. Accordingly, if Mr. Braca is elected, the determination of Mr. Braca's independence under the NASDAQ listing standards ultimately rests with the judgment and discretion of the Board.

**EXHIBIT 2**

**Evidence of Record Ownership**



Robert W. Hoey, AWMA
Executive Vice President/Wealth Management
Branch Manager
direct 856.291.5002
rhoey@janney.com

June 21, 2022

Mr. Philip A. Norcross
130 Delancey St.
Philadelphia, PA 19106

Dear Mr. Norcross:

　　As set forth in the attached account statement, this will confirm that you are the record holder of 10,000 shares of Republic First Bancorp, Inc. (NASDAQ: FRBK) as of the date of the last quarterly statement ending March 31, 2022. This will further confirm that between the March 31, 2022 and the date of this letter there has been no activity in your account with respect to purchases and sales. You continue to maintain record ownership of 10,000 shares of FRBK.

　　If you need any further account information, please do not hesitate to contact us.

Sincerely,

Robert W. Hoey, AWMA®, AIF®
Executive Vice President- Wealth Management
Branch Manager

RWH:sdw

Enclosure

JANNEY MONTGOMERY SCOTT LLC
701 East Gate Drive, Suite 210
Mt. Laurel, NJ 08054
office 856.291.5000
toll-free 855.289.2168

WWW.JANNEY.COM　THE HIGHEST STANDARD OF SUCCESS IN FINANCIAL RELATIONSHIPS.　MEMBER: NYSE, FINRA, SIPC
SECURITIES AND INVESTMENT ADVISORY SERVICES OFFERED THROUGH JANNEY MONTGOMERY SCOTT LLC A REGISTERED INVESTMENT ADVISER.

Case ID: 221102195

**Janney** Janney Montgomery Scott llc
Member NYSE • FINRA • SIPC

PHILIP A NORCROSS

ACCOUNT NUMBER: ████5107

**PORTFOLIO DETAILS**

EQUITIES - STOCKS & OPTIONS

| Description | Symbol/ CUSIP | Quantity | Purchase Date | Cost Amount | Unit Cost | Current Price | Current Value | Unrealized Gain/(Loss) | Term | Accrued Interest | Est. Ann. Income | Est. Yield | % of Port. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| REPUBLIC FIRST BANCORP INC | FRBK | 10,000 | 01/16/21 | 34,893.18 | 3.4893 | 5.1600 | 51,600.00 | 16,706.82 | ST | | | | 100.0% |

Case ID: 221102195

ML23

Jun 10, 2022 02:10 PM EDT

**Janney**
Trusted Advisors for Generations

**Portfolio Holdings**
**Net - Investment Group**

**Prepared For:**

PHILIP A NORCROSS

ML23 HOEY ROBERT W/HOEY
ROBERT T

| Quantity | Name | Security | Open Date | Mkt Price | Unit Cost | Cost Amount | Value | Unrealized | % Gain Loss | Estimated Income | Curr Yield | % of Port |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Liquid Assets** | | | | | | | | | | | | |
| **Liquid Assets Summary** | | | | | | | | | | | | |
| **Equities** | | | | | | | | | | | | |
| 10,000 | REPUBLIC FIRST BANCORP INC | FRBK | 11/16/2021ᶜ | 4.3200 | 3.4893 | 34,893.18ᵃ | 43,200.00 | ■ | ■ | | | ■ |

Case ID: 221102195

**EXHIBIT 3**

**Consent of the Nominee**

     I hereby consent to being named in any proxy statement of Republic First Bancorp, Inc. (the "**Company**") as a nominee for election as a director of the Company at its 2022 special meeting of shareholders and to serve as a director of the Company if elected.

Name: Gregory Braca

Date:    June 21, 2022



*Filed and Attested by the
Office of Judicial Records
22 NOV 2022 02:39 pm
E. HAURIN*

# EXHIBIT 9




**Jeffrey P. Justman**
Partner
jeff.justman@faegredrinker.com
+1 612 766 7133 direct

Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
+1 612 766 7000 main
+1 612 766 1600 fax

## VIA EMAIL ONLY

June 8, 2022

Jeffrey R. Luther (lutherj@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

> **Re:** **June 3, 2022 Letter Regarding Demand To Inspect Books and Records of Republic First Bancorp, Inc.**

Dear Mr. Luther:

My colleague Alfred W. Putnam, in his role as court-appointed custodian for Republic First Bancorp, Inc. (the "Company") is in receipt of your letter dated June 3, 2022 on behalf of your client George E. Norcross, III which, in pertinent part, requests to inspect certain books and records of the Company (the "June 3 Letter"). Mr. Putnam is willing to make certain books and records of the Company available for inspection, subject to the limits of his appointment as custodian, and the following boundaries of Pennsylvania law.

First, in advance of any receipt of books and records, please indicate whether your firm and Mr. Norcross are willing to execute a reasonable confidentiality agreement that would protect the legitimate interests of the Company and its shareholders. If so, please circulate one for our review.

Second, please explain how Mr. Norcross satisfies the statutory definition of a "shareholder" entitled to inspect books and records. *See* 15 Pa. Const. Stat. Ann. § 1103 (defining a shareholder as a "record owner"). In that vein, the June 3 Letter indicates that Mr. Norcross is a "beneficial owner" of Company stock, but not a record owner. The Committee's Comment to 2014 amendments to this statute indicates that the "status of 'shareholder' is generally limited to record owners." If Mr. Norcross is not a "record owner" of Company stock, please either forward a similar request from the record owner, or propose an alternative procedure that would satisfy Pennsylvania law and treat Mr. Norcross as a record owner. *Cf.* Pa. Const. Stat. Ann. § 1763(c).

Case ID: 221102195

Third, while the Company is willing to make available certain books and records that are in its possession, custody, and control, it does not plan to make available documents in possession of others, including the Company's registrars, brokers, dealers, clearing agencies, voting trustees, ESOP trustee, or other third parties referenced in subparts (c) through (h) of the June 3 Letter.

Subject to your responses on these topics, Mr. Putnam will arrange with the Company to make available books and records in the Company's possession, custody, and control that are responsive to requests in the June 3 Letter. If you have questions or would like to discuss, please contact me or my colleague, Rick Coe.

