Exhibit "A"
(part 5)



*Filed and Attested by the
Office of Judicial Records
22 NOV 2022 02:39 pm
E. HAURIN*

# EXHIBIT 13

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
### Washington, D.C. 20549

## Schedule 13D/A
#### (Rule 13d-101)

**Information to be Included in Statements Filed Pursuant to § 240.13d-1(a) and Amendments Thereto Filed Pursuant to § 240.13d-2(a)**

#### Under the Securities Exchange Act of 1934
#### (Amendment No. 14)*

# Republic First Bancorp, Inc.
##### (Name of Issuer)

**Common Stock, par value $0.01 per share**
##### (Title of Class of Securities)

**760416107**
##### (CUSIP Number)

**George E. Norcross, III**
**350 Royal Palm Way, Suite 500**
**Palm Beach, Florida 33480**
**(561) 500-4600**

*With a Copy to:*

*H. Rodgin Cohen*
*Mitchell S. Eitel*
*Sullivan & Cromwell LLP*
*125 Broad Street*
*New York, NY 10004*
*212-558-4000*
##### (Name, address and telephone number of person authorized to receive notices and communications)

**April 28, 2022**
##### (Date of Event which Requires Filing of this Statement)

If the filing person has previously filed a statement on Schedule 13G to report the acquisition that is the subject of this Schedule 13D, and is filing this schedule because of §§240.13d-1(e), 240.13d-1(f) or 240.13d-1(g), check the following box ☐.

**Note:** Schedules filed in paper format shall include a signed original and five copies of the schedule, including all exhibits. *See* § 240.13d-7 for other parties to whom copies are to be sent.

\* The remainder of this cover page shall be filled out for a reporting person's initial filing on this form with respect to the subject class of securities, and for any subsequent amendment containing information which would alter disclosures provided in a prior cover page.

The information required on the remainder of this cover page shall not be deemed to be "filed" for the purpose of Section 18 of the Securities Exchange Act of 1934 ("Act") or otherwise subject to the liabilities of that section of the Act but shall be subject to all other provisions of the Act (however, see the Notes).

Case ID: 221102195

| 1 | Names of Reporting Persons |
|---|---|
| | George E. Norcross, III |
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions) |
| | a. ☒ b. ☐ |
| 3 | SEC Use Only |
| 4 | Source of Funds (See Instructions) |
| | PF |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e) |
| | ☐ |
| 6 | Citizenship or Place of Organization |
| | United States of America |

| Number of Shares Beneficially Owned By Each Reporting Person With | 7 | Sole Voting Power |
|---|---|---|
| | | 674,572 |
| | 8 | Shared Voting Power |
| | | 0 |
| | 9 | Sole Dispositive Power |
| | | 674,572 |
| | 10 | Shared Dispositive Power |
| | | 0 |

| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person |
|---|---|
| | 674,572(1) |
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions) |
| | ☐ |
| 13 | Percent of Class Represented By Amount in Row (11) |
| | 1.1%(2) |
| 14 | Type of Reporting Person (See Instructions) |
| | IN |

(1) The Reporting Person is reporting on this Schedule 13D as a member of a "group" with the other Reporting Persons. The group beneficially owns 5,927,715 shares of Common Stock owned by all of the Reporting Persons in the aggregate, representing approximately 9.3% of the outstanding shares of Common Stock. See Item 5.

(2) For purposes of calculating beneficial ownership percentages in this statement on Schedule 13D, the total number of shares of Common Stock outstanding as of March 31, 2022 is 63,741,533, as reported in the Schedule 13D/A filed by Vernon W. Hill, II with the SEC on April 18, 2022.

Case ID: 221102195

| 1 | Names of Reporting Persons<br>Avery Conner Capital Trust | |
|---|---|---|
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions)<br>a. ☒ b. ☐ | |
| 3 | SEC Use Only | |
| 4 | Source of Funds (See Instructions)<br>AF, WC | |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e)<br>☐ | |
| 6 | Citizenship or Place of Organization<br>Florida | |
| Number of Shares Beneficially Owned By Each Reporting Person With | 7 | Sole Voting Power<br>0 |
| | 8 | Shared Voting Power<br>4,416,236(3) |
| | 9 | Sole Dispositive Power<br>0 |
| | 10 | Shared Dispositive Power<br>4,416,236(3) |
| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person<br>4,416,236(1) | |
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions)<br>☐ | |
| 13 | Percent of Class Represented By Amount in Row (11)<br>6.9%(2) | |
| 14 | Type of Reporting Person (See Instructions)<br>OO | |

(3)    4,416,236 shares of Common Stock held by the Avery Conner Capital Trust, of which Philip A. Norcross, Susan D. Hudson, Geoffrey B. Hudson and Rose M. Guida serve as Trustees and may be deemed to have shared beneficial ownership as Trustees.

Case ID: 221102195

| | | | |
|---|---|---|---|
| 1 | Names of Reporting Persons<br>Philip A. Norcross | | |
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions)<br>a. ☒ b. ☐ | | |
| 3 | SEC Use Only | | |
| 4 | Source of Funds (See Instructions)<br>PF, OO See Item 3 | | |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e)<br>☐ | | |
| 6 | Citizenship or Place of Organization<br>United States of America | | |
| Number of Shares Beneficially Owned By Each Reporting Person With | 7 | Sole Voting Power<br>424,523 | |
| | 8 | Shared Voting Power<br>4,416,236(3) | |
| | 9 | Sole Dispositive Power<br>424,523 | |
| | 10 | Shared Dispositive Power<br>4,416,236(3) | |
| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person<br>4,840,759(1), (3) | | |
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions)<br>☐ | | |
| 13 | Percent of Class Represented By Amount in Row (11)<br>7.6%(2) | | |
| 14 | Type of Reporting Person (See Instructions)<br>IN | | |

| | | |
|---|---|---|
| 1. | Names of Reporting Persons<br>Susan D. Hudson, in her capacity as a Trustee | |
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions)<br>a. ☒ b. ☐ | |
| 3 | SEC Use Only | |
| 4 | Source of Funds (See Instructions)<br>OO See Item 3 | |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e)<br>☐ | |
| 6 | Citizenship or Place of Organization<br>United States of America | |
| Number of Shares Beneficially Owned By Each Reporting Person With | 7 | Sole Voting Power<br>0 |
| | 8 | Shared Voting Power<br>4,416,236(3) |
| | 9 | Sole Dispositive Power<br>0 |
| | 10 | Shared Dispositive Power<br>4,416,236(3) |
| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person<br>4,416,236(1), (3) | |
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions)<br>☐ | |
| 13 | Percent of Class Represented By Amount in Row (11)<br>6.9%(2) | |
| 14 | Type of Reporting Person (See Instructions)<br>IN | |

Case ID: 221102195

| 1. | Names of Reporting Persons<br>Geoffrey B. Hudson, in his capacity as a Trustee | |
|---|---|---|
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions)<br>a. ☒ b. ☐ | |
| 3 | SEC Use Only | |
| 4 | Source of Funds (See Instructions)<br>OO See Item 3 | |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e)<br>☐ | |
| 6 | Citizenship or Place of Organization<br>United States of America | |
| Number of Shares Beneficially Owned By Each Reporting Person With | 7 | Sole Voting Power<br>0 |
| | 8 | Shared Voting Power<br>4,416,236(3) |
| | 9 | Sole Dispositive Power<br>0 |
| | 10 | Shared Dispositive Power<br>4,416,236(3) |
| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person<br>4,416,236(1), (3) | |
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions)<br>☐ | |
| 13 | Percent of Class Represented By Amount in Row (11)<br>6.9%(2) | |
| 14 | Type of Reporting Person (See Instructions)<br>IN | |

Case ID: 221102195

| 1. | Names of Reporting Persons |  |  |
|---|---|---|---|
|  | Rose M. Guida, in her capacity as a Trustee |  |  |
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions) |  |  |
|  | a. ☒ b. ☐ |  |  |
| 3 | SEC Use Only |  |  |
| 4 | Source of Funds (See Instructions) |  |  |
|  | OO See Item 3 |  |  |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e) |  |  |
|  | ☐ |  |  |
| 6 | Citizenship or Place of Organization |  |  |
|  | United States of America |  |  |
| Number of Shares Beneficially Owned By Each Reporting Person With | 7 | Sole Voting Power |  |
|  |  | 0 |  |
|  | 8 | Shared Voting Power |  |
|  |  | 4,416,236(3) |  |
|  | 9 | Sole Dispositive Power |  |
|  |  | 0 |  |
|  | 10 | Shared Dispositive Power |  |
|  |  | 4,416,236(3) |  |
| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person |  |  |
|  | 4,416,236(1), (3) |  |  |
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions) |  |  |
|  | ☐ |  |  |
| 13 | Percent of Class Represented By Amount in Row (11) |  |  |
|  | 6.9%(2) |  |  |
| 14 | Type of Reporting Person (See Instructions) |  |  |
|  | IN |  |  |

Case ID: 221102195

| 1 | Names of Reporting Persons Gregory B. Braca |
|---|---|
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions) a. ☒ b. ☐ |
| 3 | SEC Use Only |
| 4 | Source of Funds (See Instructions) PF |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e) ☐ |
| 6 | Citizenship or Place of Organization United States of America |

| Number of Shares Beneficially Owned By Each Reporting Person With | 7 | Sole Voting Power 412,384 |
|---|---|---|
| | 8 | Shared Voting Power 0 |
| | 9 | Sole Dispositive Power 412,384 |
| | 10 | Shared Dispositive Power 0 |

| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person 412,384(1) |
|---|---|
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions) ☐ |
| 13 | Percent of Class Represented By Amount in Row (11) 0.6%(2) |
| 14 | Type of Reporting Person (See Instructions) IN |

Case ID: 221102195

This Amendment No. 14 ("Amendment No. 14") amends the statement on Schedule 13D filed with the Securities and Exchange Commission (the "SEC") on January 31, 2022, as amended prior to the date of this Amendment No. 14 (the "Original Schedule 13D") as specifically set forth herein (as so amended, the "Schedule 13D"). Except as provided herein, each Item of the Original Schedule 13D remains unchanged.

