IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| George E. Norcross, III, Gregory B. Braca, and Philip A. Norcross,<br><br>Plaintiffs,<br><br>vs.<br><br>Republic First Bancorp, Inc., Harry Madonna, Andrew B. Cohen, Lisa Jacobs, Harris Wildstein, Peter B. Bartholow, and Benjamin C. Duster, IV,<br><br>Defendants. | **CIVIL ACTION**<br>**NO. 22-cv-04953 (BMS)** |

## DECLARATION OF LAURA E. KRABILL, ESQ.

I, Laura E. Krabill, declare as follows:

1. I am a partner at Ballard Spahr LLP. I represent Plaintiffs George E. Norcross, III, Gregory B. Braca, and Philip A. Norcross ("Plaintiffs") in the above-captioned action. I make this declaration in support of Plaintiffs' Motion for Expedited Remand and from my own personal knowledge.

2. Plaintiffs filed the Complaint in this action on November 22, 2022, and sent a courtesy copy to Defendants' counsel on the same day. A true and correct copy of a November 22 email forwarding the Complaint to Defendants' counsel (without attachment) is attached as Exhibit A.

3.     On December 5, Plaintiffs filed a Motion for Preliminary Injunction (the "PI Motion") in this matter in the Philadelphia Court of Common Pleas, asking that the Court preliminarily enjoin Defendants Republic First Bancorp, Inc. (the "Company"), Harry Madonna, Andrew B. Cohen, Lisa Jacobs, Harris Wildstein, Peter B. Bartholow, and Benjamin C. Duster, IV (collectively, "Defendants") from, *inter alia*: (1) implementing their plan to reduce the size of the Company's board or any similar measure that has the effect of frustrating shareholders' voting rights; (2) making any amendments to the Company bylaws or size of the board until after the 2022 annual meeting and a special meeting to fill an additional vacant director seat; or (3) making any attempt to enforce the improper nomination deadline Defendants had set or preclude Plaintiffs' board nomination. True and correct copies of Plaintiff's Motion for Preliminary Injunction (with Proposed Orders), Memorandum of Law in support, and Declaration of Philip Norcross in support with exhibits (other than the Complaint) are attached hereto as Exhibits B, C, and D, respectively.

4.     Again, Plaintiffs sent Defendants' counsel a courtesy copy of the PI Motion the day it was filed, before the filing had even been accepted by the Court of Common Pleas' filing system. A true and correct copy of a December 5, 2022 email forwarding the PI Motion package to Defendants' counsel (without attachments) is attached as Exhibit E.

5.     On December 6, counsel for Plaintiffs conferred with counsel for Defendants to set a schedule for Defendants' response and a hearing on Plaintiffs' PI Motion. Because the Company's 2022 annual meeting is currently scheduled for January 26, 2023, Plaintiffs contended that they required a hearing on their PI Motion before the Christmas holidays in order to effectively engage in their proxy contest and solicit votes from their fellow shareholders. Defendants claimed they believed a hearing in the first week of January would leave Plaintiffs sufficient time to conduct their proxy contest.

6.     On that same call, counsel for Plaintiffs advised counsel for Defendants that the judge appointed to the case in the Court of Common Pleas has a conflict with Plaintiffs' law firm and recuses herself from cases in which the firm appears, and that as a result the judicial assignment would likely need to change.

7.     Later on the afternoon of December 6, the parties spoke with Susan Packer, administrator of the Court's Commerce Program. Ms. Packer advised the parties that while she would resolve the judicial assignment issue, the parties would need to contact the subsequent assigned judge to address scheduling.

8.     Late that afternoon, the parties were notified that the Honorable Ramy I. Djerassi had been assigned to the case. The parties agreed by email to contact Judge Djerassi's chambers the next day. A true and correct copy of the December

6–7 email correspondence between counsel for the parties is attached hereto as Exhibit F.

9. On December 7, counsel for Defendants advised that he was traveling and unavailable to contact Judge Djerassi's chambers until the afternoon. Accordingly, the parties jointly contacted Judge Djerassi's chambers by phone at approximately 3:30 PM. In the call to chambers, Judge Djerassi's office directed the parties to submit letters (or a joint letter) setting forth their positions on scheduling. Additionally, the parties were also advised that Judge Djerassi was scheduled to be on vacation in early January.

