# EXHIBIT J



**SPECTOR GADON ROSEN VINCI** P.C.
Attorneys at Law

sgrvlaw.com

**George M. Vinci, Jr.**
Direct Dial Number
P (215) 241-8940
Direct Fax Number
F (215) 531-9128
gvinci@sgrvlaw.com

**Philadelphia Office**
Seven Penn Center
1635 Market Street
7th floor
Philadelphia, PA 19103
P (215) 241-8888
F (215) 241-8844

**New Jersey Office**
One Greentree Centre
10000 Lincoln Drive East
Suite 201
Marlton, NJ 08053
(856) 988-5490

**Florida Office**
360 Central Avenue
Suite 1550
St. Petersburg, FL 33701
(727) 896-4600

Admitted to practice:
Pennsylvania, New Jersey
and Florida

December 9, 2022

**Via facsimile (215) 686-3702 and Hand Delivery**

Hon. Ramy I. Djerassi
Court of Common Pleas of Philadelphia County
City Hall, Room 591
Philadelphia, PA 19107

Re:     <u>Norcross, et al. v. Republic First Bancorp, et al.</u>, No. 221102195

Dear Judge Djerassi:

  We write as counsel to the seven named Defendants in the above-entitled action, which was assigned to Your Honor earlier this week. We write urgently to request the opportunity to be heard concerning the Court's December 8, 2022 Scheduling Order in the referenced matter (the "December 8 Order"). Defendants respectfully submit that the December 8 Order does not afford them sufficient to time to respond to Plaintiffs' injunction motion—which despite being called "preliminary," is a case-dispositive merits determination—particularly because the undersigned and my colleague Neal Troum will be in trial next week in *Lightsway Lit. Serv. v. Yung, et al.,* D. Del. Bankr., No. 10-50289 (Hon. Mary Walrath) and will be unavailable to prepare briefing or prepare for the hearing as scheduled.

  Last night, Your Honor entered the order, which relates to Plaintiffs' motion for preliminary injunction, accepted for filing on Tuesday, December 6. The December 8 Order directed a response to Plaintiffs' motion—a submission that runs over 600 pages—by next Wednesday, December 14, and sets a hearing on the motion for December 16. We assume this schedule was entered based on plaintiffs' letter arguing the motion's merits, submitted late yesterday. That letter followed a joint call with Chambers Wednesday afternoon, December 7, at which Chambers asked that the parties submit either a joint letter or separate letters outlining the parties' respective positions *on schedule.* No date for the submission was set, but the parties expected to file it either yesterday or early today.

  The parties had discussed a joint submission with Plaintiffs' counsel to prepare an initial draft. Plaintiffs' counsel, however, sent us a draft for the first time at 2 p.m. yesterday, demanding that our response to their points be added within two hours so the letter could be hand-delivered to you by close of business. That draft went far beyond a simple explanation of the motion and related scheduling issues. It was an unauthorized merits argument; and it was the nature of that tome that Plaintiffs took some 23 hours to prepare—not any personal scheduling issue of defense counsel—that accounts for why Defendants could not

December 9, 2022
Page 2

simply drop in a response and present a joint submission. Defendants asked that Plaintiffs advise the Court that we intended to respond to their letter on Friday, which they did. But the Court entered the December 8 Order *before Defendants could be heard.* Indeed technically, Defendants have not even been served yet (though Defendants have agreed that they will accept service under certain conditions).

Defendants are prepared to expedite this matter. We respectfully suggest, however, as explained below, that the urgency Plaintiffs point to in demanding a pre-Christmas hearing either does not exist, or is a product of *Plaintiffs'* mishandling and delays in this matter. Their motion therefore stands as a hope that the Court will give them a free pass. For the reasons stated below, Defendants ask that the Court entertain a call with counsel at its convenience today and modify the December 8 Order to dates that afford Defendants a meaningful opportunity to respond to the vast array of issues that Plaintiffs have had weeks now to pull together in advance of filing their motion. This request is particularly important as defense counsel, including the undersigned, are on trial in Delaware bankruptcy court most of next week.

**The Basic Dispute**

While Plaintiffs urge many issues in dispute and purport to assert multiple claims, at bottom the case concerns Republic First Bancorp, Inc.'s ("FRBK" or the "Company") rejection of Plaintiff Philip Norcross's nomination of Plaintiff Gregory Braca as a candidate for director, to stand for election at the 2022 annual meeting of shareholders set for January 26, 2023 (the "2022 Annual Meeting"). A shareholder wishing to nominate director candidates for election the Company's annual meeting must submit a timely and valid notice (the "Nomination Notice") pursuant to clear and unambiguous requirements set forth in the Company's Articles of Incorporation and Bylaws (the "Notice Requirements"). In order for a shareholder to submit a valid Nomination Notice, the Notice Requirements provide that a shareholder must, among other things, hold shares of the Company's stock in "record form" on the date the Nomination Notice is submitted and the Nomination Notice must contain a representation to this effect by the nominating shareholder.

