# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| George E. Norcross, III, Gregory B. Braca, and Philip A. Norcross,<br><br>Plaintiffs,<br><br>vs.<br><br>Republic First Bancorp, Inc., Harry Madonna, Andrew B. Cohen, Lisa Jacobs, Harris Wildstein, Peter B. Bartholow, and Benjamin C. Duster, IV,<br><br>Defendants. | : : : : : : : : : : : : : : : : : : : | **CIVIL ACTION<br>NO. 22-cv-04953 (BMS)** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs George E. Norcross, III, Gregory B. Braca and Philip A. Norcross, collectively and with a trust for which Mr. Philip Norcross serves as a trustee, own approximately 9.9% of the issued and outstanding shares of defendant Republic First Bancorp, Inc. ("Republic First" or the "Company"). Plaintiffs have been waging a proxy contest with the Company since February 2022. As the Complaint details, the Republic First board of directors (the "Board")—composed of the individual defendants Harry Madonna, Andrew B. Cohen, Lisa Jacobs, Harris Wildstein, Peter B. Bartholow, and Benjamin C. Duster, IV (collectively, the "Director Defendants" and with the Company, "Defendants")—have engaged in unlawful and inequitable

conduct to entrench themselves in office, thwart Plaintiffs' proxy contest, and preclude the Company's shareholders, including Plaintiffs, from effectuating their franchise rights to select the managers of their enterprise.

Defendants' misconduct in rigging the upcoming board election came to a head in mid-November 2022. After failing to file its 2021 Form 10-K (due in March 2022) and delaying the 2022 annual meeting of shareholders (originally scheduled for early May), on October 26, 2022, the Company finally filed its belated Form 10-K. (*See* Complaint, ECF No. 1-1, at ¶ 15). On November 4, it announced that its 2022 annual shareholder meeting would take place on January 26, 2023, and set November 14, 2022 as the deadline for shareholders to submit nominations for candidates for the three board seats up for election at that meeting. (*Id.* ¶ 17). Then, on November 7, 2022, Defendants announced that the Board eliminated two vacant board seats, limiting Plaintiffs' ability to field candidates for the upcoming board election and shareholders' ability to vote for directors at the 2022 annual meeting, and mooting a special shareholder meeting request Plaintiffs had made to hold an election to fill the two board vacancies. (*Id.* ¶ 19).

Defendants were not done rigging the board election. After Plaintiffs nominated Mr. Braca—before the nomination deadline—Defendants rejected the nomination on the purported grounds that Plaintiffs were not "record holders" of Company stock, despite leading Plaintiffs to believe that they were record holders

2

by accepting the same proof of record ownership three times before. (*Id.* ¶¶ 22, 117). Defendants also waited until two days after the nomination deadline to reject the nomination to preclude Plaintiffs from curing the purported deficiency. (*Id.* ¶ 22). And, Plaintiffs realized after the fact, Defendants set the nomination deadline in bad faith two days before Plaintiffs would have been eligible to nominate directors under the bylaws' incorporation of Rule 14a-8, allowing nominations by beneficial holders of over $25,000 of stock after one year of ownership. (*Id.* ¶¶ 119–20).

Based on Defendants' manipulation of the board composition and nomination process to thwart their proxy contest and violate shareholder voting rights, on November 22, 2022, Plaintiffs filed suit in state court asserting exclusively state law claims. (*See* Compl. ¶¶ 129–78; Declaration of Laura E. Krabill, Esq. attached to Plaintiffs' Motion for Expedited Remand ("Krabill Decl.") ¶ 2). After trying unsuccessfully to negotiate a resolution with Defendants, on December 5, 2022, Plaintiffs filed a Motion for Preliminary Injunction (the "PI Motion"). (*See* Krabill Decl. ¶ 3). A true and correct copy of Plaintiffs' complete PI Motion package, including the motion, Plaintiffs' memorandum of law in support, declaration, exhibits, and proposed orders are attached to the Krabill Decl. as Exhibits B–D. The PI Motion sought an injunction to preclude Defendants from manipulating the upcoming board election through their announced board reduction and rejection of the nomination submitted by Plaintiffs, among other things. (PI Motion at 25).