Very truly yours,

Jeffrey P. Justman

CC:    Lisa Jacobs, Secretary of Republic First Bancorp, Inc.
       Rodgin H. Cohen, Esq.
       Mitchell S. Eitel, Esq.
       Rick Coe, Esq.
       Alfred W. Putnam, Esq.



*Filed and Attested by the
Office of Judicial Records
22 NOV 2022 02:39 pm
E. HAURIN*

# EXHIBIT 10

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

June 13, 2022

Alfred Putnam, Esq., Custodian of Republic First Bancorp, Inc.,
    Faegre Drinker Biddle & Reath LLP,
        One Logan Square,
            Suite 2000,
                Philadelphia, Pennsylvania 19103.

      Re:    Republic First Bancorp, Inc.— Demand for
              Shareholder List and Other Materials

Dear Mr. Putnam:

        Thank you for your response dated June 8, 2022 to the letter dated June 3, 2022 from our client, George E. Norcross, III, demanding that Republic First Bancorp, Inc. (the "Company") make available for inspection certain books and records of the Company.

        In response to your request, and without prejudice to Mr. Norcross's right as a shareholder to inspect books and records under Pennsylvania law, we have enclosed a similar shareholder request from our client, Philip A. Norcross, a record owner of shares of common stock, par value $0.01 per share, of the Company.

        In addition, we confirm that our client is willing to execute a reasonable confidentiality agreement that would protect the legitimate interests of the Company and its shareholders. We have attached a draft confidentiality agreement for your review and comment as Annex A hereto.

Case ID: 221102195

Alfred Putnam, Esq.                                                    -2-

Very truly yours,

Mitchell S. Eitel

(Enclosures)

Cc: Lisa Jacobs, Secretary of Republic First Bancorp, Inc.
    H. Rodgin Cohen, Esq., Sullivan & Cromwell LLP
    Adrian R. King, Jr., Esq.
    M. Norman Goldberger, Esq.
    (Ballard Spahr LLP)
    Rick Coe, Esq., Faegre Drinker Biddle & Reath LLP

Case ID: 221102195

June 13, 2022

Faegre Drinker Biddle & Reath LLP
One Logan Square
Suite 2000
Philadelphia, Pennsylvania 19103
Attn: Alfred Putnam, Custodian of Republic First Bancorp, Inc.

Via FedEx and email to alfred.putnam@faegredrinker.com

Board of Directors of Republic First Bancorp, Inc.
Two Liberty Place
50 South 16th Street, Suite 2400
Philadelphia, Pennsylvania 19102
Attn: Lisa Jacobs, Secretary of Republic First Bancorp, Inc.

Via FedEx and email to ljacobs@myrepublicbank.com

> Re:  Republic First Bancorp, Inc.— Demand for
>      Shareholder List and Other Materials

Dear Mr. Putnam:

Philip A. Norcross (the "Requesting Shareholder") submits this letter in his capacity as the record owner of 10,000 shares of common stock, par value $0.01 per share, of Republic First Bancorp, Inc., a Pennsylvania corporation (the "Company"). Attached as Exhibit A is documentary evidence of the Requesting Shareholder's record ownership of 10,000 shares of Company common stock as of June 13, 2022, and such documentary evidence is a true and correct copy of what it purports to be. The Requesting Shareholder continues to own the shares reflected on Exhibit A.

As previously communicated to the board of directors of the Company (the "Board"), the group consisting of the Requesting Shareholder, George E. Norcross, III, Gregory B. Braca and the Avery Conner Capital Trust intends to nominate Gregory B. Braca for election to the vacancy on the Board. In connection therewith and pursuant to Section 1508 of the Pennsylvania Business Corporation Law (the "BCL"), the Requesting Shareholder hereby demands the right, during the Company's usual hours for business no later than June 20, 2022 and continuing thereafter as he may determine is necessary, to inspect, copy and make extracts

Case ID: 221102195

from, the Company's share register and its other books and records, including the following information:

(a) As of the date hereof, a complete record or list of the holders of record of the outstanding shares of the Company's common stock, par value $0.01 per share, and the holders of record of the outstanding shares of the Company's preferred stock, par value $0.01 per share (including shares designated as "7.0% Perpetual Non-Cumulative, Convertible Preferred Stock, Series A") (collectively, the "Capital Stock"), certified by the Company or its transfer agent and registrar, showing in respect of each such holder (A) the name, last known business, residence or mailing address, and telephone number of each such holder; (B) the number of shares of Capital Stock held by each such holder; and (C) the account numbers of each such holder (such record or list, the "Shareholder List").

(b) Promptly following the date on which the record date of the special shareholders' meeting has been set, a revised Shareholder List as of the record date.

(c) A complete record or list of the participants to whom shares of Capital Stock are attributable under any employee stock ownership, stock purchase, stock option, retirement, restricted stock, incentive, profit sharing, dividend reinvestment or any similar plan of the Company in which voting of shares under the plan is controlled, directly or indirectly, individually or collectively, by such plan's participants, showing in respect of each such participant (i) the name, last known business, residence or mailing address, and telephone number of each such holder; (ii) the number of shares of Capital Stock attributable to each such participant in any such plan; and (iii) the name, business address and telephone number of the trustee or administrator of any such plan, and a detailed explanation of the voting treatment not only of shares of Capital Stock for which the trustee or administrator receives instructions from participants, but also shares of Capital Stock for which either they do not receive instructions or shares of Capital Stock which are outstanding in any such plan but are unallocated to any participant.

(d) All transfer journals and daily transfer sheets showing changes in the names, addresses and number of shares of holders of Capital Stock which are in or come into the possession or control of the Company or any of its transfer agents, registrars or proxy solicitors, or which can reasonably be obtained from brokers, dealers, banks, clearing agencies, voting trustees or their respective nominees.

(e) All information in or which comes into possession or control of the Company or any of its transfer agents, registrars or proxy solicitors, or which can reasonably be obtained from The Depository Trust Company ("DTC"), brokers, dealers, banks, clearing agencies, voting trustees or their respective nominee, concerning the names, addresses and number of shares of Capital Stock held by the participating brokers and banks named in the individual nominee names of Cede & Co., specifically with respect to Cede & Co., the DTC Daily Participant Lists (to be provided electronically daily), or other similar depositories or nominees, including respondent bank lists.

(f)     All information in or that comes into the Company's possession or control, or that can reasonably be obtained from brokers, dealers, banks, clearing agencies, voting trustees or their respective nominee, relating to the names of the beneficial owners of Capital Stock pursuant to Rule 14b-1(c) or Rule 14b-2(c) under the Securities Exchange Act of 1934, as amended, including a Non Objecting Beneficial Owners list.