**Item 3.          Source and Amount of Funds or Other Consideration.**

Item 3 of the Original Schedule 13D is hereby amended to add the following:

From April 19 until April 20, as set forth in Schedule A, the Avery Conner Capital Trust acquired 53,609 shares of Common Stock through a broker on the open market for a total of approximately $264,191.615. The source of funds for such purchases was trust funds.

From April 19 until April 20, as set forth in Schedule A, Philip A. Norcross acquired 24,523 shares of Common Stock through a broker on the open market for a total of approximately $121,169.54. The source of funds for such purchase was personal funds.

**Item 4.          Purpose of the Transaction.**

Item 4 of the Original Schedule 13D is hereby amended to add the following immediately prior to the last paragraph of this item:

On April 28, 2022, the Group submitted a written request to the Secretary of the Issuer, the text of which is set forth below:

Dear Ms. Kemma Brown:

George E. Norcross, III, Gregory B. Braca and Philip A. Norcross, together with the Avery Conner Capital Trust (the "Trust") and its trustees ("we" or the "Shareholders"), submit this written request (this "Request") in their capacity as shareholders pursuant to Article 1, Section 2 of the Amended and Restated By-laws (the "By-laws") of Republic First Bancorp, Inc. ("Republic First" or the "Company"), which entitles shareholders of the Company to a special meeting of shareholders if called at the written request of shareholders entitled to cast at least 20% of the votes entitled to be cast at the meeting.[1]

As of the date of this Request, we own in the aggregate 5,927,715 shares of common stock, par value $0.01 per share ("Common Stock"), of the Company or approximately 9.3%[2] of the issued and outstanding shares of Common Stock. The Common

---

[1]   Article 1, Section 2 of the By-laws provides that "[s]pecial meetings of the shareholders for any purpose or purposes, unless otherwise prescribed by statute or by the Corporation's Articles of Incorporation, may be held at any place within the United States, and may be called at any time (a) by the Chairman of the Board, (b) by the Board of Directors or (c) **at the request in writing of shareholders entitled to cast at least twenty (20%) percent of the votes entitled to be cast at the meeting upon payment by such shareholders to the Corporation of the reasonably estimated cost of preparing and mailing a notice of the meeting (which estimated cost shall be provided to such shareholders by the Secretary of the Corporation)**; provided, however, that special meetings of shareholders of the Corporation which have as their purpose a change in control of the Corporation, amendment to these By-Laws or an amendment of the Corporation's Articles of Incorporation may only be called by a majority of the Board of Directors of the Corporation." (emphasis added) The By-laws permit shareholders holding 20% of the votes entitled to be cast at the meeting, taken together, to make such request.

[2]   Based on 63,741,533 shares of Common Stock outstanding as of March 31, 2022, as reported by Vernon W. Hill, II in his Schedule 13D/A, filed with the Securities and Exchange Commission on April 18, 2022.

Case ID: 221102195

Stock is the only class of shares entitled to be cast at the meeting. George E. Norcross, III owns 674,572 of the shares; Gregory B. Braca owns 412,384 shares; in addition to the 4,416,236 shares held by the Trust of which he may be deemed to share ownership as a trustee, Philip A. Norcross owns 424,523 shares; and the Trust owns 4,416,236 shares, of which Philip A. Norcross, Susan D. Hudson, Geoffrey B. Hudson and Rose M. Guida may be deemed to share ownership as trustees. Attached as Exhibit A is documentary evidence of the Shareholders' ownership as of April 27, 2022 (the "Record Date").

Given the Company's indeterminate delay in scheduling and holding an annual meeting and the extraordinary division at the Board of the Company, we write to request that a special meeting of shareholders of the Company (the "Special Meeting") be held as promptly as practicable for the simple purpose of electing three directors to the board of directors of Republic First (the "Board") to serve until the 2025 annual meeting of Republic First shareholders. The directors elected at the Special Meeting would succeed the existing Class III directors (Vernon Hill, Theodore Flocco, Jr. and Barry Spevak), whose terms will, under Article II, Section 2 of the By-laws, automatically expire at the time of that election. The purpose of the Special Meeting is not to effect a change in control.

**Subject to the receipt by the Secretary of the Company of similar requests from other shareholders representing ownership of Common Stock aggregating (including our 5,927,715 shares) of 20% of the outstanding Common Stock,3 the By-laws obligate the Secretary to immediately call such Special Meeting and the Board to promptly take any action necessary to effectuate that call. There is no proper basis for the Secretary or the Board to decline to call and effect the Special Meeting as long as the Secretary receives, within a reasonable time after this Request, similar requests from shareholders with the requisite aggregate number of shares, at the mailing address above, to hold the Special Meeting that state the purpose of the Special Meeting and provide documentary evidence of their ownership as of April 27, 2022, the Record Date (see, e.g., Exhibit A hereto).**

We respectfully request that the Company promptly provide a notice to the Shareholders, and all the shareholders, as to any similar requests received by the Secretary. Upon receipt of the required written requests, Republic First must set a record date and meeting date for the Special Meeting and provide all required notices, in each case as required by Republic First's By-laws and in accordance with SEC and NASDAQ rules. If reasonably requested by the Company, the Shareholders agree to provide reasonable evidence of their continued ownership at the time the Special Meeting is called.

We are prepared to solely bear the costs and expenses of preparing and mailing the notice of the Special Meeting and will make payment of the reasonably estimated cost of such preparation and mailing as provided to us by the Secretary of the Company.

**THIS IS NOT A PROXY SOLICITATION AND THE PURPOSE OF THIS LETTER IS NOT TO SOLICIT PROXIES TO VOTE ON THE ISSUES THAT WOULD BE PRESENTED AT THE SPECIAL MEETING. ANY SHAREHOLDER MAKING A SIMILAR REQUEST WILL BE ABLE TO VOTE AGAINST ANY OF THE PROPOSALS PRESENTED AT THE SPECIAL MEETING IF SUCH SHAREHOLDER HOLDS COMMON STOCK AS OF THE RECORD DATE OF THE SPECIAL MEETING SET BY THE COMPANY. SUCH REQUEST DOES NOT CONFER ON THE SHAREHOLDERS ANY RIGHT TO VOTE ANY SHARES OF ANY OTHER PERSON AT THE MEETING.**

Sincerely,

George E. Norcross, III

Philip A. Norcross

Susan D. Hudson

Geoffrey B. Hudson

Rose M. Guida

Gregory B. Braca

**Item 5.        Interest in Securities of the Issuer.**

Items 5(a) through 5(c) of the Original Schedule 13D are hereby amended and restated as follows:

(a) The Reporting Persons may be deemed to beneficially own 5,927,715 shares of Common Stock or approximately 9.3% of the outstanding shares of Common Stock, which percentage was calculated based upon 63,741,533 shares of Common Stock outstanding as of March 31, 2022 as reported in the Schedule 13D/A filed by Vernon W. Hill, II with the SEC on April 18, 2022. Specifically, each Reporting Person beneficially owns such number of shares of Common Stock and such percentage of the outstanding Common Stock as reflected on Items 11 and 13 of the applicable cover page to this Statement.

(b) Each Reporting Person has the sole or shared power to vote or direct the vote and sole or shared power to dispose or to direct the disposition the number of shares of Common Stock reflected on Items 7-10 of the applicable cover page to this Statement.

(c) Except as set forth on Schedule A attached hereto, none of the Reporting Persons has engaged in transactions in shares of Common Stock (or securities convertible into, exercisable for or exchangeable for Common Stock) since the filing of the Original Schedule 13D.