10. Plaintiffs attempted to coordinate a joint letter with Defendants and provided Defendants with a draft containing Plaintiffs' position at approximately 2:00 PM the next day, December 8. Counsel for Defendants advised Plaintiffs that lead defense counsel had a funeral that morning and that Defendants therefore would not be able to complete their portion of the proposed joint letter until after hours that day or the next morning. In light of the urgency of the matter, Plaintiffs advised Defendants that they would submit their letter to the Court setting forth their position and agreed to notify the Court in their letter that Defendants intended to submit their own letter the next day. A true and correct copy of the December 8 email correspondence between counsel for the parties is attached hereto as Exhibit G.

11. As indicated, Plaintiffs submitted their letter requesting an expedited schedule and setting forth the reasons a hearing before the holidays was imperative to the Court on the afternoon of December 8, advising the Court that Defendants intended to submit their letter the following day. A true and correct copy of Plaintiffs' December 8 letter is attached hereto as Exhibit H.

12. That same day, the Court entered an order setting Wednesday, December 14 as the Defendants' response date for the PI Motion, and scheduling a hearing on the PI Motion for Friday, December 16. A true and correct copy of the Court's December 8 order is attached hereto as Exhibit I.

13. The following day, December 9, Defendants submitted a letter to the Court asking that it delay their response date and the hearing. Among other reasons for their request to delay, Defendants indicated that their local counsel—George M. Vinci and Neal R. Troum, Esqs.—would be in trial the following week in Delaware and unable to prepare briefing or prepare for the hearing. A true and correct copy of Defendants' December 9 letter is attached hereto as Exhibit J.

14. Later that day, Ms. Packer relayed to the parties the Court's response to Defendants' letter offering Defendants a choice: the Court would delay the hearing on Plaintiffs' PI Motion until mid-January (likely January 18) if Defendants delayed the Company's annual meeting by at least thirty (30) days; otherwise, the dates for Defendants' response and the hearing would proceed as ordered. Ms.

Packer also advised that the Court noted, in light of the unavailability of Defendants' local counsel, *pro hac vice* counsel could appear for Defendants. A true and correct copy of Ms. Packer's December 9 email to the parties is attached hereto as Exhibit K.

15. After receiving Ms. Packer's email, counsel for Defendants contacted Plaintiffs' counsel and asked if Plaintiffs would jointly request a response and hearing the week of December 19, if the Court was amenable to that schedule. Plaintiffs' counsel noted that Plaintiffs would likely not agree, and pointed out that Defendants had the ability to obtain additional time by delaying the Company's annual meeting (which had already been delayed by eight months). Defendants refused that option.

16. Up through the evening of December 12, Defendants proceeded to communicate with Plaintiffs about witnesses, exhibits, and attendance at the December 16 hearing as though they intended the hearing to go forward as scheduled. A true and correct copy of the December 9–13 email correspondence between counsel for the parties is attached hereto as Exhibit L.

17. On the morning of December 14, the due date for Defendants' response to Plaintiffs' PI Motion, Plaintiffs received an automated email notification from the Court of Common Pleas e-filing system containing Defendants' notice of removal to this Court. Defendants provided no prior notice to Plaintiffs before filing their

notice of removal. According to the notification, Defendants had filed their notice of removal at 5:21 PM on December 13, after the state court's close of business. Thus, the filing was not reviewed and accepted by the court—and Plaintiffs notified via the Court's e-filing system—until the following morning. A true and correct copy of the December 14, 2022 email notification received by Plaintiffs is attached as Exhibit M.

18. On Thursday, December 15, after Defendants' removal to this Court, Alan Epstein, Esq., of the same firm as Mr. Vinci and Mr. Troum, called me and asked that Plaintiffs advise Defendants of Plaintiffs' intentions to make any filings in this case, noting that he would be on trial this week. Mr. Epstein indicated that he would likely now be serving as lead local counsel, rather than Mr. Vinci, since he was familiar with removal procedures and had assisted lead counsel at Vinson & Elkins with the removal. He provided no explanation why his partner Mr. Vinci would be unavailable this week.

19. On December 18, 2022, Mr. Epstein sent an email to me, reiterating his trial scheduling and asking that Plaintiffs coordinate with him if and when they made any filings in this Court so that he could ask to be heard on scheduling issues for any motion. A true and correct copy of the December 18 email from Mr. Epstein is attached as Exhibit N.

7

I declare under penalty of perjury that the foregoing is true and correct, subject to the penalties of 28 U.S.C. § 1746 relating to unsworn falsifications to authorities.

Executed on December 19, 2022
Raleigh, NC

_____
Laura E. Krabill, Esq.