On November 4, 2022, FRBK set the 2022 Annual Meeting, giving over eighty (80) days' notice of the meeting (the "Annual Meeting Notice"). The Annual Meeting Notice set a deadline pursuant to the Company's Bylaws of November 14, 2022 for all shareholder to submit Nomination Notices pursuant to the Notice Requirements (the "Notice Deadline"). Mr. Norcross sent FRBK his purported nomination notice on November 11, 2022 (the "Purported Notice");

December 9, 2022
Page 3

FRBK sent a letter rejecting it three business days later, on November 16. The reason was straightforward: According to Transfer Agent records, which we will present with our merits opposition, Mr. Norcross was *not* a record owner on the date of the Purported Notice, a fact that FRBK confirmed before rejecting the nomination on that basis. Had Mr. Norcross been a record owner on the date of the Purported Notice by the Notice Deadline—something that Mr. Norcross could easily have accomplished at any time this year—Defendants suggest that this dispute would not exist. The Notice Requirements apply equally to all shareholders of the Company. Indeed, another shareholder of the Company, Driver Management ("Driver"), submitted timely and valid director nominations following these procedures, including the record ownership requirement, before the Company and Driver entered into a settlement agreement earlier this year.

### The Preliminary Injunction Motion

With this as background, we turn to a few points concerning Plaintiffs' motion.

- Plaintiffs have known of the nomination rejection since November 16. Yet they did not file a complaint until November 22. The Complaint runs 178 paragraphs over 61 pages, and is accompanied by 28 exhibits.

- Plaintiffs did not file their preliminary injunction motion until this week. In other words, Plaintiffs took *three weeks from rejection of the Purported Notice* to pull together the prolix submission that purports to support a preliminary injunction. Plaintiffs used that time to create a mammoth filing. Their motion itself runs 25 pages, with a supporting memorandum that is 58 pages more, plus a supporting declaration and exhibits. While Defendants do not believe that everything in the filing is actually relevant to their purported claims, merely sorting the wheat from the chaff is a major undertaking, as is analyzing whether any of Plaintiffs' assertions require testing through expedited discovery. Yet with their filing, Plaintiffs proposed that Defendants should have a mere six days to complete their response; the scheduling order would extend that to eight days—for seven different Defendants to conduct any needed discovery and prepare their merits responses.

- The preliminary injunction is *not* a straightforward preserve-the-status quo injunction request. Rather Plaintiffs seek a *mandatory injunction* that would involve the Court's dramatic intervention in the internal

December 9, 2022
Page 4

> affairs of FRBK, including requiring FRBK to waive or ignore unambiguous requirements for director nominations—requirements that have been part of its Articles of Incorporation and Bylaws for many years; and second-guessing and imposing on FRBK a new date for its annual meeting and a new time period within which stockholders could nominate director candidates. (Ironically, these new demands come despite repeated, public calls from Plaintiffs throughout 2022 for the Company to set an annual meeting "as soon as possible."[1] As soon as the Company could under Securities and Exchange Commission ("SEC") rules, in late October, it did so, setting its Annual Meeting for January 26 with more than 80 days' notice.)

- Furthermore, the preliminary injunction Plaintiffs seek is not, as a practical matter, subject to reconsideration through permanent injunction proceedings. Rather, the preliminary injunction will be a final, case-dispositive, merits determination.

- Even if a preliminary injunction were to take place after the Annual Meeting, the Court could still rule on Plaintiff's motion; using its equitable powers to fashion relief as necessary. *See, e.g. Portnoy v. Cryo-Cell Intern.*, Inc., 940 A.2d 43, 46-47 (Del. Ch. 2008) (setting aside election results after annual meeting, and requiring company to promptly hold another election at a special meeting)

- While there may be circumstances under which such a draconian use of the Court's equitable powers might be warranted, Defendants respectfully suggest that such matters be considered carefully, and only after Defendants have had a fair opportunity to develop and present a complete record. The December 8 Order affords Defendants no realistic opportunity to do so, particularly with Pennsylvania counsel on trial in Delaware most of next week.

**The Purported Urgency**

Plaintiffs say that with the 2022 Annual Meeting set for January 26, the Court must act now. There is in fact no actual urgency, and Plaintiffs' feigned effort to create urgency is a diversion intended to deprive Defendants of a fair opportunity to meet the unsupported assertions of Plaintiffs' Complaint and

---

[1] *See* Plaintiffs' Schedule 14A (filed June 13, 2022), *available at*
https://www.sec.gov/Archives/edgar/data/834285/000119312522172466/d280555ddfan14a.htm.

December 9, 2022
Page 5

motion papers. The fact is that even if FRBK had accepted Mr. Norcross's purported nomination of Mr. Braca (which it was unable to do), Plaintiffs would still, as of today, be unable to solicit proxies for Mr. Braca's election.