Three days before the state court was set to hold a hearing on Plaintiffs' PI Motion, Defendants continued their manipulation of the election process by removing the case to this Court. (*See* Krabill Decl. ¶ 17). The removal was improper and the case should be remanded to the state court for lack of federal question jurisdiction, as set forth in Plaintiffs' Motion to Remand filed contemporaneously herewith.

Critically, as also detailed in Plaintiffs' Motion to Remand, Defendants' removal was a bad faith abuse of the judicial process without any legitimate grounds to assert federal question jurisdiction, but with the specific intent to derail the state court's schedule. In response to Plaintiffs' request to expedite briefing and a hearing on the PI Motion (in which Plaintiffs described the urgency of obtaining a ruling on the PI Motion to allow them to take the necessary steps to engage in an effective proxy contest in advance of the 2022 annual shareholder meeting), the state court judge (the Honorable Ramy I. Djerassi) set Defendants' response date for the PI Motion for December 14, 2022, and a hearing on December 16, 2022. (*See* Krabill Decl. ¶ 12). Defendants pled for delay from the state court (and from Plaintiffs), but the state court judge ruled that the dates would remain intact unless Defendants delayed the 2022 annual shareholder meeting, scheduled for January 26, 2023, by at least thirty (30) days. (*Id.* ¶¶ 13–15).

When Defendants' delay tactics did not hold sway with the state court, they took matters into their own hands. Despite having no good faith basis to believe that this Court has jurisdiction over Plaintiffs' state court action, Defendants filed a Notice of Removal the evening before their response to the PI Motion was due, overriding Judge Djerassi's rulings and giving themselves the extension they had sought unsuccessfully, but without meeting the condition imposed by the court. (*Id.* ¶ 17). By filing their Notice of Removal, Defendants immediately stripped the state court of jurisdiction to proceed with the PI Motion and hearing. The state court, recognizing its hands were tied, notified the parties within hours of receiving notice of the removal that the December 16 hearing was cancelled. Defendants therefore avoided their response date and the December 16 hearing by abusing the judicial process and weaponizing the procedural mechanisms that provide litigants access this Court.

Defendants' bad faith removal days before the PI Motion was scheduled to be heard in the state court will necessarily delay the ultimate resolution of the PI Motion. This Court may require some time to consider the Motion to Remand to determine whether it has jurisdiction over this case at all, though Plaintiffs have asked for expedited consideration. If the Court determines it does not have jurisdiction, Plaintiffs' PI Motion will need to be briefed and heard in the state court. Because Defendants were able to avoid the December 16 hearing date through their

5

misconduct, with the holiday season around the corner, Plaintiffs' PI Motion may well not be heard and decided until the 2022 annual shareholder meeting is imminent (or even past). As Plaintiffs explained in seeking expedition from the state court, limiting Plaintiffs' time to engage in a proxy contest will severely hamper their ability to successfully contest the election.

In particular, early resolution of the PI Motion is essential because, if Plaintiffs prevail, the Company will need to reopen nominations to allow shareholders to nominate director candidates for at least one of the director seats the Board sought to eliminate. If Defendants must accept Plaintiffs' nomination, Plaintiffs will also need time in advance of the meeting to send proxy materials to and solicit votes from their fellow shareholders in favor of their candidate (and potentially other director candidates nominated by Plaintiffs or by other Company shareholders). Plaintiffs' proxy solicitation firm and counsel estimate that the timing to engage in a meaningful proxy fight is at least four to five weeks, including the following tasks:

| **Action** | **Timing** |
|---|---|
| Preparation and Filing of Preliminary Proxy Statement | 1 week |
| SEC Comment Period | 10 calendar days |
| Responding to any SEC comments | 1 week |
| Filing Definitive Proxy Statement | Typically 2–3 weeks after preliminary proxy |
| Printing proxy statement | 1 business day |
| Mailing proxy statement to shareholders | Up to 5 business days |
| Direct Engagement with Proxy Advisors (ISS and Glass Lewis) and institutional shareholders, and follow-up with retail shareholders (including offering additional voting opportunities) | 4 weeks |