(g)     All stop lists or stop transfer lists relating to any shares of Capital Stock.

(h)     In respect of all information referred to in paragraphs (a) through (g) above, (i) electronic media containing such information, (ii) the computer processing data necessary for the Requesting Shareholder to make use of such information on electronic media, and (iii) a hard copy printout of such information for verification purposes (all information and materials referred to in paragraphs (a) through (h), collectively, the "Requested Materials").

The Requesting Shareholder demands that all Requested Materials be made available to the Requesting Shareholder or his designees, as of the most recent date available, no later than June 20, 2022.

The purpose of this demand is to enable the Requesting Shareholder (including as part of his group) to communicate with fellow shareholders of the Company on matters relating to their mutual interests as shareholders.

The Requesting Shareholder has designated and authorized, as his agents to conduct the inspection and copying of the Requested Materials requested herein, Ballard Spahr LLP, Sullivan & Cromwell LLP and their respective partners, associates, employees and other persons designated by them, and acting together, singly or in combination. A copy of the power-of-attorney granted to such designees is attached hereto as Exhibit B.

The Requesting Shareholder will bear the reasonable costs incurred by the Company in producing the records requested upon presentment of appropriate documentation of such costs.

Pursuant to Section 1508 of the BCL, the Company, or any officer or agent thereof, is required to reply to this demand within five business days of the date hereof. Accordingly, please advise the Requesting Shareholder's counsel at Ballard Spahr LLP, Adrian R. King, Jr., Esq., at (215) 864-8622, as promptly as practicable within the requisite timeframe, when and where the Requested Materials will be made available to the Requesting Shareholder or his designees. If you or the Company contend that this demand is incomplete or is otherwise deficient in any respect, please notify the Requesting Shareholder immediately in writing, with a copy to Adrian R. King, Jr., Esq., Ballard Spahr LLP, 1735 Market Street, 51st Floor, Philadelphia, PA 19103, telephone number (215) 864-8622, facsimile number (215) 864-8999, and email kinga@ballardspahr.com, setting forth the facts or law that you or the Company

contend support such position and specifying any additional information believed to be required. In the absence of such prompt notice, the Requesting Shareholder will assume that you and the Company agree that this demand complies in all respects with the requirements of the BCL.

*[Remainder of page intentionally left blank]*

The Shareholder affirms the foregoing statements to be true under penalty of perjury under the laws of the United States.

Very truly yours,

Name: Philip A. Norcross

cc: Adrian R. King, Jr., Esq.
M. Norman Goldberger, Esq. (GoldbergerM@ballardspahr.com)
(Ballard Spahr LLP)

STATE OF NEW JERSEY
COUNTY OF CAMDEN

I, Philip A. Norcross, am the record owner of 10,000 shares of common stock, par value $0.01 per share, of Republic First Bancorp, Inc., a Pennsylvania corporation. The facts, statements and representations contained in the foregoing demand are true and correct under penalty of perjury to the best of my knowledge and belief.

Philip A. Norcross

SWORN TO AND SUBSCRIBED before me this _13_ day of June, 2022.

Notary Public
My Commission Expires

ANITA M MENSAH
NOTARY PUBLIC
STATE OF NEW JERSEY
ID # 50138207
MY COMMISSION EXPIRES

ANITA M MENSAH
NOTARY PUBLIC
STATE OF NEW JERSEY
ID # 50138207
MY COMMISSION EXPIRES SEPT. 22, 2025

Case ID: 221102195

**EXHIBIT A**

**Evidence of Record Ownership**



**Trusted Advisors for Generations**

June 13, 2022

Mr. Philip A. Norcross
130 Delancey St.
Philadelphia, PA 19106

Dear Mr. Norcross:

As set forth in the attached account statement, this will confirm that you are the record holder of 10,000 shares of Republic First Bancorp, Inc. (NASDAQ: FRBK) as of the date of the last quarterly statement ending March 31, 2022. This will further confirm that between the March 31, 2022 and the date of this letter there has been no activity in your account with respect to purchases and sales. You continue to maintain record ownership of 10,000 shares of FRBK.

If you need any further account information, please do not hesitate to contact us.

Sincerely,

Robert W. Hoey, AWMA®, AIF®
Executive Vice President- Wealth Management
Branch Manager

RWH:sdw

Enclosure

JANNEY MONTGOMERY SCOTT LLC
701 East Gate Drive, Suite 210
Mt. Laurel, NJ 08054
office 856.291.5000
toll-free 855.289.2168
fax 856.235.9584

Case ID: 221102195



**Janney** Janney Montgomery Scott LLC
Member NYSE • FINRA • SIPC

## Client Account Summary
### February 1 - March 31, 2022
Page 2 of 2

PHILIP A NORCROSS      **ACCOUNT NUMBER:** ▮5107

**PORTFOLIO DETAILS**

**EQUITIES - STOCKS & OPTIONS**

| Description | Symbol/ CUSIP | Quantity | Purchase Date | Cost Amount | Unit Cost | Current Price | Current Value | Unrealized Gain(Loss) | Term | Accrued Interest | Est. Ann. Income | Est. Yield | % of Port. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| REPUBLIC FIRST BANCORP INC | FRBK | 10,000 | 11/16/21 | 34,893.18 | 3.4893 | 5.1600 | 51,600.00 | 16,706.82 | ST | | | | 100.0% |

Jun 10, 2022 02:10 PM EDT



Janney
Trusted Advisors for Generations

**Portfolio Holdings**
**Net - Investment Group**

*Prepared For:*

PHILIP A NORCROSS

ML23 HOEY ROBERT W/HOEY
ROBERT T

| Quantity | Name | Security | Open Date | Mkt Price | Unit Cost | Cost Amount | Value | Unrealized | % Gain Loss | Estimated Income | Curr Yield | % of Port |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Liquid Assets** | | | | | | | | | | | | |
| **Liquid Assets Summary** | | | | | | | | | | | | |
| **Equities** | | | | | | | | | | | | |
| 10,000 | REPUBLIC FIRST BANCORP INC | FRBK | 11/16/2021ᶜ | 4.3200 | 3.4893 | 34,893.18ᴴ | 43,200.00 | ■ | ■ | | ■ | ■ |

Case ID: 221102195

**EXHIBIT B**

**Power of Attorney**

## POWER OF ATTORNEY

KNOW ALL PERSONS that Philip A. Norcross, on June 13, 2022, does hereby make, constitute and appoint Ballard Spahr LLP and Sullivan & Cromwell LLP and their respective partners, associates, employees and other persons designated by Ballard Spahr LLP and Sullivan & Cromwell LLP, as his true and lawful attorneys-in-fact and agents for him in his name, place and stead, giving and granting unto said attorneys and agents full power and authority to act on his behalf, as a shareholder of Republic First Bancorp, Inc., a Pennsylvania corporation (the "Company"), to seek the production, and to engage in the inspection, and to make copies and extracts from, records and documents of every kind and description, including all Requested Materials (as such term is defined in such letter) that Philip A. Norcross demanded pursuant to Section 1508 of the Pennsylvania Business Corporation Law by letter dated June 13, 2022.