_____
3  *See* Article 1, Section 2 of the By-laws.

Case ID: 221102195

After reasonable inquiry and to the best of my knowledge and belief, the undersigned certifies that the information set forth in this statement is true, complete and correct.

Date: April 28, 2022

**George E. Norcross, III**

By:      /s/ George E. Norcross, III

**Avery Conner Capital Trust**

By:      /s/ Philip A. Norcross
Name:   Philip A. Norcross
Title:     Trustee

**Philip A. Norcross**

By:      /s/ Philip A. Norcross

**Susan D. Hudson**

By:      /s/ Susan D. Hudson

**Geoffrey B. Hudson**

By:      /s/ Geoffrey B. Hudson

**Rose M. Guida**

By:      /s/ Rose M. Guida

**Gregory B. Braca**

By:      /s/ Gregory B. Braca

Case ID: 221102195

**Transactions in the Common Stock of the Issuer Since the Filing of the Original Schedule 13D**

The following table sets forth all the transactions in the Common Stock of the Issuer effected since the filing of the Original Schedule 13D by the Reporting Persons. Except as otherwise noted, all such transactions were effected in the open market through brokers.

**Philip A. Norcross**

| Trade Date | Shares Purchased (Sold) | Price Per Share ($) |
|---|---|---|
| 4/19/2022(1) | 29,404 | 4.907 |
| 4/19/2022 | 11,112 | 4.918 |
| 4/20/2022(1) | 24,205 | 4.954 |
| 4/20/2022 | 13,411 | 4.960 |

**Avery Conner Capital Trust**

| Trade Date | Shares Purchased (Sold) | Price Per Share ($) |
|---|---|---|
| 4/19/2022 | 29,404 | 4.907 |
| 4/20/2022 | 24,205 | 4.954 |

**Susan D. Hudson**

| Trade Date | Shares Purchased (Sold) | Price Per Share ($) |
|---|---|---|
| 4/19/2022(1) | 29,404 | 4.907 |
| 4/20/2022(1) | 24,205 | 4.954 |

**Geoffrey B. Hudson**

| Trade Date | Shares Purchased (Sold) | Price Per Share ($) |
|---|---|---|
| 4/19/2022(1) | 29,404 | 4.907 |
| 4/20/2022(1) | 24,205 | 4.954 |

**Rose M. Guida**

| Trade Date | Shares Purchased (Sold) | Price Per Share ($) |
|---|---|---|
| 4/19/2022(1) | 29,404 | 4.907 |
| 4/20/2022(1) | 24,205 | 4.954 |

(1)  Indicates transaction of the Avery Conner Capital Trust (with respect to which the Trustees have the power to invest and dispose of trust property).



*Filed and Attested by the*
*Office of Judicial Records*
*22 NOV 2022 02:39 pm*
*E. HAURIN*

# EXHIBIT 14

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
### Washington, D.C. 20549

## Schedule 13D/A
#### (Rule 13d-101)

**Information to be Included in Statements Filed Pursuant to § 240.13d-1(a) and Amendments Thereto Filed Pursuant to § 240.13d-2(a)**

#### Under the Securities Exchange Act of 1934
#### (Amendment No. 18)*

# Republic First Bancorp, Inc.
#### (Name of Issuer)

**Common Stock, par value $0.01 per share**
#### (Title of Class of Securities)

**760416107**
#### (CUSIP Number)

**George E. Norcross, III**
**350 Royal Palm Way, Suite 500**
**Palm Beach, Florida 33480**
**(561) 500-4600**

*With a Copy to:*

*H. Rodgin Cohen*
*Mitchell S. Eitel*
*Sullivan & Cromwell LLP*
*125 Broad Street*
*New York, NY 10004*
*212-558-4000*

**(Name, address and telephone number of person authorized to receive notices and communications)**

**July 7, 2022**
#### (Date of Event which Requires Filing of this Statement)

If the filing person has previously filed a statement on Schedule 13G to report the acquisition that is the subject of this Schedule 13D, and is filing this schedule because of §§240.13d-1(e), 240.13d-1(f) or 240.13d-1(g), check the following box ☐.

**Note:** Schedules filed in paper format shall include a signed original and five copies of the schedule, including all exhibits. *See* § 240.13d-7 for other parties to whom copies are to be sent.

\*     The remainder of this cover page shall be filled out for a reporting person's initial filing on this form with respect to the subject class of securities, and for any subsequent amendment containing information which would alter disclosures provided in a prior cover page.

The information required on the remainder of this cover page shall not be deemed to be "filed" for the purpose of Section 18 of the Securities Exchange Act of 1934 ("Act") or otherwise subject to the liabilities of that section of the Act but shall be subject to all other provisions of the Act (however, see the Notes).

Case ID: 221102195

| 1 | Names of Reporting Persons |
|---|---|
|   | **George E. Norcross, III** |
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions) |
|   | a. ☒ b. ☐ |
| 3 | SEC Use Only |
| 4 | Source of Funds (See Instructions) |
|   | **PF** |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e) |
|   | ☐ |
| 6 | Citizenship or Place of Organization |
|   | **United States of America** |

| Number of Shares Beneficially Owned By Each Reporting Person With | 7 | Sole Voting Power |
|---|---|---|
|   |   | 674,572 |
|   | 8 | Shared Voting Power |
|   |   | 0 |
|   | 9 | Sole Dispositive Power |
|   |   | 674,572 |
|   | 10 | Shared Dispositive Power |
|   |   | 0 |

| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person |
|---|---|
|   | 674,572(1) |
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions) |
|   | ☐ |
| 13 | Percent of Class Represented By Amount in Row (11) |
|   | 1.1%(2) |
| 14 | Type of Reporting Person (See Instructions) |
|   | **IN** |

(1)    The Reporting Person is reporting on this Schedule 13D as a member of a "group" with the other Reporting Persons. The group beneficially owns 6,311,618 shares of Common Stock owned by all of the Reporting Persons in the aggregate, representing approximately 9.9% of the outstanding shares of Common Stock. See Item 5.

(2)    For purposes of calculating beneficial ownership percentages in this statement on Schedule 13D, the total number of shares of Common Stock outstanding as of June 15, 2022 is 63,753,722, as reported in the Issuer's Information Statement, filed with the SEC on June 17, 2022.

Case ID: 221102195

| 1 | Names of Reporting Persons **Avery Conner Capital Trust** | | |
|---|---|---|---|
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions) <br> a. ☒ b. ☐ | | |
| 3 | SEC Use Only | | |
| 4 | Source of Funds (See Instructions) **AF, WC** | | |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e) <br> ☐ | | |
| 6 | Citizenship or Place of Organization **Florida** | | |
| Number of Shares Beneficially Owned By Each Reporting Person With | 7 | Sole Voting Power <br> 0 | |
| | 8 | Shared Voting Power <br> 4,724,662(3) | |
| | 9 | Sole Dispositive Power <br> 0 | |
| | 10 | Shared Dispositive Power <br> 4,724,662(3) | |
| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person <br> 4,724,662(1) | | |
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions) <br> ☐ | | |
| 13 | Percent of Class Represented By Amount in Row (11) <br> 7.4%(2) | | |
| 14 | Type of Reporting Person (See Instructions) <br> OO | | |

(3)   4,724,662 shares of Common Stock held by the Avery Conner Capital Trust, of which Philip A. Norcross, Susan D. Hudson, Geoffrey B. Hudson and Rose M. Guida serve as Trustees and may be deemed to have shared beneficial ownership as Trustees.

Case ID: 221102195

| 1 | Names of Reporting Persons<br>**Philip A. Norcross** |
|---|---|
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions)<br>a. ☒ b. ☐ |
| 3 | SEC Use Only |
| 4 | Source of Funds (See Instructions)<br>**PF, OO See Item 3** |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e)<br>☐ |
| 6 | Citizenship or Place of Organization<br>**United States of America** |

| Number of<br>Shares<br>Beneficially<br>Owned By<br>Each<br>Reporting<br>Person<br>With | 7 | Sole Voting Power<br>450,000 |
|---|---|---|
| | 8 | Shared Voting Power<br>4,724,662(3) |
| | 9 | Sole Dispositive Power<br>450,000 |
| | 10 | Shared Dispositive Power<br>4,724,662(3) |

| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person<br>5,174,662(1),(3) |
|---|---|
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions)<br>☐ |
| 13 | Percent of Class Represented By Amount in Row (11)<br>8.1%(2) |
| 14 | Type of Reporting Person (See Instructions)<br>**IN** |