- Under Section 14 of the federal Securities Exchange Act of 1934, as amended, Plaintiffs can solicit proxies *only* pursuant to a filed definitive proxy statement that has been reviewed and cleared by the SEC. Plaintiffs could have filed a preliminary proxy statement, thereby commencing the SEC review process, when they submitted their nomination on November 11, but they did not. And they still have not.[2] And the filing of a preliminary proxy statement does not end the matter. The SEC needs time to examine the proxy statement, and often makes multiple rounds of comments that require filing amendments to the proxy statement, particularly in a contested situation. *See* 17 CFR § 240.14a-6. The process of clearing SEC comments on a contested proxy statement routinely takes between 10 days (in the exceptionally rare instances where the SEC Staff has no significant comments) and three weeks; and Plaintiffs have done nothing to commence that process as of this writing.[3] With the holidays upon us (thereby limiting the number of days in which the SEC will accept filings, let alone review them), even if Plaintiffs had by now filed a preliminary proxy statement, the chances for SEC clearance before year end are remote. There would accordingly be no prejudice to Plaintiffs from a hearing in early January and from a briefing schedule consistent with this.

- Plaintiffs also are barred from soliciting proxies for Mr. Braca until an application to do so has been approved by the Pennsylvania Department of Banking and Securities. Although Plaintiffs again could have sought that approval at any time in 2022 after identifying Mr. Braca as their prospective director nominee, which they allege was early in the year, they did not in fact even apply for that approval until November 15. Pursuant to Section 503.E of the Department of Banking and Securities Code, there is a 30-day comment period following the filing of an application, and the Commissioner cannot act on the application until after that period has expired. And the regulations give the Commissioner at least 60 days within which to act on an application. *See* 7 Pa. Stat. §

---

[2] That Defendants dispute the validity of the Purported Notice does not prevent Plaintiffs from filing a preliminary proxy statement with the SEC. *See* https://www.sec.gov/Archives/edgar/data/946644/000119312522245230/0001193125-22-245230-index.htm (showing preliminary proxy filed before court ruled on validity of nomination notice).

[3] All SEC filings related to FRBK are publicly available online; a preliminary proxy statement for Plaintiffs does not appear. *See* https://www.sec.gov/edgar/browse/?CIK=834285&owner=exclude.

December 9, 2022
Page 6

> 112(e). In other words, because Plaintiffs did not bother making application to the Commissioner until November 15, Plaintiffs might well not get leave to solicit proxies for Mr. Braca until only a few days before the Annual Meeting, even assuming the application is unopposed. Plaintiffs had at least this entire calendar year to make this application to the Commissioner. At a minimum, Plaintiffs are again not prejudiced by a schedule that contemplates a hearing in early January and briefing consistent with this.

- Nor do Plaintiffs' complaints about the purported short window within which stockholders could nominate director candidates hold water. Despite Plaintiffs' complaint about the deadline, the fact is that they *met* the deadline: they timely submitted their nomination of Mr. Braca. The problem was that Mr. Norcross was not a record owner of FRBK shares when he made his nomination on November 11. Plaintiffs' never once objected to the deadline. Indeed, they never even objected to a shorter deadline of seven (7) days set by a custodian of the Company earlier this year with respect to a federal district court-ordered special meeting of shareholder that the Third Circuit later overturned.[4]

At bottom, then, Plaintiffs, having eschewed the very simple requirement of becoming a record stockholder, are asking the Court to rush this motion to decision so that they can have a do-over to correct their multiple omissions. And their approach is to try to divert attention from those omissions by imposing on the Court a spaghetti-against-the-wall set of allegations with table pounding about stockholder disenfranchisement, all to prejudice Defendants' basic right to contest their scurrilous accusations with actual evidence instead of innuendo and supposition.

FRBK and its directors urge the Court to convene a call at its convenience today to discuss these matters, or to vacate its December 8 Order in favor of a schedule that contemplates a hearing at the Court's convenience after the new year, with a briefing schedule consistent with the hearing date—for example, with Defendants' opposition due the last week of December if the hearing were set for just after the new year. Again, Defendants accept the need for this matter to be considered on an expedited basis. But particularly given the nature and finality of the relief sought and the unavailability of local defense counsel next week, Defendants need a fair and reasonable opportunity to develop and present their case. We appreciate the Court's consideration.

---

[4] *See* FRBK Form 8-K (filed June 17, 2022), available at https://www.sec.gov/Archives/edgar/data/834285/000143774922015311/ex_388187.htm

December 9, 2022
Page 7

Respectfully submitted,

**GEORGE M. VINCI, JR.**

GMV/jg
Cc: Laura E. Krabill, Esquire (via email)
　　Norman M. Goldberger, Esquire (via email)
　　Shawn Summers, Esquire (via email)
　　Marisa Antonelli, Esquire
　　Michael Charlson, Esquire
　　Neal Troum, Esquire
　　Alan B. Epstein, Esquire