If this Court determines it has jurisdiction (which it should not), Plaintiffs reiterate their PI Motion here and incorporate the motion, memorandum, declaration, exhibits and proposed orders, by reference as though fully set forth herein. *See* Krabill Decl., Exhibits B–D. Plaintiffs again seek expedited briefing and a hearing in this Court on the PI Motion.

Even if this Court determines to hear the PI Motion and does so on an expedited schedule, Defendants' gamesmanship in removing only when their response was due in the state court will delay the ultimate resolution of Plaintiffs' PI Motion as this Court considers the Motion to Remand and the PI Motion, essentially destroying Plaintiffs' ability to wage a successful proxy contest given the timing required to do so effectively. Plaintiffs cannot be allowed to run out the clock by a

7

series of improper delaying tactics centering on counsel's unavailability and improper removal. In essence, Defendants' bad faith manipulation of the legal system will allow them to get away with their bad faith manipulation of the board election. Even if Plaintiffs ultimately prevail on the merits of their PI Motion, Defendants will have won the war by fundamentally eliminating the time Plaintiffs can actively solicit proxies from their fellow shareholders to prevail in the board election. Elections of all sorts must be conducted fairly, not subject to time constraints that the incumbent manipulates in its favor.

Accordingly, in addition to the relief requested in Plaintiffs' PI Motion, to allow this Court sufficient time to consider the Motion to Remand and for either this Court or the state court to hear and decide the PI Motion, Plaintiffs respectfully request that this Court enter an interim order prohibiting Defendants from holding the 2022 annual shareholder meeting until at least sixty (60) days after either this Court or the state court rules on the PI Motion, to preserve the status quo. This relief is particularly appropriate here, where Defendants have abused the litigation process to obtain an underhanded tactical advantage at an annual meeting. *See Strategic Turnaround Equity Partners, L.P. v. Fife*, No. 10-cv-11305, 2010 U.S. Dist. LEXIS 63629, at *32–35 (E.D. Mich. June 28, 2010) (striking motion to dismiss and counterclaims filed in bad faith, after the close of business, four days before an annual meeting); *Gordon Props., LLC v. First Owners Ass'n of Forty Six Hundred*

8

*(In re Gordon Props., LLC)*, 460 B.R. 681, 699–700 (E.D. Va. 2011) (imposing monetary sanction on directors who attempted to cancel annual meeting, with the opportunity to avoid sanction if the meeting is held as scheduled); *QRK v. Kenilworth Court Residents Ass'n*, No. CI-16-04989, 2017 Pa. Dist. & Cnty. Dec. LEXIS 7378, at *82–85 (Lancaster Cty. C.P. Oct. 25, 2017) (removing director from corporation board as a sanction for improperly suspending member's voting rights before an annual meeting, when "his persistent pattern of conduct regarding annual and special meetings has been to act in bad faith").

Dated: December 19, 2022						Respectfully submitted,

*/s/ Laura E. Krabill*
**BALLARD SPAHR LLP**
M. Norman Goldberger
Adrian R. King, Jr.
Laura E. Krabill
Shawn F. Summers
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Direct: (215) 864.8622
kinga@ballardspahr.com
goldbergern@ballardspahr.com
krabilll@ballardspahr.com

*Attorneys for Plaintiffs George E. Norcross, III, Gregory B. Braca, and Philip A. Norcross*

OF COUNSEL:

Brian T. Frawley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
212.558.4000
frawleyb@sullcrom.com