Philip A. Norcross reserves all rights on his part to do any act that said attorneys and agents hereby are authorized to do or perform. This Power of Attorney may be terminated by Philip A. Norcross or said attorneys and agents by written notice to the other.

Name: Philip A. Norcross

**ANNEX A**

**Form of Confidentiality Agreement**

Case ID: 221102195

# CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement (this "Agreement") is entered into as of this

___ day of June 2022 by and between Republic First Bancorp, Inc. ("Republic First")

and Philip A. Norcross (the "Recipient"). Republic First and the Recipient are

sometimes together herein called the "Parties" and individually a "Party."

## RECITALS:

A.     Republic First is a Pennsylvania business corporation;

B.     The Recipient is a record shareholder of Republic First;

C.     The Recipient has made a demand pursuant to 15 Pa. C.S. §1508 to review

certain books and records of Republic First (the "Books and Records Demand");

D.     The Books and Records Demand seeks access to certain Confidential

Information (as defined below);

E.     Republic First is willing to disclose to the Recipient certain

Confidential Information pursuant to the terms of this Agreement.

NOW THEREFORE, in consideration of the foregoing, and for other good and

valuable consideration, the receipt and adequacy of which are hereby acknowledged,

the Parties agree as follows:

1.     Definitions. In addition to the terms defined in the recital

paragraphs above, each of the following terms used in this Agreement has its

respective meaning specified below.

(a)     "Confidential Information" means any and all information,

in any form or medium provided to the Recipient in response to the "Books and Records

1

Case ID: 221102195

Demand," including shareholder lists, financial statements and projections, books of account and other financial records, business plans, and information about Republic First's products, markets, customers, suppliers, assets, liabilities, and prospects, all of which Republic First asserts are highly confidential; provided, however, that "Confidential Information" does not include information which (i) is or becomes available to the public generally (other than as a result of disclosure by the Recipient or one of his Representatives in violation of this Agreement); and (ii) becomes available to the Recipient on a non-confidential basis from a source other than Republic First or one of its Representatives, provided that such source is not, to the knowledge of the Recipient after reasonable inquiry, bound by a confidentiality agreement with or other contractual, legal, or fiduciary obligation of confidentiality to Republic First or any other person with respect to such information; and provided further, that nothing contained in this Agreement shall prevent Recipient from using any shareholder list to communicate with shareholders of Republic First; provided, further, that such communication shall not otherwise violate any terms of this Agreement.

(b)    "Representatives" when used with reference to a Party means officers, directors, attorneys, accountants, consultants, bankers, proxy solicitors and financial advisors of the Party.

2.    Confidential Information. Recipient acknowledges and agrees that the use and disclosure of any and all Confidential Information, whether provided before or after execution of this Agreement, by the Recipient is governed by this Agreement. As a condition to the furnishing of the Confidential Information to the Recipient, the Recipient agrees, and shall direct his Representatives, to treat the Confidential

2

Case ID: 221102195

Information in accordance with the provisions of this Agreement and to otherwise comply with the terms of this Agreement. The Recipient acknowledges and agrees that disclosure of any Confidential Information would result in damage to Republic First that may be substantial, irreparable and extremely difficult to quantify.

3.    <u>Use and Non-Disclosure of Confidential Information.</u>

The Recipient and his Representatives shall (i) use the Confidential Information solely, and as limited by applicable law, for the purposes set forth in the Books and Records Demand, including but not limited to, communicating with fellow shareholders of Republic First on matters relating to their mutual interests as shareholders (the "Permitted Purpose"), (ii) use, protect, and maintain the Confidential Information in accordance with applicable law, and (iii) keep the Confidential Information confidential, and neither the Recipient nor any of his Representatives will disclose any of the Confidential Information in any manner whatsoever to anyone other than as permitted by this Agreement. Notwithstanding the foregoing, the Recipient may disclose the Confidential Information only on a strict need-to-know basis: (A) to such of his Representatives who need such information for the sole purpose of assisting the Recipient with evaluating the Confidential Information for the Permitted Purpose (it being understood that such Representatives shall be informed by the Recipient of the confidential nature of such information and shall be directed by the Recipient to treat such Confidential Information as confidential); and (B) in all other cases, only if and to the extent that Republic First in its sole discretion provides prior written consent to such disclosure.

3

(b)     The Recipient will be fully responsible for any breach of the provisions of this Agreement by any of his Representatives as if they were parties hereto and the Recipient agrees to take all necessary measures to safeguard and protect the confidentiality of the Confidential Information.

4.     Privileged Information. If information subject to a claim of attorney-client privilege, the work product doctrine or any other applicable privilege or protection is provided to the Recipient or his Representatives, such production shall in no way prejudice or otherwise constitute a waiver of any claim of attorney-client privilege, work product or other privilege or protection. The Recipient and such Representatives (i) shall promptly return the information to Republic First upon being notified of such production by Republic First or Republic First's counsel; (ii) shall promptly certify in writing that the Recipient and such Representatives have destroyed all copies of the information and any summaries, notes, or other written records containing all or portions of such information; and (iii) shall not use such information for any purpose. Should the Recipient thereafter seek to compel the production of such information, the Recipient shall not assert that Republic First's prior production of such information is a ground for compelling Republic First to produce such information or any other information to the Recipient or any other person.