Case ID: 221102195

| 1 | Names of Reporting Persons | |
| | **Susan D. Hudson, in her capacity as a Trustee** | |
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions) | |
| | a. ☒ b. ☐ | |
| 3 | SEC Use Only | |
| 4 | Source of Funds (See Instructions) | |
| | **OO See Item 3** | |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e) | |
| | ☐ | |
| 6 | Citizenship or Place of Organization | |
| | **United States of America** | |
| Number of Shares Beneficially Owned By Each Reporting Person With | 7 | Sole Voting Power |
| | | 0 |
| | 8 | Shared Voting Power |
| | | 4,724,662(3) |
| | 9 | Sole Dispositive Power |
| | | 0 |
| | 10 | Shared Dispositive Power |
| | | 4,724,662(3) |
| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person | |
| | 4,724,662(1), (3) | |
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions) | |
| | ☐ | |
| 13 | Percent of Class Represented By Amount in Row (11) | |
| | 7.4%(2) | |
| 14 | Type of Reporting Person (See Instructions) | |
| | **IN** | |

Case ID: 221102195

| 1 | Names of Reporting Persons<br>**Geoffrey B. Hudson, in his capacity as a Trustee** | | |
|---|---|---|---|
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions)<br>a. ☒ b. ☐ | | |
| 3 | SEC Use Only | | |
| 4 | Source of Funds (See Instructions)<br>**OO See Item 3** | | |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e)<br>☐ | | |
| 6 | Citizenship or Place of Organization<br>**United States of America** | | |
| Number of Shares Beneficially Owned By Each Reporting Person With | 7 | Sole Voting Power<br>0 | |
| | 8 | Shared Voting Power<br>4,724,662(3) | |
| | 9 | Sole Dispositive Power<br>0 | |
| | 10 | Shared Dispositive Power<br>4,724,662(3) | |
| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person<br>4,724,662(1), (3) | | |
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions)<br>☐ | | |
| 13 | Percent of Class Represented By Amount in Row (11)<br>7.4%(2) | | |
| 14 | Type of Reporting Person (See Instructions)<br>**IN** | | |

Case ID: 221102195

| 1 | Names of Reporting Persons<br>**Rose M. Guida, in her capacity as a Trustee** |
|---|---|
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions)<br>a. ☒ b. ☐ |
| 3 | SEC Use Only |
| 4 | Source of Funds (See Instructions)<br>**OO See Item 3** |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e)<br>☐ |
| 6 | Citizenship or Place of Organization<br>**United States of America** |

| Number of Shares Beneficially Owned By Each Reporting Person With | 7 | Sole Voting Power<br>0 |
|---|---|---|
| | 8 | Shared Voting Power<br>4,724,662(3) |
| | 9 | Sole Dispositive Power<br>0 |
| | 10 | Shared Dispositive Power<br>4,724,662(3) |

| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person<br>4,724,662(1), (3) |
|---|---|
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions)<br>☐ |
| 13 | Percent of Class Represented By Amount in Row (11)<br>7.4%(2) |
| 14 | Type of Reporting Person (See Instructions)<br>**IN** |

Case ID: 221102195

| 1 | Names of Reporting Persons |
| --- | --- |
| | **Gregory B. Braca** |
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions) |
| | a. ☒ b. ☐ |
| 3 | SEC Use Only |
| 4 | Source of Funds (See Instructions) |
| | **PF** |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e) |
| | ☐ |
| 6 | Citizenship or Place of Organization |
| | **United States of America** |

| Number of Shares Beneficially Owned By Each Reporting Person With | 7 | Sole Voting Power |
| --- | --- | --- |
| | | 462,384 |
| | 8 | Shared Voting Power |
| | | 0 |
| | 9 | Sole Dispositive Power |
| | | 462,384 |
| | 10 | Shared Dispositive Power |
| | | 0 |

| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person |
| --- | --- |
| | 462,384(1) |
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions) |
| | ☐ |
| 13 | Percent of Class Represented By Amount in Row (11) |
| | 0.7%(2) |
| 14 | Type of Reporting Person (See Instructions) |
| | **IN** |

Case ID: 221102195

This Amendment No. 18 ("Amendment No. 18") amends the statement on Schedule 13D filed with the Securities and Exchange Commission (the "SEC") on January 31, 2022, as amended prior to the date of this Amendment No. 18 (the "Original Schedule 13D") as specifically set forth herein (as so amended, the "Schedule 13D"). Except as provided herein, each Item of the Original Schedule 13D remains unchanged.

**Item 3.**         **Source and Amount of Funds or Other Consideration.**

Item 3 of the Original Schedule 13D is hereby amended to add the following:

From June 17 until June 30, as set forth in Schedule A, the Avery Conner Capital Trust acquired 197,478 shares of Common Stock through a broker on the open market for a total of approximately $791,704.13. The source of funds for such purchases was trust funds.

From June 24 until June 30, as set forth in Schedule A, Philip A. Norcross acquired 22,690 shares of Common Stock through a broker on the open market for a total of approximately $90,466.24. The source of funds for such purchases was personal funds.

**Item 4.**         **Purpose of the Transaction.**

Item 4 of the Original Schedule 13D is hereby amended to add the following immediately prior to the last paragraph of this item:

On July 7, 2022, the Group delivered a letter to the Board, the text of which is set forth below:

Dear Directors,

We write to you again as holders of nearly 10% of the voting common stock of Republic First Bancorp, Inc. ("Company").

In our June 10, 2022 letter ("June letter"), a copy of which is attached for your convenience, we set forth a number of critical issues confronting the Company and urged you to take action as soon as possible following a final judicial determination with respect to the pending litigation involving the Company and other stakeholders. Yesterday, we have all received that final decision. We applaud your efforts in this regard and are pleased the courts have validated your prior actions. As a result, there is no longer any impediment to us immediately commencing the constructive process of moving the Company forward. We, therefore, again today reiterate our request to immediately meet with the Board to discuss the items set forth in our June letter, as there is lots of work in front of us and too much time has already passed.

Pending that meeting, we would also immediately request the Board to grant us permission to increase our ownership position above 10%. This substantial investment (subject to regulatory approval, which we are prepared to commence immediately) would reflect our continued commitment to the Company and its future. We have, despite repeated requests in the past, never received a response from the Board on this important request. Now that all obstacles to engagement are behind us (including a voluntary dismissal of all our litigation), we would be appreciative of a prompt response.

We have in the past repeatedly asked the Board for active engagement for the betterment of the shareholders, its customers, depositors and other stakeholders. In each case, we were either ignored or stonewalled at the behest of Mr. Hill and his allies who controlled the Board at that time. Today, all of those impediments are gone and there is no reason for the Board to not actively engage us and meet. We ask this not only for the betterment of the Company and its shareholders, but also in the furtherance of your fiduciary duties.

Finally, now that the pending litigation and governance issues have been adjudicated and resolved, we ask for you to consider immediately pursuing all appropriate claims against Mr. Hill and his allies (Mr. Spevak and Mr. Tierney) for any improper conduct they or any parties associated with them may have taken with respect to the Company or its operations. All responsible parties must be held accountable as we expect the Board, in compliance with your fiduciary obligations, to vigorously pursue these matters, as we intend to do so as well.

We ask that you immediately distribute a copy of this letter to each member of the Board, and look forward to hearing from you in the very near future.

Very truly yours,

/s/ George E. Norcross, III
George E. Norcross, III

/s/ Gregory Braca
Gregory Braca

/s/ Philip A. Norcross
Philip A. Norcross

Also on July 7, 2022, the Group delivered a demand letter to the Board, the text of which is set forth below:

Dear Board of Directors:

George E. Norcross, III, Gregory B. Braca, and Philip A. Norcross (the "Shareholders") submit this letter in their capacity as current shareholders of Republic First Bancorp, Inc. ("Republic First" or the "Company"). One of the Shareholders has been a shareholder of the Company continuously since November 16, 2021 (and the others have been shareholders continuously since at least January 26, 2022). Attached as Schedule I is evidence of the Shareholders' continuous ownership of shares of the Company's common stock from November 16, 2021 to the present.

As the Shareholders advised the Board in their letter of earlier today, we believe the Board should pursue all appropriate claims against Vernon W. Hill, II ("Hill") and his allies (Barry Spevak ("Spevak") and Brian Tierney ("Tierney")) for improper conduct they or any parties associated with them may have taken with respect to the Company or its operations. This letter is a formal derivative demand providing more detail supporting that request.

Pursuant to Pennsylvania law, the Shareholders write to demand that the Company's Board of Directors (the "Board") appoint a special committee of independent, disinterested parties (an "SLC") with full corporate authority to investigate and, if appropriate, take action to remedy breaches of fiduciary duty, corporate waste, unjust enrichment and other misconduct committed by certain current directors of the Company, namely Hill, Tierney, and Spevak, together with all other officers and employees of the Company who participated in the misconduct described below (the "Culpable Parties").[1] The SLC should bring claims and assert all appropriate causes of action on behalf of the Company against the Culpable Parties for the reasons discussed more fully below.