5.     Return of Confidential Information. Upon Republic First's request, the Recipient shall (i) return all originals and copies of Confidential Information or (ii) destroy all originals and copies of the Confidential Information including, but not limited to, memoranda, notes, photographs, and other data prepared by the Recipient or his Representatives on the Confidential Information (in the case of Confidential

4

Case ID: 221102195

Information stored in any electronic form, by use of reasonable best efforts to permanently delete or remove all such Confidential Information). Such return or destruction by the Recipient must take place promptly, but in no event later than five (5) business days following the original request by Republic First for return or destruction of such Confidential Information. Within one (1) business day of such return or destruction, the Recipient shall deliver to Republic First confirmation and certification in writing that all such Confidential Information has been destroyed or returned. The Recipient and his Representatives may retain any Confidential Information to the extent necessary to comply with applicable law or regulation or any bona-fide, document retention policies or electronic backup and archival procedures. Notwithstanding the foregoing, the Recipient and his Representatives will continue to be bound by their obligations of confidentiality hereunder.

      6.   <u>Remedies</u>. Republic First's remedies at law for any breach of this Agreement would be inadequate. Therefore, the Recipient agrees that with respect to any breach, or threatened breach, Republic First will be entitled to all available equitable relief, including, but not limited to, specific performance, temporary restraining order, and temporary or permanent injunction, without posting of any bond, in addition to any other remedy to which Republic First may be entitled to at law or in equity. If any action, suit or proceeding is initiated by Republic First to enforce the provisions hereof, and Republic First is the prevailing party in such action, suit or proceeding, then Republic First shall be entitled to reimbursement of all costs and expenses, including attorneys' fees, incurred by Republic First in connection therewith.

5

7.     Waivers and Amendments. No failure or delay by any Party in exercising any right, power, or privilege hereunder shall operate as a wavier thereof, nor shall any single or partial exercise thereof preclude any other or future exercise thereof or the exercise of any other right, power, or privilege hereunder. No alteration, waiver, amendment, change or supplement hereto shall be binding or effective unless the same is set forth in writing signed by a duly authorized representative of each Party.

8.     Choice of Law/Consent to Jurisdiction. The validity, interpretation, performance, and enforcement of this Agreement shall be governed by the laws of the Commonwealth of Pennsylvania without regard to the conflicts of laws principles thereof. Each Party hereby irrevocably and unconditionally consents to submit itself to the exclusive personal jurisdiction and venue of the federal and state courts in the Commonwealth of Pennsylvania for any action, suit, or proceeding arising out of or related to this Agreement.

9.     Severability. If any provision or portion of this Agreement should be determined by any court or agency of competent jurisdiction to be invalid, illegal, or unreasonable, in whole or in part in any jurisdiction, and such determination should become final, such provision or portion shall be deemed to be severed in such jurisdiction, but only to the extent required to render the remaining provisions and portions of this Agreement enforceable, and this Agreement as thus amended shall be enforced in such jurisdiction to give effect to the intention of the Parties insofar as that is possible, and further, this Agreement shall continue without amendment in full force and effect in all other jurisdictions. In the event of any such determination, the Parties shall

Case ID: 221102195

negotiate in good faith to modify this Agreement to fulfill as closely as possible the original intents and purposes hereof.

10. <u>Successors and Assigns</u>. The benefits of this Agreement shall inure to the respective successors and assigns of the Parties, and the obligations and liabilities assumed in this Agreement by the Parties shall be binding upon their respective successors and assigns.

11. <u>Headings</u>. The headings to the Sections and subsections herein are for identification purposes only and are not to be construed as part of this Agreement.

12. <u>Entire Agreement</u>. This Agreement embodies the entire and sole agreement and understanding of the Parties hereto and supersedes any and all prior arrangements, agreements, understandings, negotiations and discussions, whether oral or written, in relation to the matters provided for herein.

IN WITNESS WHEREOF, the Parties hereto have executed or caused this Confidentiality Agreement to be executed by their duly authorized officers as of the day and year first written above.

Republic First Bancorp, Inc.

By:_____
Name:
Title:

Philip A. Norcross

_____

7



*Filed and Attested by the
Office of Judicial Records
22 NOV 2022 02:39 pm
E. HAURIN*

# EXHIBIT 11

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**Washington, D.C. 20549**

## Schedule 14A Information

**Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934**
**(Amendment No. )**

Filed by the Registrant ☒
Filed by a party other than the Registrant ☐
Check the appropriate box:
☐ Preliminary Proxy Statement
☐ Confidential, for Use of the Commission Only (as permitted by Rule 14a-6(e)(2))
☐ Definitive Proxy Statement
☐ Definitive Additional Materials
☒ Soliciting Material under §240.14a-12

# REPUBLIC FIRST BANCORP, INC.

(Name of Registrant as Specified In Its Charter)

(Name of Person(s) Filing Proxy Statement, if other than the Registrant)

Payment of Filing Fee (Check all boxes that apply):
☒ No fee required
☐ Fee paid previously with preliminary materials
☐ Fee computed on table in exhibit required by Item 25(b) per Exchange Act Rules 14a-6(i)(1) and 0-11.

Case ID: 221102195

# Republic First Bancorp Appoints Benjamin C. Duster, IV to Board of Directors

*Third Circuit Court of Appeals Overturns Lower Court Decision to Appoint Custodian to Oversee Company; Rules that Majority of In-Office Directors "Shall" Fill the Board Vacancy*
*CEO Vernon W. Hill Resigns*
*Special Meeting of Shareholders to Be Cancelled*

PHILADELPHIA--(BUSINESS WIRE)--Republic First Bancorp, Inc. (NASDAQ: FRBK) (the "Company") today announced that yesterday, Benjamin C. Duster, IV was appointed as an independent member of the Board of Directors (the "Board"), effective immediately.

Mr. Duster's appointment follows the United States Court of Appeals for the Third Circuit (the "Third Circuit") reversing the decision of the United States District Court for the Eastern District of Pennsylvania, which appointed a custodian to oversee the Company. The Third Circuit concluded that it is the responsibility of the Board to govern the Company and that the four directors who are not aligned with Chief Executive Officer Vernon W. Hill III (the so-called "Madonna Directors") "were and are entitled to fill the vacancy" that resulted from the death of former director Theodore J. Flocco. As the Third Circuit explained, "[b]ecause the Madonna Directors make up a majority of the directors in office, they *shall* fill the vacancy."

Harris Wildstein, Chairman of the Nominating and Governance Committee of the Board, said, "We are pleased that the Third Circuit recognizes the role of the current Board in overseeing the affairs of Republic First, and that four directors acting together can fill the vacant Board seat. That is what we did last night."