---

1      Hill, Tierney and Spevak will be referred to collectively herein as the "Culpable Directors."

**I.**    **Factual Background Giving Rise to Claims Against the Culpable Parties**

    **A.**    **The Background of the Company**

Republic First is a corporation, incorporated under the laws of the Commonwealth of Pennsylvania in 1987, with its principal executive offices located in Two Liberty Place, in Philadelphia, Pennsylvania. Republic First is the holding company for Republic Bank, which operates through offices and branches in Philadelphia, Bucks, Delaware, and Montgomery Counties in Pennsylvania; Atlantic, Burlington, Camden, and Gloucester Counties in New Jersey; and New York County in New York.

    **B.**    **The Concerned Directors Alert Shareholders to Improper Conduct by the Culpable Directors**

As the Board is well aware, on March 4, 2022, four of its members (namely, Harry Madonna, Andrew B. Cohen, Lisa Jacobs and Harris Wildstein— collectively, the "Concerned Directors") issued a press release (the "Press Release") in which they warned shareholders that the other members of the Board — namely, the Culpable Directors and the late Theodore Flocco — were not independent and were engaged in efforts to entrench Hill and to cause the Company to pursue related party transactions for the benefit of Hill and management aligned with him. The Culpable Directors have fiduciary duties to the Company, not to Hill.

On March 15, 2022, the Shareholders sent a demand to the Board asking that the conduct described in the Press Release (and potentially other undisclosed related party transactions) be investigated and remedied by an SLC. (A copy of the prior demand is enclosed as Exhibit B). The Board never responded to that demand and never advised the Shareholders of the appointment of an SLC or the identity of its members as required by Pennsylvania law (15 Pa. C.S. § 1783). The Shareholders recognize that much of the conduct identified in the Press Release may be the subject of the investigation being conducted by Wilmer Cutler Pickering Hale and Dorr ("Wilmer Hale") at the behest of the Company's auditors, but the audit committee (particularly at the time the investigation began) was not independent and disinterested and could not appoint an SLC under the standards articulated by Pennsylvania statute. Further, to the Shareholders' knowledge, Wilmer Hale attorneys were not empowered to act as an SLC by the Board. Thus, while the results of the Wilmer Hale investigation may be useful to the Board or an SLC, they will not resolve the prior demand (or this one). The Shareholders reiterate their prior demand and reserve the right to bring a derivative case immediately due to the Board's failure to act on that demand within a reasonable time.

    **C.**    **Self-Dealing Transactions by the Culpable Directors**

Since the Concerned Directors' Press Release, additional information has come to light regarding misconduct by the Culpable Directors. While the Press Release referenced related party agreements with Hill's wife's design firm, InterArch, and agreements obligating the Company to incur certain expenses for new or expanding branches, the Concerned Directors elaborated on the misconduct in connection with the federal court action filed by the Culpable Directors in their improper efforts to extend the Board stalemate after Mr. Flocco's death (discussed in more detail below).

In particular, in a brief they filed in the federal court action on May 23, 2022, the Concerned Directors explained that Hill had manipulated proper governance procedures to obtain approval for an amendment of the Company's agreement with InterArch so that InterArch's fees would be based on a percentage of construction costs, rather than a flat fee. As the Concerned Directors noted, this change incentivized waste and "at least [doubled] the fees the Company would pay to Ms. Hill." Shockingly, to ensure this proposed amendment would obtain approval

(knowing that the Concerned Directors would not agree), Hill presented the proposal to the bank subsidiary's board (which he had stacked with bank employees who reported to him) rather than the Company Board. In that same filing, the Concerned Directors also revealed that Hill "employed a similar tactic to secure approval of a branch expansion in Broomall, Pennsylvania." In direct violation of Board resolutions and ignoring the objections of the Concerned Directors, Hill proceeded with the branch expansion at exorbitant costs to the Company.

An SLC should investigate these additional breaches of fiduciary duties, unjust enrichment and waste of corporate assets. Moreover, an SLC should investigate and determine whether the Culpable Directors or other Culpable Parties have engaged in other improper conduct in breach of their fiduciary duties to the Company, including the failure of Culpable Parties to address and correct earlier misconduct that continues to harm the Company.

Indeed, the self-dealing identified in the Press Release and the federal court filings is far from the first time the Culpable Parties have caused the Company to engage in related party transactions that unjustly enriched Hill, his family and friends, and themselves to the detriment of Republic First. Since Hill's involvement with the Company in 2008, Republic First's SEC filings show that the Company has funneled over $5.3 million to InterArch and approximately $880,000 to director Tierney's company for purported communications services. There is no legitimate business reason for engaging in such blatant self-dealing and related party transactions. Where the Company could obtain the same services from unrelated third parties, there is simply no reasonable justification to enrich corporate insiders.

Furthermore, based on Hill's past history and these recent revelations, an SLC must investigate whether Culpable Parties, including the Culpable Directors, have authorized other related party transactions that have not been disclosed or approved by independent Board members. For instance, over the last several decades, Hill has been actively engaged in innumerable business and other partnership arrangements with John P. Silvestri and affiliated companies and individuals. Hill's relationship with Mr. Silvestri continues to this day as Hill identifies his address in official Company and SEC regulatory filings as the same address as Mr. Silvestri and his organization. It is also well documented that Hill, Mr. Silvestri and their related organizations and entities over the years have profited in the tens of millions of dollars through both reported and unreported related-party transactions with other banks in which Hill was involved. Those transactions related to, among other things, real estate commissions on land sales and leasing, title agency fees and commissions, lease transactions and similar matters. Notably, many of those related-party transactions were not disclosed and, in fact, only reported after regulatory officials and others made inquiries. The Concerned Directors' reference to "[a]greements obligating the incurrence of expenses related to the opening of new branches and the renovation of existing branches" in the Press Release reinforces the concern that the Culpable Directors and other Culpable Parties authorized or engaged in similar undisclosed self-dealing and related party transactions at Republic First.

Indeed, Mr. Silvestri, in opposing discovery and these Shareholders in a recent state court proceeding, admitted as much. On May 6, 2022, Mr. Silvestri's company Interstate Commercial Real Estate ("ICRE") filed a motion to quash a subpoena issued by the Shareholders. In the brief supporting that motion, ICRE disclosed that it "develops real estate parcels for many different retail chains and franchise operators, *including Republic Bank*." The brief further revealed that "over the last fifteen (15) years, Republic Bank has requested ICRE's services . . . when the Bank needed to identify available real estate in areas where it wanted to place a new bank branch. ICRE would then present Republic Bank with several options, and after the Bank made its selection, ICRE would secure the sale or lease of the desired location." ICRE contended that it was paid a commission by the counter-party to any such transaction rather than Republic Bank, presumably as justification for the Company's failure to disclose the existence of these related party transactions. These related party transactions may further explain Hill's motive for insisting on an expansion strategy despite

the clear evidence that the Company's financial performance suffered as a result. Hill has been more concerned with providing his wife and business partner with fees from related party transactions tied to new branches and expansion projects than with the success of the Company and the interests of its shareholders.

As the Board should be well aware, in November 2008, Hill entered into a Consent Order with the Office of the Comptroller of the Currency ("OCC") in connection with his related party transactions while at Commerce Bank. The OCC Consent Order precludes Hill from engaging in similar related party transactions at other FDIC insured banks absent compliance with certain specific procedures (including Board approval and a fairness opinion from an outside auditing firm). Hill's actions at the Company appear to violate the terms of the OCC Consent Order and could subject the Company to intensified regulatory scrutiny or even penalties or litigation. This too should be part of the SLC's investigation and any violation of the Consent Order would constitute further breaches of duty owed by Hill to the Company.

An SLC should also thoroughly investigate whether any Culpable Parties have caused or authorized (or if Hill or any other Culpable Parties have engaged in, with or without Board approval) any other related-party transactions, including with entities or individuals with any connection to any of the Culpable Directors, their siblings, spouses, children, other relatives (whether by blood, marriage or otherwise), friends or business associates (including Mr. Silvestri). Potential transactions could include loans or extensions of credit on non-standard terms, any contracts for services, leases, appraisal work, construction, design or development services, real estate commissions on land sales and leasing, title agency fees and commissions, or the payment of any compensation, fees, commissions or remuneration of any kind, to Hill, Tierney or Spevak or any of their family members, friends or business associates, including InterArch, Site Development, ICRE, Tierney Communications, Brian Communications, Real Time Media, Glassboro Properties LLC, or SDI Commercial Real Estate LLC.

Again, the disclosed (and particularly any undisclosed) self-dealing and related party transactions have caused and will continue to cause financial harm to the Company in the form of actual payments, as well as substantial reputational injuries and other irreparable harms, including potentially increased regulatory scrutiny or action and non-disclosure claims. Any failure to investigate fully and independently these matters and rectify prior self-dealing or conflicted transactions will constitute yet further breaches of fiduciary duty owed to the Company.