Mr. Duster is a veteran independent public company director and a former investment banker. He currently serves as Chairman of the Audit Committee of the Board of Directors of Chesapeake Energy Corporation, where he is one of that Audit Committee's financial experts, the Chairman of the Compensation Committee of the Board of Directors of Weatherford International, Inc., and a member of the Board of Directors of Diamond Offshore Drilling, Inc.

Mr. Wildstein continued, "To attract a professional of Ben's caliber to the Board is a true testament to the strong potential he sees in the bank's future. Ben's extensive knowledge of public company governance and M&A processes as well as his financial expertise and business and legal background will be welcomed in the boardroom. His addition further enhances the Board's mandate to responsibly manage the bank, while bringing fresh perspectives and objectivity to our most important duty as a Company: driving long-term value for our shareholders."

Mr. Duster added, "I look forward to working collaboratively with the incumbent directors to position the bank for long-term success by adding my independent views to the boardroom discussion."

The Company also announced today that Vernon W. Hill, III has submitted his resignation as CEO after claiming the Company breached his employment agreement. His resignation is effective August 8, 2022. The Board is evaluating candidates to serve as Interim CEO and will formally announce an appointment in due course.

As a result of the Third Circuit's ruling and Mr. Duster's filling the Board vacancy, the Company's Special Meeting of Shareholders will be cancelled. The Company will announce the date and agenda for its 2022 Annual Meeting of Shareholders as soon as practicable.

Case ID: 221102195

**About Ben Duster**

Benjamin C. Duster, IV is Founder and CEO of Cormorant IV Corporation, LLC, a consulting firm specializing in operational turnarounds and organizational transformations. Mr. Duster previously served as CEO of the CenterLight Health System, a New York based diversified managed care and assisted living services organization. Mr. Duster serves as a member of the Board of Directors, and Chairman of the Audit Committee, of Chesapeake Energy Corporation (Nasdaq: CHK), as a member of the Board of Directors, and Chairman of the Compensation Committee, of Weatherford International, plc. (Nasdaq: WFRD), and as a member of the Board of Directors of Diamond Offshore Drilling, Inc. (Nasdaq: DO). Mr. Duster's extensive experience also includes service on the boards of Alaska Communications Systems Group, Inc. (Nasdaq: ALSK), Netia, S.A. (Warsaw Stock Exchange: NET), RCN Corporation (Nasdaq: RCN), and Multi-Fineline Electronics (Nasdaq: MFLX), among others. Mr. Duster is a 30-year veteran of Wall Street with extensive experience in M&A and Strategic Advisory Services in both developed and emerging markets. He earned a B.A. in Economics, with honors, from Yale University, a J.D. from Harvard Law School, and an M.B.A. from Harvard Business School.

**About Republic Bank**

Republic Bank is the operating name for Republic First Bank. Republic First Bank is a full-service, state-chartered commercial bank, whose deposits are insured up to the applicable limits by the Federal Deposit Insurance Corporation (FDIC). The Bank provides diversified financial products through its 34 offices located in Atlantic, Burlington, Camden and Gloucester Counties in New Jersey; Bucks, Delaware, Montgomery and Philadelphia Counties in Pennsylvania and New York County in New York. The bank also offers a wide range of residential mortgage products through its mortgage division, Oak Mortgage Company. For more information about Republic Bank, please visit www.myrepublicbank.com.

**Forward Looking Statements**

Republic First Bancorp, Inc. ("the Company") may from time to time make written or oral "forward-looking statements", including statements contained in this release and in the Company's filings with the Securities and Exchange Commission. These forward-looking statements include statements with respect to the Company's beliefs, plans, objectives, goals, expectations, anticipations, estimates, and intentions that are subject to significant risks and uncertainties and are subject to change based on various factors, many of which are beyond the Company's control. These factors include competition, timing, credit risks of lending activities, changes in general economic conditions, price pressures on loan and deposit products, and other factors detailed from time to time in the Company's filings with the Securities and Exchange Commission. The words "may", "could", "should", "would", "believe", "anticipate", "estimate", "expect", "intend", "plan", and similar expressions are intended to identify forward-looking statements. All such statements are made in good faith by the Company pursuant to the "safe harbor" provisions of the Private Securities Litigation Reform Act of 1995. The Company does not undertake to update any forward-looking statement, whether written or oral, that may be made from time to time by or on behalf of the Company, except as may be required by applicable law or regulations.

Case ID: 221102195

**Important Additional Information**

The Company intends to file a proxy statement and may file a proxy card with the Securities and Exchange Commission (the "SEC") in connection with the Company's 2022 Annual Meeting of Shareholders (the "2022 Annual Meeting") and, in connection therewith, the Company, certain of its directors and executive officers will be participants in the solicitation of proxies from the Company's shareholders in connection with such meeting. SHAREHOLDERS OF THE COMPANY ARE STRONGLY ENCOURAGED TO READ SUCH PROXY STATEMENT, ACCOMPANYING PROXY CARD AND ALL OTHER DOCUMENTS FILED WITH THE SEC CAREFULLY AND IN THEIR ENTIRETY WHEN THEY BECOME AVAILABLE AS THEY WILL CONTAIN IMPORTANT INFORMATION ABOUT THE 2022 ANNUAL MEETING. The Company's definitive proxy statement for the 2021 annual meeting of shareholders contains information regarding the direct and indirect interests, by security holdings or otherwise, of the Company's directors and executive officers in the Company's securities. Information regarding subsequent changes to their holdings of the Company's securities can be found in the SEC filings on Forms 3, 4, and 5, which are available on the Company's website at http://investors.myrepublicbank.com/ or through the SEC's website at www.sec.gov. Information can also be found in the Company's Annual Report on Form 10-K for the year ended December 31, 2020 on file with the SEC. Updated information regarding the identity of potential participants, and their direct or indirect interests, by security holdings or otherwise, will be set forth in the definitive proxy statement and other materials to be filed with the SEC in connection with the 2022 Annual Meeting. Shareholders will be able to obtain the definitive proxy statement, any amendments or supplements to the proxy statement and other documents filed by the Company with the SEC at no charge at the SEC's website at www.sec.gov. Copies will also be available at no charge at the Company's website at http://investors.myrepublicbank.com.

Contacts

Gasthalter & Co.