**D.    Gross Mismanagement and Other Misconduct by Hill**

In addition to the other misconduct identified above, Hill has caused Republic First to engage in a series of reckless business dealings that have caused substantial harm to the Company, likely for his own improper and self-interested motives. As stated above, despite worsening financial performance, Hill continued on his branch expansion plans undaunted, resulting in payments to his wife's and business partner's firms and potentially other direct financial benefits to himself while harming Republic First's financial outlook and shareholder value. Hill also adopted a disastrous program of purchasing bonds, as a result of which the Company's securities portfolio, which constitutes almost 50% of its assets, now has a mark-to-market hit of approximately $200 million on a pre-tax basis (including both the available for sale and held to maturity portfolios) according to the most recent regulatory filing. This bond program has caused the Company's already weak capital ratios to decline even further and is of great concern to all shareholders and likely regulators. Hill's focus on high cost deposits, coupled with negative loan growth and a strategy of chasing duration in a bond portfolio with rates about to rise, constituted gross incompetence if not intentional bad faith. His singular focus on retail branches (1) lacks the balance of a more modern operating model that leverages digital capabilities, (2) has led to high operating expenses and (3) put significant pressure on earnings. As we have previously noted, the Company has some of the weakest operating margins and capital ratios in the industry, with return

Case ID: 221102195

on assets, return on equity and efficiency ratios all substantially below and, and in some cases, less than half its peers. All of the above is a direct result of Hill's failure to exercise his fiduciary duties on behalf of the Company, instead favoring himself, his family and friends.

Hill and the other Culpable Directors also refused to respond to multiple proposals to inject much needed capital into the Company advanced by the Shareholders. Indeed, Hill refused to even meet with the Shareholders despite their substantial stake in and clear concern for the best interests of the Company. Hill's actions were likely based on personal animus for the Shareholders and a desire to preserve his own position, rather than the best interests of the Company, constituting another breach of his fiduciary duties.

It also seems that Hill may be acting as a "group" with the other Culpable Directors and Mr. Silvestri to entrench himself and fend off the proxy contest and shareholder calls for his removal as CEO. Hill, Tierney and Spevak together have over 10% of the Company's shares and Mr. Silvestri likely has still more (including possibly preferred shares from the Company's August 2020 offering). Based on the same reasoning advanced by the Culpable Directors in their federal court complaint against the Concerned Directors, the Culpable Directors are acting as a group and are in violation of federal securities laws for their failure to file a Schedule 13 and for making false statements disputing the Concerned Directors' Press Release. In addition, the Culpable Directors and Mr. Silvestri acting as a group violates the limitations in the Company's articles of incorporation and state banking regulations prohibiting persons from exceeding 10% ownership absent Board and regulatory approvals. The SLC should investigate and, if Hill, the Culpable Directors and/or Mr. Silvestri are acting as a group, bring any appropriate claims against them and take any other appropriate action to redress the violations, including acting on behalf of the Board to enforce Article XII of the Articles of Incorporation by "(i) terminat[ing] all voting rights attributable to the Holdings of such shareholder during the time that [the ownership limitation] is being violated; (ii) commenc[ing] litigation to require divestiture of such amount of the Holdings so that after such divestiture the shareholder would no longer be in violation of the restriction . . .; or (iii) tak[ing] such other action as is appropriate under the circumstances."

The Culpable Directors' mismanagement and other misconduct has also set off a wave of other adverse consequences for the Company. Republic First's auditors demanded that the Company engage independent counsel to investigate potential misconduct. The Company was forced to delay filing its annual report on Form 10-K (and at least one quarterly report on Form 10-Q). The Company has received several notices from Nasdaq that it is in violation of Nasdaq's rules and risks delisting for failure to file its required financial reports. All of these consequences have harmed the Company, including its reputation and standing in the investment community and possibly its relationship with bank regulators and the SEC. The Culpable Directors are directly to blame for the dire consequences the Company is facing (and the substantial expense it has been forced to incur) as a result of their breaches of fiduciary duties.

### E. Misconduct by the Culpable Directors in Opposing the Concerned Directors

Finally, after Mr. Flocco's death, the Culpable Directors engaged in still further misconduct harmful to Republic First. Despite the significant issues the Company was facing requiring Board attention, the Culpable Directors refused to attend properly noticed Board meetings in an effort to prevent the Concerned Directors from filling Mr. Flocco's vacant Board seat. In so doing, the Culpable Directors placed their own self-interest ahead of the Company. They prevented the Board from engaging in the proper business of the Company at a critical time when an audit committee investigation was underway, the Company had not filed its required Form 10-K or 10-Q, was facing potential de-listing by Nasdaq (and needed to appoint a new director to the audit committee to regain compliance with one Nasdaq rule) and two groups of shareholders were engaged in a proxy contest. The Culpable Directors went further, initiating unsupported litigation in federal court, and advocating for an improper interpretation of the Company's governing documents in an effort to

prevent the Concerned Directors from gaining a decisive majority on the Board. The lawsuit prevented the Board from conducting the proper business of the Company, caused all Board members to incur legal fees and costs (for which they will likely seek indemnification from the Company) and caused the Company to incur the expense of preparing for a special meeting to elect a director to fill Mr. Flocco's seat at the direction of a court-appointed custodian. This also created significant confusion for the Company's shareholders and the investing public generally.

As the Third Circuit just ruled, the interpretation of the Company's bylaws advanced by the Culpable Directors was clearly wrong. Instead, Article II Section 7 of the bylaws is "unambiguous. If a vacancy on the Board arises from the death of a director, the majority of the remaining directors must fill that vacancy, regardless of whether they form a quorum. Based on that clear language, the four [Concerned] Directors, who constituted a majority of the seven remaining directors, had the power and in fact the obligation to fill the vacancy left by" Mr. Flocco's death. That was exactly what the Concerned Directors were attempting to do before the Culpable Directors filed suit. No provision of the bylaws or articles permitted the minority of the Board to stop that process by refusing to attend Board meetings. As the Third Circuit explained in rejecting the Culpable Directors' argument, a legal board meeting requires a quorum "unless the bylaws provide otherwise" and in Republic First's case "the Bylaws plainly do provide otherwise" – allowing less than a quorum to fill a Board vacancy. The Culpable Directors' efforts to argue otherwise were "without any foundation in the governing documents of Republic First."

An SLC should investigate the Culpable Directors' misconduct in preventing the Board from performing its duties after Mr. Flocco's death for their own selfish interests and bring action against the Culpable Directors for their breaches of their fiduciary duties of care and loyalty, resulting in significant financial and reputational harm to Republic First.

**II.      Demand Pursuant to Pennsylvania Law**

Based on the above information, the Shareholders contend that the Culpable Parties have breached and are continuing to breach their fiduciary duties to the Company, including by engaging in self-dealing transactions and committing corporate waste for the purpose of entrenching Hill and the other Culpable Directors and enriching insiders at the expense of the Company. As a result of the breaches of fiduciary duty, the Company has sustained and will continue to sustain significant damages.

Accordingly, pursuant to Pennsylvania law, the Shareholders hereby demand that the Board: (i) appoint an SLC to undertake an independent investigation into the Culpable Parties' breaches of fiduciary duty, self-dealing, unjust enrichment and waste and any other violations of Pennsylvania and/or federal law; and (ii) commence a civil action against all of the Culpable Parties to recover for the benefit of the Company the damages sustained by the Company as a result of the misconduct addressed herein.

Pursuant to Pennsylvania law, if within a reasonable time after receipt of this letter, the Board has not appointed an SLC and commenced an action as demanded herein, the Shareholders will be entitled to commence a shareholder's derivative action on behalf of the Company seeking appropriate relief.

Sincerely,

/s/ George E. Norcross, III
George E. Norcross, III

/s/ Gregory Braca
Gregory Braca

/s/ Philip A. Norcross
Philip A. Norcross

Case ID: 221102195

**Item 5.**        **Interest in Securities of the Issuer.**

Items 5(a) through 5(c) of the Original Schedule 13D are hereby amended and restated as follows:

(a) The Reporting Persons may be deemed to beneficially own 6,311,618 shares of Common Stock or approximately 9.9% of the outstanding shares of Common Stock, which percentage was calculated based upon 63,753,722 shares of Common Stock outstanding as of June 15, 2022 as reported in the Issuer's Information Statement, filed with the SEC on June 17, 2022. Specifically, each Reporting Person beneficially owns such number of shares of Common Stock and such percentage of the outstanding Common Stock as reflected on Items 11 and 13 of the applicable cover page to this Statement.

(b) Each Reporting Person has the sole or shared power to vote or direct the vote and sole or shared power to dispose or to direct the disposition the number of shares of Common Stock reflected on Items 7-10 of the applicable cover page to this Statement.

(c) Except as set forth on Schedule A attached hereto, none of the Reporting Persons has engaged in transactions in shares of Common Stock (or securities convertible into, exercisable for or exchangeable for Common Stock) since the filing of the Original Schedule 13D.

Case ID: 221102195

After reasonable inquiry and to the best of my knowledge and belief, the undersigned certifies that the information set forth in this statement is true, complete and correct.