Jonathan Gasthalter/Amanda Shpiner

(212) 257-4170

Case ID: 221102195



Filed and Attested by the
Office of Judicial Records
22 NOV 2022 02:39 pm
E. HAURIN

# EXHIBIT 12

Case ID: 221102195

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**Washington, D.C. 20549**

**FORM 10-K**

(Mark One)

☒  Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the fiscal year ended December 31, 2021.

or

☐  Transition Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the transition period from ___ to ___.

Commission File Number: **000-17007**

**REPUBLIC FIRST BANCORP, INC.**
(Exact name of registrant as specified in its charter)

| **Pennsylvania** | **23-2486815** |
|---|---|
| (State or other jurisdiction of incorporation or organization) | (I.R.S. Employer Identification No.) |

| **50 South 16th Street, Philadelphia, Pennsylvania** | **19102** |
|---|---|
| (Address of principal executive offices) | (Zip code) |

Registrant's telephone number, including area code 215-735-4422

Securities registered pursuant to Section 12(b) of the Act:

| Title of each class | Trading Symbol(s) | Name of each exchange on which registered |
|---|---|---|
| Common Stock | FRBK | Nasdaq Global Market |

Securities registered pursuant to Section 12(g) of the Act: None

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act. Yes ☐ No ☒

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act. Yes ☐ No ☒

Indicate by check mark whether the registrant: (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports) and (2) has been subject to such filing requirements for the past 90 days. Yes ☐ No ☒

Indicate by check mark whether the registrant has submitted electronically every Interactive Data File required to be submitted pursuant to Rule 405 of Regulation S-T (§232.405 of this chapter) during the preceding 12 months. Yes ☒ No ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, smaller reporting company, or an emerging growth company. See the definitions of "large accelerated filer," "accelerated filer," "smaller reporting company," and "emerging growth company" in Rule 12b-2 of the Exchange Act.

| | |
|---|---|
| Large accelerated filer ☐ | Accelerated filer ☒ |
| Non-Accelerated filer ☐ | Smaller reporting company ☒ |
| Emerging growth company ☐ | |

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act. ☐

Indicate by check mark whether the registrant has filed a report on and attestation to its management's assessment of the effectiveness of its internal control over financial reporting under Section 404(b) of the Sarbanes-Oxley Act (15 U.S.C. 7262(b)) by the registered public accounting firm that prepared or issued its audit report. ☒

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act). Yes ☐ No ☒

The aggregate market value of the voting and non-voting common equity held by non-affiliates was $212,546,594 based on the last sale price on Nasdaq Global Market on June 30, 2021.

Case ID: 221102195

Indicate the number of shares outstanding of each of the registrant's classes of common stock, as of the latest practicable date.

| **Common Stock, par value $0.01 per share** | **63,787,064** |
| Title of Class | Number of Shares Outstanding as of October 18, 2022 |

**DOCUMENTS INCORPORATED BY REFERENCE**

None

Case ID: 221102195

REPUBLIC FIRST BANCORP, INC. AND SUBSIDIARY
TABLE OF CONTENTS

**PART I:**                                                                                                                 **PAGE**

Item 1.        Business                                                                                                        1

Item 1A.       Risk Factors                                                                                                   12

Item 1B.       Unresolved Staff Comments                                                                                      25

Item 2.        Properties                                                                                                     25

Item 3.        Legal Proceedings                                                                                             25

Item 4.        Mine Safety Disclosures                                                                                        26

**PART II:**

Item 5.        Market for Registrant's Common Equity, Related Stockholder Matters and Issuer Purchases of Equity Securities    26

Item 6.        [Reserved]                                                                                                    27

Item 7.        Management's Discussion and Analysis of Financial Condition and Results of Operations                         27

Item 7A.       Quantitative and Qualitative Disclosures About Market Risk                                                    71

Item 8.        Financial Statements and Supplementary Data                                                                   71

Item 9.        Changes in and Disagreements with Accountants on Accounting and Financial Disclosure                        139

Item 9A.       Controls and Procedures                                                                                      139

Item 9B.       Other Information                                                                                            140

Item 9C.       Disclosure Regarding Foreign Jurisdictions that Prevent Inspections                                         140

**PART III:**

Item 10.       Directors, Executive Officers and Corporate Governance                                                      141

Item 11.       Executive Compensation                                                                                      145

Item 12.       Security Ownership of Certain Beneficial Owners and Management and Related Stockholder Matters              156

Item 13.       Certain Relationships and Related Transactions, and Directors Independence                                  157

Item 14.       Principal Accounting Fees and Services                                                                      159

**PART IV:**

Item 15.       Exhibits, Financial Statement Schedules                                                                     160

Item 16.       Form 10-K Summary                                                                                           164

**Signatures**                                                                                                             165

ii

Case ID: 221102195

# PART I

## Item 1: Business

Throughout this Annual Report on Form 10-K, the registrant, Republic First Bancorp, Inc., is referred to as the "Company" or as "we," "our" or "us". The Company's website address is www.myrepublicbank.com. The information on this website is not and should not be considered part of this Form 10-K and is not incorporated by reference in this Form 10-K. This website is, and is only intended to be, for reference purposes only. The Company makes available free of charge on or through its website its Annual Report on Form 10-K, quarterly reports on Form 10-Q and current reports on Form 8-K, and amendments to those reports filed or furnished pursuant to Section 13(a) or 15(d) of the Securities Exchange Act of 1934, as amended (the "Exchange Act") as soon as reasonably practicable after the Company electronically files such material with, or furnishes it to, the Securities and Exchange Commission (the "SEC"). The Company's SEC filings are also available through the SEC's website at www.sec.gov.

## Forward Looking Statements

This document contains "forward-looking statements," as that term is defined in the U.S. Private Securities Litigation Reform Act of 1995. Forward-looking statements, which are statements other than statements of historical fact, can be identified by words such as "believes," "expects," "anticipates," "plans," "estimates," "projects," "forecasts," "should," "could," "would," "will," "confident," "may," "can," "potential," "possible," "proposed," "target," "pursue," "outlook," "maintain," or similar expressions, or when we discuss our guidance, strategy, goals, vision, mission, opportunities, projections or intentions.