Date: July 7, 2022

**George E. Norcross, III**

By:     /s/ George E. Norcross, III

**Avery Conner Capital Trust**

By:     /s/ Philip A. Norcross
Name:   Philip A. Norcross
Title:    Trustee

**Philip A. Norcross**

By:     /s/ Philip A. Norcross

**Susan D. Hudson**

By:     /s/ Susan D. Hudson

**Geoffrey B. Hudson**

By:     /s/ Geoffrey B. Hudson

**Rose M. Guida**

By:     /s/ Rose M. Guida

**Gregory B. Braca**

By:     /s/ Gregory B. Braca

Case ID: 221102195

## SCHEDULE A
**Transactions in the Common Stock of the Issuer Since the Filing of the Original Schedule 13D**

The following table sets forth all the transactions in the Common Stock of the Issuer effected since the filing of the Original Schedule 13D by the Reporting Persons. Except as otherwise noted, all such transactions were effected in the open market through brokers.

### Philip A. Norcross

| Trade Date | Shares Purchased (Sold) | Price Per Share ($) |
|---|---|---|
| 6/17/2022[1] | 160,356 | 4.010 |
| 6/24/2022[1] | 36,219 | 4.008 |
| 6/24/2022 | 20,052 | 4.000 |
| 6/30/2022[1] | 903 | 3.894 |
| 6/30/2022 | 2,638 | 3.891 |

### Avery Conner Capital Trust

| Trade Date | Shares Purchased (Sold) | Price Per Share ($) |
|---|---|---|
| 6/17/2022[1] | 160,356 | 4.010 |
| 6/24/2022[1] | 36,219 | 4.008 |
| 6/30/2022[1] | 903 | 3.894 |

### Susan D. Hudson

| Trade Date | Shares Purchased (Sold) | Price Per Share ($) |
|---|---|---|
| 6/17/2022[1] | 160,356 | 4.010 |
| 6/24/2022[1] | 36,219 | 4.008 |
| 6/30/2022[1] | 903 | 3.894 |

### Geoffrey B. Hudson

| Trade Date | Shares Purchased (Sold) | Price Per Share ($) |
|---|---|---|
| 6/17/2022[1] | 160,356 | 4.010 |
| 6/24/2022[1] | 36,219 | 4.008 |
| 6/30/2022[1] | 903 | 3.894 |

### Rose M. Guida

| Trade Date | Shares Purchased (Sold) | Price Per Share ($) |
|---|---|---|
| 6/17/2022[1] | 160,356 | 4.010 |
| 6/24/2022[1] | 36,219 | 4.008 |
| 6/30/2022[1] | 903 | 3.894 |

Case ID: 221102195



Filed and Attested by the
Office of Judicial Records
22 NOV 2022 02:39 pm
E. HAURIN

# EXHIBIT 15

Case ID: 221102195

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
### Washington, D.C. 20549

## Schedule 13D/A
#### (Rule 13d-101)

**Information to be Included in Statements Filed Pursuant to § 240.13d-1(a) and Amendments Thereto Filed Pursuant to § 240.13d-2(a)**

#### Under the Securities Exchange Act of 1934
#### (Amendment No. 19)*

# Republic First Bancorp, Inc.
#### (Name of Issuer)

**Common Stock, par value $0.01 per share**
#### (Title of Class of Securities)

**760416107**
#### (CUSIP Number)

**George E. Norcross, III**
**350 Royal Palm Way, Suite 500**
**Palm Beach, Florida 33480**
**(561) 500-4600**

*With a Copy to:*

*H. Rodgin Cohen*
*Mitchell S. Eitel*
*Sullivan & Cromwell LLP*
*125 Broad Street*
*New York, NY 10004*
*212-558-4000*

**(Name, address and telephone number of person authorized to receive notices and communications)**

**September 16, 2022**
#### (Date of Event which Requires Filing of this Statement)

If the filing person has previously filed a statement on Schedule 13G to report the acquisition that is the subject of this Schedule 13D, and is filing this schedule because of §§240.13d-1(e), 240.13d-1(f) or 240.13d-1(g), check the following box ☐.

**Note:** Schedules filed in paper format shall include a signed original and five copies of the schedule, including all exhibits. *See* § 240.13d-7 for other parties to whom copies are to be sent.

\*   The remainder of this cover page shall be filled out for a reporting person's initial filing on this form with respect to the subject class of securities, and for any subsequent amendment containing information which would alter disclosures provided in a prior cover page.

The information required on the remainder of this cover page shall not be deemed to be "filed" for the purpose of Section 18 of the Securities Exchange Act of 1934 ("Act") or otherwise subject to the liabilities of that section of the Act but shall be subject to all other provisions of the Act (however, see the Notes).

Case ID: 221102195

| 1 | Names of Reporting Persons<br>**George E. Norcross, III** |
|---|---|
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions)<br>a. ☒ b. ☐ |
| 3 | SEC Use Only |
| 4 | Source of Funds (See Instructions)<br>**PF** |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e)<br>☐ |
| 6 | Citizenship or Place of Organization<br>**United States of America** |

| Number of Shares Beneficially Owned By Each Reporting Person With | 7 | Sole Voting Power<br>674,572 |
|---|---|---|
| | 8 | Shared Voting Power<br>0 |
| | 9 | Sole Dispositive Power<br>674,572 |
| | 10 | Shared Dispositive Power<br>0 |

| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person<br>674,572(1) |
|---|---|
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions)<br>☐ |
| 13 | Percent of Class Represented By Amount in Row (11)<br>1.1%(2) |
| 14 | Type of Reporting Person (See Instructions)<br>**IN** |

(1)    The Reporting Person is reporting on this Schedule 13D as a member of a "group" with the other Reporting Persons. The group beneficially owns 6,311,618 shares of Common Stock owned by all of the Reporting Persons in the aggregate, representing approximately 9.9% of the outstanding shares of Common Stock. See Item 5.

(2)    For purposes of calculating beneficial ownership percentages in this statement on Schedule 13D, the total number of shares of Common Stock outstanding as of June 15, 2022 is 63,753,722, as reported in the Issuer's Information Statement, filed with the SEC on June 17, 2022.

Case ID: 221102195

| | | |
|---|---|---|
| 1 | Names of Reporting Persons<br>**Avery Conner Capital Trust** | |
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions)<br>a. ☒ b. ☐ | |
| 3 | SEC Use Only | |
| 4 | Source of Funds (See Instructions)<br>**AF, WC** | |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e)<br>☐ | |
| 6 | Citizenship or Place of Organization<br>**Florida** | |
| Number of Shares Beneficially Owned By Each Reporting Person With | 7 | Sole Voting Power<br>0 |
| | 8 | Shared Voting Power<br>4,724,662(3) |
| | 9 | Sole Dispositive Power<br>0 |
| | 10 | Shared Dispositive Power<br>4,724,662(3) |
| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person<br>4,724,662(1) | |
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions)<br>☐ | |
| 13 | Percent of Class Represented By Amount in Row (11)<br>7.4%(2) | |
| 14 | Type of Reporting Person (See Instructions)<br>**OO** | |

(3)   4,724,662 shares of Common Stock held by the Avery Conner Capital Trust, of which Philip A. Norcross, Susan D. Hudson, Geoffrey B. Hudson and Rose M. Guida serve as Trustees and may be deemed to have shared beneficial ownership as Trustees.

Case ID: 221102195

| 1 | Names of Reporting Persons |
|---|---|
| | **Philip A. Norcross** |

| 2 | Check the Appropriate Box If a Member of a Group (See Instructions) |
|---|---|
| | a. ☒ b. ☐ |

| 3 | SEC Use Only |
|---|---|

| 4 | Source of Funds (See Instructions) |
|---|---|
| | **PF, OO See Item 3** |

| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e) |
|---|---|
| | ☐ |

| 6 | Citizenship or Place of Organization |
|---|---|
| | **United States of America** |

| Number of Shares Beneficially Owned By Each Reporting Person With | 7 | Sole Voting Power |
|---|---|---|
| | | 450,000 |
| | 8 | Shared Voting Power |
| | | 4,724,662(3) |
| | 9 | Sole Dispositive Power |
| | | 450,000 |
| | 10 | Shared Dispositive Power |
| | | 4,724,662(3) |

| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person |
|---|---|
| | 5,174,662(1),(3) |

| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions) |
|---|---|
| | ☐ |

| 13 | Percent of Class Represented By Amount in Row (11) |
|---|---|
| | 8.1%(2) |

| 14 | Type of Reporting Person (See Instructions) |
|---|---|
| | **IN** |

Case ID: 221102195

| 1 | Names of Reporting Persons<br>**Susan D. Hudson, in her capacity as a Trustee** | |
|---|---|---|
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions)<br>a. ☒ b. ☐ | |
| 3 | SEC Use Only | |
| 4 | Source of Funds (See Instructions)<br>**OO See Item 3** | |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e)<br>☐ | |
| 6 | Citizenship or Place of Organization<br>**United States of America** | |
| Number of<br>Shares<br>Beneficially<br>Owned By<br>Each<br>Reporting<br>Person<br>With | 7 | Sole Voting Power<br>0 |
| | 8 | Shared Voting Power<br>4,724,662(3) |
| | 9 | Sole Dispositive Power<br>0 |
| | 10 | Shared Dispositive Power<br>4,724,662(3) |
| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person<br>4,724,662(1), (3) | |
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions)<br>☐ | |
| 13 | Percent of Class Represented By Amount in Row (11)<br>7.4%(2) | |
| 14 | Type of Reporting Person (See Instructions)<br>**IN** | |