Forward-looking statements are subject to certain risks and uncertainties that could cause actual results to differ materially from those projected in the forward-looking statements. For example, and in addition to the "Risk Factors" discussed elsewhere in this Form 10-K or included in other documents that we file with the SEC from time to time, risks or uncertainties can arise with changes in or related to:

- deterioration in general economic conditions;

- the effects of inflation and changes in interest rates;

- changes in customer behavior, including consumer spending, borrowing and savings habits;

- changes in the adequacy of our allowance for credit losses and our methodology for determining such allowance;

- adverse changes in our loan portfolio and credit risk-related losses and expenses;

- changes in concentrations within our loan portfolio, including our exposure to commercial real estate loans, and to our primary service area;

- our ability to identify, negotiate, secure and develop new store locations and renew, modify, or terminate leases or dispose of properties for existing store locations effectively;

- business conditions in the financial services industry, including competitive pressure among financial services companies, new service and product offerings by competitors, price pressures and similar items;

- changes in deposit flows and loan demand;

- the regulatory environment, including evolving banking industry standards, changes in legislation or regulation;

- our securities portfolio and the valuation of our securities;

- changes in accounting principles, policies and guidelines as well as estimates and assumptions used in the preparation of our financial statements;

1

Case ID: 221102195

**Item 12: Security Ownership of Certain Beneficial Owners and Management and Related Stockholder Matters**

**Security Ownership of Certain Beneficial Owners and Management**

The following table sets forth, as of October 25, 2022, information with respect to the holdings of Company voting securities of all persons which the Company, pursuant to filings with the SEC and the Company's stock transfer records, has reason to believe may be beneficial owners of more than five percent (5%) of the outstanding Common Stock, each current director or director nominee, each executive officer, and all of the Company's directors, director nominees, and executive officers as a group.

| Name of Beneficial Owner or Identity of Group (1) | Number of Shares Beneficially Owned (2) | Percentage of Ownership (2) |
|---|---|---|
| **Current Directors and Director Nominees** | | |
| Peter B. Bartholow | 6,000 | * |
| Andrew B. Cohen | 95,500 (3) | * |
| Benjamin C. Duster | - | - |
| Lisa R. Jacobs | 100,433 (4) | * |
| Harry D. Madonna | 669,000 (5) | 1.0% |
| Harris Wildstein | 867,963 (6) | 1.4% |
| **Named Executive Officers Who are not Directors** | | |
| Frank A. Cavallaro | 190,065 (7) | * |
| Andrew J. Logue | 241,395 (8) | * |
| Jay Neilon | 203,000 (9) | * |
| Tracie A. Young | 141,062 (10) | * |
| All directors and executive officers as a group (9 persons) | 2,508,418 | 3.8% |
| **5% Percent Beneficial Shareholders** | | |
| Blackrock, Inc. | 8,215,741 (11) | 12.9% |
| Vernon W. Hill, II | 6,422,864 (12) | 9.97% |
| George E. Norcross | 6,311,618 (13) | 9.9% |
| Camden Asset Management, LP | 6,499,974 (14) | 9.2% |
| CPV Republic Investment, LLC | 5,442,570 (15) | 8.5% |

\* Represents beneficial ownership of less than 1%.

(1)  Unless otherwise indicated, the address of each beneficial owner is c/o Republic First Bancorp, Inc., Two Liberty Place, 50 S. 16th Street, Suite 2400, Philadelphia, PA 19102. The group of directors and executive officers was determined as of October 25, 2022.

(2)  The securities "beneficially owned" by an individual are determined in accordance with the definition of "beneficial ownership" set forth in Rule 13d-3 under the Exchange Act of 1934. Any person who, directly or indirectly, through any contract, arrangement, understanding, relationship, or otherwise has or shares: (i) voting power, which includes the power to vote, or to direct the voting of, common stock; and/or, (ii) investment power, which includes the power to dispose, or to direct the disposition, of common stock, is determined to be a beneficial owner of the common stock. All shares are subject to the named person's sole voting and investment power unless otherwise indicated. Shares beneficially owned include shares issuable upon exercise of options which are currently exercisable or which will be exercisable within 60 days of October 25, 2022. Shares beneficially owned also include shares issuable upon conversion of convertible securities which are currently convertible or which will be convertible within 60 days of October 25, 2022. Percentage calculations presume that the identified individual or group exercise or convert all of his, her or their respective options and convertible securities, and that no other holders of options exercise their options or convert their convertible securities. As of October 25, 2022, there were 63,787,064 shares of the Common Stock outstanding. Other than those persons listed in the table above, the Company is not aware of any person, as such term is defined in the Exchange Act, that beneficially owns more than 5% of its Common Stock as of October 25, 2022.

(3)  Mr. Cohen's total includes 75,000 shares of Common Stock issuable subject to options which are currently exercisable. Andrew Cohen is the Co-founder and Chief Investment Officer of Cohen Private Ventures, LLC which may be deemed an affiliate of CPV Partners, LLC, which holds shares of Common Stock as described in Footnote 15 below. Andrew Cohen does not have the power to vote on or dispose of such shares and accordingly does not beneficially own those shares.

156

Case ID: 221102195

## SIGNATURES

Pursuant to the requirements of Section 13 or 15(d) of the Securities Exchange Act of 1934, the Registrant has duly caused this Report to be signed on its behalf by the undersigned, thereunto duly authorized.

**REPUBLIC FIRST BANCORP, INC.**

Date: October 25, 2022        By: /s/ Harry D. Madonna
                                   Harry D. Madonna
                                   Chief Executive Officer
                                   (principal executive officer)

Date: October 25, 2022        By: /s/ Frank A. Cavallaro
                                   Frank A. Cavallaro
                                   Executive Vice President and Chief Financial Officer
                                   (principal financial and accounting officer)

Pursuant to the requirements of the Securities Exchange Act of 1934, this Report has been signed below by the following persons on behalf of the Registrant and in the capacities and on the dates indicated.

Date: October 25, 2022        By: /s/ Harry D. Madonna
                                   Harry D. Madonna, Chairman of the Board

Date: October 25, 2022        By: /s/ Peter Bartholow
                                   Peter Bartholow, Director

Date: October 25, 2022        By: /s/ Andrew B. Cohen
                                   Andrew B. Cohen, Director

Date: October 25, 2022        By: /s/ Benjamin C. Duster, IV
                                   Benjamin C. Duster, IV, Director

                              By:
                                   Lisa R. Jacobs, Director

Date: October 25, 2022        By: /s/ Harris Wildstein, Esq.
                                   Harris Wildstein, Esq., Director

165

Case ID: 221102195