Case ID: 221102195

| 1 | Names of Reporting Persons **Geoffrey B. Hudson, in his capacity as a Trustee** | | |
|---|---|---|---|
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions) a. ☒ b. ☐ | | |
| 3 | SEC Use Only | | |
| 4 | Source of Funds (See Instructions) **OO See Item 3** | | |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e) ☐ | | |
| 6 | Citizenship or Place of Organization **United States of America** | | |
| Number of Shares Beneficially Owned By Each Reporting Person With | 7 | Sole Voting Power 0 | |
| | 8 | Shared Voting Power 4,724,662(3) | |
| | 9 | Sole Dispositive Power 0 | |
| | 10 | Shared Dispositive Power 4,724,662(3) | |
| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person 4,724,662(1), (3) | | |
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions) ☐ | | |
| 13 | Percent of Class Represented By Amount in Row (11) 7.4%(2) | | |
| 14 | Type of Reporting Person (See Instructions) **IN** | | |

Case ID: 221102195

| 1 | Names of Reporting Persons<br>**Rose M. Guida, in her capacity as a Trustee** |
|---|---|
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions)<br>a. ☒ b. ☐ |
| 3 | SEC Use Only |
| 4 | Source of Funds (See Instructions)<br>**OO See Item 3** |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e)<br>☐ |
| 6 | Citizenship or Place of Organization<br>**United States of America** |

| Number of<br>Shares<br>Beneficially<br>Owned By<br>Each<br>Reporting<br>Person<br>With | 7 | Sole Voting Power<br>**0** |
|---|---|---|
| | 8 | Shared Voting Power<br>**4,724,662(3)** |
| | 9 | Sole Dispositive Power<br>**0** |
| | 10 | Shared Dispositive Power<br>**4,724,662(3)** |

| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person<br>**4,724,662(1), (3)** |
|---|---|
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions)<br>☐ |
| 13 | Percent of Class Represented By Amount in Row (11)<br>**7.4%(2)** |
| 14 | Type of Reporting Person (See Instructions)<br>**IN** |

Case ID: 221102195

| 1 | Names of Reporting Persons<br>**Gregory B. Braca** | | |
|---|---|---|---|
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions)<br>a. ☒ b. ☐ | | |
| 3 | SEC Use Only | | |
| 4 | Source of Funds (See Instructions)<br>**PF** | | |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e)<br>☐ | | |
| 6 | Citizenship or Place of Organization<br>**United States of America** | | |
| Number of<br>Shares<br>Beneficially<br>Owned By<br>Each<br>Reporting<br>Person<br>With | 7 | Sole Voting Power<br>462,384 | |
| | 8 | Shared Voting Power<br>0 | |
| | 9 | Sole Dispositive Power<br>462,384 | |
| | 10 | Shared Dispositive Power<br>0 | |
| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person<br>462,384(1) | | |
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions)<br>☐ | | |
| 13 | Percent of Class Represented By Amount in Row (11)<br>0.7%(2) | | |
| 14 | Type of Reporting Person (See Instructions)<br>**IN** | | |

Case ID: 221102195

This Amendment No. 19 ("Amendment No. 19") amends the statement on Schedule 13D filed with the Securities and Exchange Commission (the "SEC") on January 31, 2022, as amended prior to the date of this Amendment No. 19 (the "Original Schedule 13D") as specifically set forth herein (as so amended, the "Schedule 13D"). Except as provided herein, each Item of the Original Schedule 13D remains unchanged.

**Item 4.**      **Purpose of the Transaction.**

Item 4 of the Original Schedule 13D is hereby amended to delete the last paragraph thereof and add the following:

On September 16, 2022, the Group delivered a letter to the Board (the "September 16 Letter"), the text of which is set forth below:

Dear Directors,

As holders of approximately 9.9% of the common stock of Republic First Bancorp, Inc. ("Company"), we read with interest the announcement Thursday morning that the Company's Board has formed a Strategic Review Committee and begun a process to explore inquiries from potential interested parties. As you know, we are one of those parties who are already actively engaged and are making this disclosure as a Schedule 13D filer in response to the announcement.

We applaud the effort and appreciate the Board finally moving forward in a more definitive direction after months of needless delay as all of the shareholders have incurred significant damage as a result of the stock price declining since the departure of the prior chairman; a trend that continued until the recent announcement. Over the last eight months, we communicated many times with the Board regarding a number of critical items, including insider transactions, lack of transparency and leadership, strategic investment errors and dysfunctional management. That said, much work still remains for the Company and its board, including the need to regain compliance with NASDAQ listing requirements by completing and filing long overdue financial reports. We have also reached out to the Board with respect to our ideas and thoughts as to the future of the Company. We look forward to hopefully now participating in an expedient, fair and transparent process consistent with the ideas and thoughts we have previously set forth.

At this time, we want to bring to the Board's attention some recent actions taken by Company management. Specifically, more than a month after action was taken, the Company recently announced that it granted the Interim Chief Executive Officer a financial incentive and golden parachute package that would result in him receiving millions of dollars at the expense of the shareholders if certain transactions, like a sale of the Company, were to occur. Just a few days later, the Company announced the creation of the Strategic Review Committee. We are deeply concerned the market may have been misled by the expectations you have created by these announcements. We believe that a financially attractive proposal from a strategic acquirer is unlikely given the financial position of the Company, and continue to believe a strategic proposal along the lines we have laid in out in prior communications is the better alternative for the Company to pursue for the benefit of the shareholders.

Again, a distressed fire sale of the Company at this time is not in the best interests of the shareholders, particularly taking into account the ill-advised and ill-timed decisions with the respect to the Company's investment portfolio, which, based on the information in the bank's two most recently filed call reports, has potential losses that we believe could be as high as $200 million. No prudent decision maker would sell an asset like the Company under distress when viable and meaningful alternatives are before them. Instead, we believe the better alternative is to invest in the Company and fix its business model along the lines we described under the leadership of Gregory Braca, one of the leading bankers in the country today who is intimately familiar with the PA/NY/NJ market area.

Finally, rest assured that we as one of the largest shareholders of the Company, along with many of our fellow shareholders who have contacted us, will be carefully watching the Company's actions during this process. We are open to any constructive ideas or dialogue as we move forward, but will not tolerate any action by the Company that does not maximize long term value for all of the Company's shareholders. On this issue, our interests should all be in total alignment.

Very truly yours,

George E. Norcross, III

Gregory Braca

Philip A. Norcross

The Reporting Persons cannot predict the Issuer's response to the September 16 Letter, or any meetings, letters or any other proposal, and there can be no assurances as to what further actions will be taken by the Reporting Persons and whether or when the Reporting Persons may develop any specific proposals to make to the Issuer, which may be made alone or with other persons, and how such actions will be taken or proposals made. The Reporting Persons may engage in discussions with management, the Board, shareholders or other persons regarding a variety of matters, including a potential transaction involving the Issuer, which may include the acquisition of Common Stock by the Group, whether through open market or privately negotiated transactions, or by merger, tender offer, or similar transaction, or the sale of any or all of the Issuer's securities it may hold at any time, and certain governance matters, including the appointment of a Chief Executive Officer of the Issuer, which may include Gregory B. Braca or another qualified candidate. Each Reporting Person reserves the right to take actions, including those that relate to or could result in any of the matters set forth in clauses (a) through (j) of Item 4 of Schedule 13D, other than as described in this Item 4.

Case ID: 221102195

After reasonable inquiry and to the best of my knowledge and belief, the undersigned certifies that the information set forth in this statement is true, complete and correct.

Date: September 16, 2022

**George E. Norcross, III**

By:      /s/ George E. Norcross, III

**Avery Conner Capital Trust**

By:      /s/ Philip A. Norcross
Name:   Philip A. Norcross
Title:     Trustee

**Philip A. Norcross**

By:      /s/ Philip A. Norcross

**Susan D. Hudson**

By:      /s/ Susan D. Hudson

**Geoffrey B. Hudson**

By:      /s/ Geoffrey B. Hudson

**Rose M. Guida**

By:      /s/ Rose M. Guida

**Gregory B. Braca**

By:      /s/ Gregory B. Braca

Case ID: 221102195