# EXHIBIT D

BALLARD SPAHR LLP
By: Adrian R. King, Jr. (PA No. 69315)
M. Norman Goldberger (PA No. 28241)
Laura E. Krabill (PA No. 76879)
Shawn F. Summers (PA No. 327471)
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
215.864.8622
kinga@ballardspahr.com

*Attorneys for Plaintiffs*

| | | |
|---|---|---|
| George E. Norcross, III, Gregory B. Braca, and Philip A. Norcross, | : : : : | |
| Plaintiffs, | : : | IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY |
| vs. | : : : | |
| Republic First Bancorp, Inc., Harry Madonna, Andrew B. Cohen, Lisa Jacobs, Harris Wildstein, Peter B. Bartholow, and Benjamin C. Duster, IV, | : : : : : : | November Term, 2022 No. 02195 |
| Defendants. | : : : : : : | |

## DECLARATION OF PHILIP A. NORCROSS

I, Philip A. Norcross, declare the following statements are true and correct based on my personal knowledge.

1. I am a plaintiff in this action.

2. Plaintiffs have previously submitted an application to the Pennsylvania Department of Banking and Securities for approval to solicit proxies (the "Application") in connection with the election of

Case ID: 221102195
Control No.: 22121214

directors at the upcoming annual meeting (and potential special meeting) of defendant Republic First Bancorp, Inc. ("Republic First" or the "Company")

3.      The Application is still pending. The Department has indicated that the Application contains all of the required information for its assessment and approval.

4.      The public comment period for the Application closes on December 8, 2022, at which point the Department of Banking and Securities may approve Plaintiffs' Application at any time.

5.      Plaintiffs anticipate that approval will be granted shortly after the close of the public comment period.

6.      I was advised by my broker at Janney that I owned record shares of Republic First stock.

7.      Based on the Company's acceptance of various requests (including two books and records requests and my nomination of Mr. Braca as a director when the custodian scheduled a special meeting to fill the Board seat vacated by Mr. Flocco's death), I believed that the information from my broker was correct and that I was a record holder of Republic First stock.

Case ID: 221102195
Control No.: 22121214

8.     A true and correct copy of the first of these requests, a books and records request dated June 13, 2022, was previously attached as Exhibit 10 to the Complaint in this action and is attached hereto as Exhibit B.

9.     A true and correct copy of the second of these requests, my nomination of Mr. Braca dated June 21, 2022, was previously attached as Exhibit 8 to the Complaint in this action and is attached hereto as Exhibit C.

10.    A true and correct copy of the third of these requests, a books and records request dated October 25, 2022, was previously attached as Exhibit 21 to the Complaint in this action and is attached hereto as Exhibit D.

11.    On July 5, 2022, the Company delivered shareholder lists to my counsel in response to my first books and records request.

12.    In response to my October 25, 2022, books and records request, the Company recently delivered shareholder lists to Plaintiffs' proxy solicitation firm.

13.    In the past six months, the Company's share price has dropped from approximately $4.38 per share to $2.50 per share.

Case ID: 221102195
Control No.: 22121214

I declare the foregoing statements are true and correct and are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Executed this 5th day of December, 2022, at 1:15 PM, in Camden, NJ.

Philip A. Norcross

4

Case ID: 221102195
Control No.: 22121214

FILED

05 DEC 2022 06:03 pm

Civil Administration

F. HEWITT

# EXHIBIT B

Case ID: 221102195
Control No.: 22121214

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

June 13, 2022

Alfred Putnam, Esq., Custodian of Republic First Bancorp, Inc.,
　　Faegre Drinker Biddle & Reath LLP,
　　　　One Logan Square,
　　　　　　Suite 2000,
　　　　　　　　Philadelphia, Pennsylvania 19103.

　　　　Re:　　Republic First Bancorp, Inc.— Demand for
　　　　　　　Shareholder List and Other Materials

Dear Mr. Putnam:

　　　　Thank you for your response dated June 8, 2022 to the letter dated June 3, 2022 from our client, George E. Norcross, III, demanding that Republic First Bancorp, Inc. (the "Company") make available for inspection certain books and records of the Company.

　　　　In response to your request, and without prejudice to Mr. Norcross's right as a shareholder to inspect books and records under Pennsylvania law, we have enclosed a similar shareholder request from our client, Philip A. Norcross, a record owner of shares of common stock, par value $0.01 per share, of the Company.

　　　　In addition, we confirm that our client is willing to execute a reasonable confidentiality agreement that would protect the legitimate interests of the Company and its shareholders. We have attached a draft confidentiality agreement for your review and comment as Annex A hereto.

Case ID: 221102195
Control No.: 22121214

Alfred Putnam, Esq.                                                          -2-

Very truly yours,

Mitchell S. Eitel

(Enclosures)

Cc:  Lisa Jacobs, Secretary of Republic First Bancorp, Inc.
     H. Rodgin Cohen, Esq., Sullivan & Cromwell LLP
     Adrian R. King, Jr., Esq.
     M. Norman Goldberger, Esq.
     (Ballard Spahr LLP)
     Rick Coe, Esq., Faegre Drinker Biddle & Reath LLP

Case ID: 221102195
Control No.: 22121214

June 13, 2022

Faegre Drinker Biddle & Reath LLP
One Logan Square
Suite 2000
Philadelphia, Pennsylvania 19103
Attn: Alfred Putnam, Custodian of Republic First Bancorp, Inc.

Via FedEx and email to alfred.putnam@faegredrinker.com

Board of Directors of Republic First Bancorp, Inc.
Two Liberty Place
50 South 16th Street, Suite 2400
Philadelphia, Pennsylvania 19102
Attn: Lisa Jacobs, Secretary of Republic First Bancorp, Inc.

Via FedEx and email to ljacobs@myrepublicbank.com

       Re:   Republic First Bancorp, Inc.— Demand for
              Shareholder List and Other Materials

Dear Mr. Putnam:

       Philip A. Norcross (the "Requesting Shareholder") submits this letter in his capacity as the record owner of 10,000 shares of common stock, par value $0.01 per share, of Republic First Bancorp, Inc., a Pennsylvania corporation (the "Company"). Attached as Exhibit A is documentary evidence of the Requesting Shareholder's record ownership of 10,000 shares of Company common stock as of June 13, 2022, and such documentary evidence is a true and correct copy of what it purports to be. The Requesting Shareholder continues to own the shares reflected on Exhibit A.

       As previously communicated to the board of directors of the Company (the "Board"), the group consisting of the Requesting Shareholder, George E. Norcross, III, Gregory B. Braca and the Avery Conner Capital Trust intends to nominate Gregory B. Braca for election to the vacancy on the Board. In connection therewith and pursuant to Section 1508 of the Pennsylvania Business Corporation Law (the "BCL"), the Requesting Shareholder hereby demands the right, during the Company's usual hours for business no later than June 20, 2022 and continuing thereafter as he may determine is necessary, to inspect, copy and make extracts

Case ID: 221102195
Control No.: 22121214

from, the Company's share register and its other books and records, including the following information:

       (a)     As of the date hereof, a complete record or list of the holders of record of the outstanding shares of the Company's common stock, par value $0.01 per share, and the holders of record of the outstanding shares of the Company's preferred stock, par value $0.01 per share (including shares designated as "7.0% Perpetual Non-Cumulative, Convertible Preferred Stock, Series A") (collectively, the "Capital Stock"), certified by the Company or its transfer agent and registrar, showing in respect of each such holder (A) the name, last known business, residence or mailing address, and telephone number of each such holder; (B) the number of shares of Capital Stock held by each such holder; and (C) the account numbers of each such holder (such record or list, the "Shareholder List").

       (b)     Promptly following the date on which the record date of the special shareholders' meeting has been set, a revised Shareholder List as of the record date.

       (c)     A complete record or list of the participants to whom shares of Capital Stock are attributable under any employee stock ownership, stock purchase, stock option, retirement, restricted stock, incentive, profit sharing, dividend reinvestment or any similar plan of the Company in which voting of shares under the plan is controlled, directly or indirectly, individually or collectively, by such plan's participants, showing in respect of each such participant (i) the name, last known business, residence or mailing address, and telephone number of each such holder; (ii) the number of shares of Capital Stock attributable to each such participant in any such plan; and (iii) the name, business address and telephone number of the trustee or administrator of any such plan, and a detailed explanation of the voting treatment not only of shares of Capital Stock for which the trustee or administrator receives instructions from participants, but also shares of Capital Stock for which either they do not receive instructions or shares of Capital Stock which are outstanding in any such plan but are unallocated to any participant.

       (d)     All transfer journals and daily transfer sheets showing changes in the names, addresses and number of shares of holders of Capital Stock which are in or come into the possession or control of the Company or any of its transfer agents, registrars or proxy solicitors, or which can reasonably be obtained from brokers, dealers, banks, clearing agencies, voting trustees or their respective nominees.

       (e)     All information in or which comes into possession or control of the Company or any of its transfer agents, registrars or proxy solicitors, or which can reasonably be obtained from The Depository Trust Company ("DTC"), brokers, dealers, banks, clearing agencies, voting trustees or their respective nominee, concerning the names, addresses and number of shares of Capital Stock held by the participating brokers and banks named in the individual nominee names of Cede & Co., specifically with respect to Cede & Co., the DTC Daily Participant Lists (to be provided electronically daily), or other similar depositories or nominees, including respondent bank lists.

Case ID: 221102195
Control No.: 22121214

(f)     All information in or that comes into the Company's possession or control, or that can reasonably be obtained from brokers, dealers, banks, clearing agencies, voting trustees or their respective nominee, relating to the names of the beneficial owners of Capital Stock pursuant to Rule 14b-1(c) or Rule 14b-2(c) under the Securities Exchange Act of 1934, as amended, including a Non Objecting Beneficial Owners list.

(g)     All stop lists or stop transfer lists relating to any shares of Capital Stock.

(h)     In respect of all information referred to in paragraphs (a) through (g) above, (i) electronic media containing such information, (ii) the computer processing data necessary for the Requesting Shareholder to make use of such information on electronic media, and (iii) a hard copy printout of such information for verification purposes (all information and materials referred to in paragraphs (a) through (h), collectively, the "Requested Materials").

The Requesting Shareholder demands that all Requested Materials be made available to the Requesting Shareholder or his designees, as of the most recent date available, no later than June 20, 2022.

The purpose of this demand is to enable the Requesting Shareholder (including as part of his group) to communicate with fellow shareholders of the Company on matters relating to their mutual interests as shareholders.

The Requesting Shareholder has designated and authorized, as his agents to conduct the inspection and copying of the Requested Materials requested herein, Ballard Spahr LLP, Sullivan & Cromwell LLP and their respective partners, associates, employees and other persons designated by them, and acting together, singly or in combination. A copy of the power-of-attorney granted to such designees is attached hereto as Exhibit B.

The Requesting Shareholder will bear the reasonable costs incurred by the Company in producing the records requested upon presentment of appropriate documentation of such costs.

Pursuant to Section 1508 of the BCL, the Company, or any officer or agent thereof, is required to reply to this demand within five business days of the date hereof. Accordingly, please advise the Requesting Shareholder's counsel at Ballard Spahr LLP, Adrian R. King, Jr., Esq., at (215) 864-8622, as promptly as practicable within the requisite timeframe, when and where the Requested Materials will be made available to the Requesting Shareholder or his designees. If you or the Company contend that this demand is incomplete or is otherwise deficient in any respect, please notify the Requesting Shareholder immediately in writing, with a copy to Adrian R. King, Jr., Esq., Ballard Spahr LLP, 1735 Market Street, 51st Floor, Philadelphia, PA 19103, telephone number (215) 864-8622, facsimile number (215) 864-8999, and email kinga@ballardspahr.com, setting forth the facts or law that you or the Company

Case ID: 221102195
Control No.: 22121214

contend support such position and specifying any additional information believed to be required. In the absence of such prompt notice, the Requesting Shareholder will assume that you and the Company agree that this demand complies in all respects with the requirements of the BCL.

*[Remainder of page intentionally left blank]*

Case ID: 221102195
Control No.: 22121214

The Shareholder affirms the foregoing statements to be true under penalty of perjury under the laws of the United States.

Very truly yours,

_____
Name:    Philip A. Norcross

cc:    Adrian R. King, Jr., Esq.
       M. Norman Goldberger, Esq. (GoldbergerM@ballardspahr.com)
       (Ballard Spahr LLP)


STATE OF NEW JERSEY
COUNTY OF CAMDEN

I, Philip A. Norcross, am the record owner of 10,000 shares of common stock, par value $0.01 per share, of Republic First Bancorp, Inc., a Pennsylvania corporation. The facts, statements and representations contained in the foregoing demand are true and correct under penalty of perjury to the best of my knowledge and belief.

_____
Philip A. Norcross

SWORN TO AND SUBSCRIBED before me this ___13___ day of June, 2022.

_____
Notary Public
My Commission Expires

ANITA M MENSAH
NOTARY PUBLIC
STATE OF NEW JERSEY
ID # 50138207
MY COMMISSION EXPIRES SEPT. 22, 2025

# EXHIBIT A

**Evidence of Record Ownership**

Case ID: 221102195
Control No.: 22121214



Robert W. Hoey, AWMA
Executive Vice President/Wealth Management
Branch Manager
direct 856.291.5002
rhoey@janney.com

June 13, 2022

Mr. Philip A. Norcross
130 Delancey St.
Philadelphia, PA 19106

Dear Mr. Norcross:

As set forth in the attached account statement, this will confirm that you are the record holder of 10,000 shares of Republic First Bancorp, Inc. (NASDAQ: FRBK) as of the date of the last quarterly statement ending March 31, 2022. This will further confirm that between the March 31, 2022 and the date of this letter there has been no activity in your account with respect to purchases and sales. You continue to maintain record ownership of 10,000 shares of FRBK.

If you need any further account information, please do not hesitate to contact us.

Sincerely,

Robert W. Hoey, AWMA®, AIF®
Executive Vice President- Wealth Management
Branch Manager

RWH:sdw

Enclosure

JANNEY MONTGOMERY SCOTT LLC
701 East Gate Drive, Suite 210
Mt. Laurel, NJ 08054
office 856.291.5000
toll-free 855.289.2168
fax 856.235.0594

WWW.JANNEY.COM    THE HIGHEST STANDARD OF SUCCESS IN FINANCIAL RELATIONSHIPS.    MEMBER: NYSE, FINRA, SIPC
SECURITIES AND INVESTMENT ADVISORY SERVICES OFFERED THROUGH JANNEY MONTGOMERY SCOTT LLC A REGISTERED INVESTMENT ADVISER.

Case ID: 221102195
Control No.: 22121214

PHILIP A NORCROSS      ACCOUNT NUMBER: ▓▓5107

## PORTFOLIO DETAILS

### EQUITIES - STOCKS & OPTIONS

| Description | Symbol/ CUSIP | Quantity | Purchase Date | Cost Amount | Unit Cost | Current Price | Current Value | Unrealized Gain/(Loss) | Term | Accrued Interest | Est. Ann. Income | Est. Yield | % of Port. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| REPUBLIC FIRST BANCORP INC | FRBK | 10,000 | c11/16/21 | 34,893.18 | 3.4893 | 5.1600 | 51,600.00 | 16,706.82 | ST | | | | 100.0% |

Case ID: 221102195
Control No.: 221211214

**Portfolio Holdings**
**Net - Investment Group**



**Prepared For:**

██████

PHILIP A NORCROSS
████████████

ML23 HOEY ROBERT W/HOEY
ROBERT T

| Quantity | Name | Security | Open Date | Mkt Price | Unit Cost | Cost Amount | Value | Unrealized | % Gain Loss | Estimated Income | Curr Yield | % of Port |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Liquid Assets** | | | | | | | | | | | | |
| **Liquid Assets Summary** | | | | | | | | | | | | |
| **Equities** | | | | | | | | | | | | |
| 10,000 | REPUBLIC FIRST BANCORP INC | FRBK | 11/16/2021ᶜ | 4.3200 | 3.4893 | 34,893.18ᴺ | 43,200.00 | ██ | ██ | | | ██ |
| ██ | | | | | | ██ | ██ | ██ | | | | ██ |
| ██ | | | | | | ██ | ██ | ██ | | | | ██ |

Case ID: 221102195
Control No.: 22121214

# EXHIBIT B

**Power of Attorney**

Case ID: 221102195
Control No.: 22121214

## POWER OF ATTORNEY

KNOW ALL PERSONS that Philip A. Norcross, on June 13, 2022, does hereby make, constitute and appoint Ballard Spahr LLP and Sullivan & Cromwell LLP and their respective partners, associates, employees and other persons designated by Ballard Spahr LLP and Sullivan & Cromwell LLP, as his true and lawful attorneys-in-fact and agents for him in his name, place and stead, giving and granting unto said attorneys and agents full power and authority to act on his behalf, as a shareholder of Republic First Bancorp, Inc., a Pennsylvania corporation (the "Company"), to seek the production, and to engage in the inspection, and to make copies and extracts from, records and documents of every kind and description, including all Requested Materials (as such term is defined in such letter) that Philip A. Norcross demanded pursuant to Section 1508 of the Pennsylvania Business Corporation Law by letter dated June 13, 2022.

Philip A. Norcross reserves all rights on his part to do any act that said attorneys and agents hereby are authorized to do or perform. This Power of Attorney may be terminated by Philip A. Norcross or said attorneys and agents by written notice to the other.

Name: Philip A. Norcross

Case ID: 221102195
Control No.: 22121214

**ANNEX A**

**Form of Confidentiality Agreement**

Case ID: 221102195
Control No.: 22121214

## CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement (this "Agreement") is entered into as of this ___ day of June 2022 by and between Republic First Bancorp, Inc. ("Republic First") and Philip A. Norcross (the "Recipient"). Republic First and the Recipient are sometimes together herein called the "Parties" and individually a "Party."

## RECITALS:

A.     Republic First is a Pennsylvania business corporation;

B.     The Recipient is a record shareholder of Republic First;

C.     The Recipient has made a demand pursuant to 15 Pa. C.S. §1508 to review certain books and records of Republic First (the "Books and Records Demand");

D.     The Books and Records Demand seeks access to certain Confidential Information (as defined below);

E.     Republic First is willing to disclose to the Recipient certain Confidential Information pursuant to the terms of this Agreement.

NOW THEREFORE, in consideration of the foregoing, and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties agree as follows:

1.     <u>Definitions</u>. In addition to the terms defined in the recital paragraphs above, each of the following terms used in this Agreement has its respective meaning specified below.

(a)     "Confidential Information" means any and all information, in any form or medium provided to the Recipient in response to the "Books and Records

1

Case ID: 221102195
Control No.: 22121214

Demand," including shareholder lists, financial statements and projections, books of account and other financial records, business plans, and information about Republic First's products, markets, customers, suppliers, assets, liabilities, and prospects, all of which Republic First asserts are highly confidential; provided, however, that "Confidential Information" does not include information which (i) is or becomes available to the public generally (other than as a result of disclosure by the Recipient or one of his Representatives in violation of this Agreement); and (ii) becomes available to the Recipient on a non-confidential basis from a source other than Republic First or one of its Representatives, provided that such source is not, to the knowledge of the Recipient after reasonable inquiry, bound by a confidentiality agreement with or other contractual, legal, or fiduciary obligation of confidentiality to Republic First or any other person with respect to such information; and provided further, that nothing contained in this Agreement shall prevent Recipient from using any shareholder list to communicate with shareholders of Republic First; provided, further, that such communication shall not otherwise violate any terms of this Agreement.

   (b) "Representatives" when used with reference to a Party means officers, directors, attorneys, accountants, consultants, bankers, proxy solicitors and financial advisors of the Party.

   2. <u>Confidential Information</u>. Recipient acknowledges and agrees that the use and disclosure of any and all Confidential Information, whether provided before or after execution of this Agreement, by the Recipient is governed by this Agreement. As a condition to the furnishing of the Confidential Information to the Recipient, the Recipient agrees, and shall direct his Representatives, to treat the Confidential

2

Case ID: 221102195
Control No.: 22121214

Information in accordance with the provisions of this Agreement and to otherwise comply with the terms of this Agreement. The Recipient acknowledges and agrees that disclosure of any Confidential Information would result in damage to Republic First that may be substantial, irreparable and extremely difficult to quantify.

3. Use and Non-Disclosure of Confidential Information.

The Recipient and his Representatives shall (i) use the Confidential Information solely, and as limited by applicable law, for the purposes set forth in the Books and Records Demand, including but not limited to, communicating with fellow shareholders of Republic First on matters relating to their mutual interests as shareholders (the "Permitted Purpose"), (ii) use, protect, and maintain the Confidential Information in accordance with applicable law, and (iii) keep the Confidential Information confidential, and neither the Recipient nor any of his Representatives will disclose any of the Confidential Information in any manner whatsoever to anyone other than as permitted by this Agreement. Notwithstanding the foregoing, the Recipient may disclose the Confidential Information only on a strict need-to-know basis: (A) to such of his Representatives who need such information for the sole purpose of assisting the Recipient with evaluating the Confidential Information for the Permitted Purpose (it being understood that such Representatives shall be informed by the Recipient of the confidential nature of such information and shall be directed by the Recipient to treat such Confidential Information as confidential); and (B) in all other cases, only if and to the extent that Republic First in its sole discretion provides prior written consent to such disclosure.

3

Case ID: 221102195
Control No.: 22121214

(b)     The Recipient will be fully responsible for any breach of the provisions of this Agreement by any of his Representatives as if they were parties hereto and the Recipient agrees to take all necessary measures to safeguard and protect the confidentiality of the Confidential Information.

4.     Privileged Information. If information subject to a claim of attorney-client privilege, the work product doctrine or any other applicable privilege or protection is provided to the Recipient or his Representatives, such production shall in no way prejudice or otherwise constitute a waiver of any claim of attorney-client privilege, work product or other privilege or protection. The Recipient and such Representatives (i) shall promptly return the information to Republic First upon being notified of such production by Republic First or Republic First's counsel; (ii) shall promptly certify in writing that the Recipient and such Representatives have destroyed all copies of the information and any summaries, notes, or other written records containing all or portions of such information; and (iii) shall not use such information for any purpose. Should the Recipient thereafter seek to compel the production of such information, the Recipient shall not assert that Republic First's prior production of such information is a ground for compelling Republic First to produce such information or any other information to the Recipient or any other person.

5.     Return of Confidential Information. Upon Republic First's request, the Recipient shall (i) return all originals and copies of Confidential Information or (ii) destroy all originals and copies of the Confidential Information including, but not limited to, memoranda, notes, photographs, and other data prepared by the Recipient or his Representatives on the Confidential Information (in the case of Confidential

4

Case ID: 221102195
Control No.: 22121214

Information stored in any electronic form, by use of reasonable best efforts to permanently delete or remove all such Confidential Information). Such return or destruction by the Recipient must take place promptly, but in no event later than five (5) business days following the original request by Republic First for return or destruction of such Confidential Information. Within one (1) business day of such return or destruction, the Recipient shall deliver to Republic First confirmation and certification in writing that all such Confidential Information has been destroyed or returned. The Recipient and his Representatives may retain any Confidential Information to the extent necessary to comply with applicable law or regulation or any bona-fide, document retention policies or electronic backup and archival procedures. Notwithstanding the foregoing, the Recipient and his Representatives will continue to be bound by their obligations of confidentiality hereunder.

6. <u>Remedies</u>. Republic First's remedies at law for any breach of this Agreement would be inadequate. Therefore, the Recipient agrees that with respect to any breach, or threatened breach, Republic First will be entitled to all available equitable relief, including, but not limited to, specific performance, temporary restraining order, and temporary or permanent injunction, without posting of any bond, in addition to any other remedy to which Republic First may be entitled to at law or in equity. If any action, suit or proceeding is initiated by Republic First to enforce the provisions hereof, and Republic First is the prevailing party in such action, suit or proceeding, then Republic First shall be entitled to reimbursement of all costs and expenses, including attorneys' fees, incurred by Republic First in connection therewith.

Case ID: 221102195
Control No.: 22121214

7.    <u>Waivers and Amendments</u>. No failure or delay by any Party in exercising any right, power, or privilege hereunder shall operate as a wavier thereof, nor shall any single or partial exercise thereof preclude any other or future exercise thereof or the exercise of any other right, power, or privilege hereunder. No alteration, waiver, amendment, change or supplement hereto shall be binding or effective unless the same is set forth in writing signed by a duly authorized representative of each Party.

8.    <u>Choice of Law/Consent to Jurisdiction</u>. The validity, interpretation, performance, and enforcement of this Agreement shall be governed by the laws of the Commonwealth of Pennsylvania without regard to the conflicts of laws principles thereof. Each Party hereby irrevocably and unconditionally consents to submit itself to the exclusive personal jurisdiction and venue of the federal and state courts in the Commonwealth of Pennsylvania for any action, suit, or proceeding arising out of or related to this Agreement.

9.    <u>Severability</u>. If any provision or portion of this Agreement should be determined by any court or agency of competent jurisdiction to be invalid, illegal, or unreasonable, in whole or in part in any jurisdiction, and such determination should become final, such provision or portion shall be deemed to be severed in such jurisdiction, but only to the extent required to render the remaining provisions and portions of this Agreement enforceable, and this Agreement as thus amended shall be enforced in such jurisdiction to give effect to the intention of the Parties insofar as that is possible, and further, this Agreement shall continue without amendment in full force and effect in all other jurisdictions. In the event of any such determination, the Parties shall

Case ID: 221102195
Control No.: 22121214

negotiate in good faith to modify this Agreement to fulfill as closely as possible the original intents and purposes hereof.

10. <u>Successors and Assigns</u>. The benefits of this Agreement shall inure to the respective successors and assigns of the Parties, and the obligations and liabilities assumed in this Agreement by the Parties shall be binding upon their respective successors and assigns.

11. <u>Headings</u>. The headings to the Sections and subsections herein are for identification purposes only and are not to be construed as part of this Agreement.

12. <u>Entire Agreement</u>. This Agreement embodies the entire and sole agreement and understanding of the Parties hereto and supersedes any and all prior arrangements, agreements, understandings, negotiations and discussions, whether oral or written, in relation to the matters provided for herein.

IN WITNESS WHEREOF, the Parties hereto have executed or caused this Confidentiality Agreement to be executed by their duly authorized officers as of the day and year first written above.

Republic First Bancorp, Inc.

By:_____
Name:
Title:

Philip A. Norcross

_____

7

Case ID: 221102195
Control No.: 22121214

FILED
05 DEC 2022 06:03 pm
Civil Administration
F. HEWITT

# EXHIBIT C

Case ID: 221102195
Control No.: 22121214

June 21, 2022

Lisa Jacobs
Corporate Secretary
Republic First Bancorp, Inc.
Two Liberty Place
50 South 16th Street, Suite 2400
Philadelphia, PA 19102

Alfred Putnam
c/o Faegre Drinker Biddle & Reath LLP
One Logan Square
Suite 2000
Philadelphia, Pennsylvania 19103

Re:     Notice of Director Nomination for the Special Meeting

Dear Ms. Jacobs and Mr. Putnam:

   The group consisting of George E. Norcross, III, Philip A. Norcross, Gregory B. Braca and the Avery Conner Capital Trust (the "**Group**") are, collectively, the owners of approximately 9.8% of the outstanding shares of the common stock (the "**Common Stock**"), of Republic First Bancorp, Inc. (the "**Company**"). Reference is made to the Order issued on May 26, 2022 appointing a custodian to take control of the Company and the Order issued on May 26, 2022 appointing Alfred Putnam, Esq. as custodian of the Company (the "**Custodian**") from the action in the U.S. District Court for the Eastern District of Pennsylvania, captioned *Vernon W. Hill, II, et. al.* v. *Andrew B. Cohen, et al. and Republic First Bancorp Inc.*, Case No. 2:22-cv-01924-PD (E.D.P.A) (the "**Orders**"). Pursuant to the Orders, the Custodian must call and oversee a special meeting of shareholders of the Company to take place on or before July 10, 2022 (the "**Special Meeting**"), at which the shareholders of the Company shall elect a new director to replace the late Theodore J. Flocco, Jr.

   Philip A. Norcross (the "**Shareholder**") hereby provides notice (the "**Notice**") of his nomination of Gregory B. Braca (the "**Nominee**") for election as a director to the board of directors of the Company (the "**Board**") at the Special Meeting in accordance with the Company's By-Laws. The address of each of the Nominee and the Shareholder is 350 Royal Palm Way, Suite 500, Palm Beach, Florida 33480. Certain additional information about the Nominee is set forth in Exhibit 1 hereto and incorporated herein by reference.

Case ID: 221102195
Control No.: 22121214

As of the date hereof, the Group collectively has beneficial ownership of 6,251,806 shares of Common Stock, which represents approximately 9.8% of the outstanding shares of Common Stock[1], of which George E. Norcross, III beneficially owns 674,572 shares, the Nominee beneficially owns 462,384 shares and the Shareholder beneficially owns 5,114,850 shares, including 4,687,540 shares beneficially owned by the Avery Conner Capital Trust, of which the Shareholder, Susan D. Hudson, Geoffrey B. Hudson and Rose M. Guide serve as trustees. The Shareholder is a holder of record of Common Stock and intends to appear in person or by proxy at the Special Meeting to nominate Gregory B. Braca as described in this Notice. Evidence of the Shareholder's record ownership as of June 21, 2022 is set forth in Exhibit 2 hereto. The Shareholder intends to continue to hold shares of the Common Stock on June 24, 2022, the record date for the Special Meeting (the "**Record Date**") and will be entitled to vote at the Special Meeting.

The Nominee has consented to being named as a nominee on a proxy statement and to serve as a director of the Company, if elected. The written consent of the Nominee is attached as Exhibit 3 hereto and incorporated herein by reference. In the event the Nominee is unable to stand for election at the Special Meeting, the Shareholder, in person or by proxy, intends to nominate a person in the place of such Nominee.

This Notice is delivered without prejudice to any other rights of the Shareholder, including in the event that the Orders are vacated in whole or in part. Should the Custodian announce an increase in the number of directors to be elected at the Special Meeting beyond one, the Shareholder may determine to promptly provide the names and required information with respect to such additional directors as the Shareholder will propose to nominate.

If the Custodian believes that this notice is in any way deficient, the Custodian should promptly call H. Rodgin Cohen (212-558-3534) or Mitchell S. Eitel (212-558-4960) of Sullivan & Cromwell LLP to notify them of the alleged deficiency so that they can arrange for the Shareholder to supplement and/or amend this notice as appropriate.

The execution and delivery of this Notice shall not constitute a waiver of the rights of the Shareholder to contest the validity of any nomination procedures or any determinations made with respect to this Notice.

*[Remainder of Page Intentionally Left Blank]*

---

[1] Based on the number of shares of Common Stock outstanding as of June 15, 2022, as reported in the Company's Information Statement filed with the Securities and Exchange Commission on June 17, 2022.

4858-2656-1061 v.7

Case ID: 221102195
Control No.: 22121214

Very truly yours,

Philip A. Norcross

cc:    H. Rodgin Cohen
       Mitchell S. Eitel
       (Sullivan & Cromwell LLP)

# EXHIBIT 1

## Additional Information

### Business Experience

**Gregory B. Braca**, age 58, is the President and Chief Executive Officer of General American Capital, LLC, an investment holding company, a position he has held since January 31, 2022. Before his departure on January 28, 2022, Mr. Braca served as President and Chief Executive Officer of TD Bank US Holding Company, a bank holding company, and its subsidiaries TD Bank, N.A., a national bank ("TD Bank") and TD Bank USA, National Association, a national bank from June 2017 to December 2021. During his tenure as Chief Executive Officer of TD Bank, Mr. Braca was also a member of the board of directors. Mr. Braca also served as Group Head of U.S. Banking of Toronto-Dominion Bank, a banking and financial services company and the parent company of TD Bank ("TD Bank Group") and as a member of their management committee during this same period. Since joining Commerce Bank, N.A., a national bank ("Commerce Bank") and a predecessor to TD Bank, in 2002, Mr. Braca has held various positions, including Chief Operating Officer from November 2016 to June 2017, Head of Corporate and Specialty Banking from January 2012 to November 2016, a business he started, and Metro President of NY from June 2002 to January 2012 of TD Bank (and Commerce Bank, prior to its acquisition by TD Bank Group in 2008). In addition, Mr. Braca was a member of TD Bank's management committee from January 2012 to December 2021. Mr. Braca began his banking career in 1982 working at other leading financial institutions, including Citibank, N.A., Marine Midland Bank, a former New York bank, which was acquired by HSBC in 1980, and Barclays Bank of New York, N.A., as a Relationship Manager in 1989. Mr. Braca also spent 10 years from December 1992 to June 2002 at FleetBoston Bank, a Massachusetts-based bank, in several roles, including running the Healthcare Corporate Banking business as Senior Vice President/Team Leader New York from 1998 to 2002. In addition to serving as Chairman of the board of directors of the New York Bankers Association, a trade group, most recently from February 2020 to February 2022 and as a member of the board since 2015, Mr. Braca has been a member of various non-profit and community organization boards, including the Big Brothers Big Sisters of New York City from 2015 to present.

The Shareholder believes that Mr. Braca's experience as a senior executive and director at one of the top ten largest bank in the United States, time spent for the majority of his career in the New York, New Jersey and Pennsylvania markets, and his significant understanding of risk management, corporate governance and lending make him well qualified to serve on the board of directors of the Company.

### Arrangements

There are no arrangements or understandings between Mr. Braca and any other person pursuant to which he was selected as a nominee for director. If any designee or nominee of George E. Norcross, III, the Shareholder or Greg Braca (including Mr. Braca) is appointed to the Board, pursuant to an engagement letter entered into with Raymond James & Associates, Inc. ("**Raymond James**") on February 15, 2022, George Norcross, the Shareholder and Mr. Braca

Case ID: 221102195
Control No.: 22121214

have agreed to pay Raymond James an advisory fee equal to $1,500,000, subject to adjustment and offset in certain circumstances.

**Material Proceedings**

During the past ten years, Mr. Braca has not been involved in any event or proceeding described in Item 401(f) of Regulation S-K. Neither Mr. Braca nor any of his associates is a party adverse to the Company or any of its subsidiaries in any legal proceeding, or has a material interest adverse to the Company or any of its subsidiaries in any legal proceeding.

On May 17, 2022, George Norcross, the Shareholder and Mr. Braca withdrew all complaints filed against the Company in the Philadelphia Court of Common Pleas, which are summarized below.

On March 8, 2022, George Norcross, the Shareholder and Mr. Braca filed a complaint against the Company and Vernon Hill, Theodore J. Flocco, Jr., Brian Tierney and Barry Spevak (Messrs. Hill, Flocco, Tierney and Spevak are referred to collectively as the "**Individual Defendants**"), alleging that the Individual Defendants have engaged in and are engaging in inequitable conduct designed to curtail the fundamental voting rights of the Company's shareholders in violation of Pennsylvania law, in an effort to entrench defendant Vernon Hill. The complaint was subsequently amended on April 19, 2022 to seek the scheduling of the 2022 annual meeting of shareholders of the Company and the appointment of a custodian to break the Board deadlock.

On March 29, 2022, George Norcross filed a shareholder complaint against the Company seeking to make the Company's books and records available to Mr. Norcross for inspection.

**Family Relationships**

There are no relationships by blood, marriage or adoption (not more remote than first cousin) between Mr. Braca and any other director or executive officer of the Company, or any person nominated or chosen to become a director or an executive officer of the Company.

**Director Independence**

We believe Mr. Braca would qualify as, an "independent director" within the meaning of (i) applicable NASDAQ listing standards applicable to board composition, including Rule 5605(a)(2), and (ii) Section 301 of the Sarbanes-Oxley Act of 2002. Notwithstanding the foregoing, no director of a NASDAQ listed company qualifies as "independent" under the NASDAQ listing standards unless the board of directors affirmatively determines that such director is independent under such standards. Accordingly, if Mr. Braca is elected, the determination of Mr. Braca's independence under the NASDAQ listing standards ultimately rests with the judgment and discretion of the Board.

Case ID: 221102195
Control No.: 22121214

**EXHIBIT 2**

**Evidence of Record Ownership**

Case ID: 221102195
Control No.: 22121214



Robert W. Hoey, AWMA
Executive Vice President/Wealth Management
Branch Manager
direct 856.291.5002
rhoey@janney.com



June 21, 2022

Mr. Philip A. Norcross
130 Delancey St.
Philadelphia, PA 19106

Dear Mr. Norcross:

As set forth in the attached account statement, this will confirm that you are the record holder of 10,000 shares of Republic First Bancorp, Inc. (NASDAQ: FRBK) as of the date of the last quarterly statement ending March 31, 2022. This will further confirm that between the March 31, 2022 and the date of this letter there has been no activity in your account with respect to purchases and sales. You continue to maintain record ownership of 10,000 shares of FRBK.

If you need any further account information, please do not hesitate to contact us.

Sincerely,

Robert W. Hoey, AWMA®, AIF®
Executive Vice President- Wealth Management
Branch Manager

RWH:sdw

Enclosure

JANNEY MONTGOMERY SCOTT LLC
701 East Gate Drive, Suite 210
Mt. Laurel, NJ 08054
office 856.291.5000
toll-free 855.289.2168
fax 856.235.0594

WWW.JANNEY.COM    THE HIGHEST STANDARD OF SUCCESS IN FINANCIAL RELATIONSHIPS.    MEMBER: NYSE, FINRA, SIPC
SECURITIES AND INVESTMENT ADVISORY SERVICES OFFERED THROUGH JANNEY MONTGOMERY SCOTT LLC A REGISTERED INVESTMENT ADVISER.

Case ID: 221102195
Control No.: 22121214

Janney Montgomery Scott LLC
Member NYSE • FINRA • SIPC

**PHILIP A NORCROSS**

**ACCOUNT NUMBER:** ▮5107

PORTFOLIO DETAILS

## EQUITIES - STOCKS & OPTIONS

| Description | Symbol/ CUSIP | Quantity | Purchase Date | Cost Amount | Unit Cost | Current Price | Current Value | Unrealized Gain/(Loss) | Term | Accrued Interest | Est. Ann. Income | Est. Yield | % of Port. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| REPUBLIC FIRST BANCORP INC | FRBK | 10,000 | c11/16/21 | 34,893.18 | 3.4893 | 5.1600 | 51,600.00 | 16,706.82 | ST | | | | 100.0% |

Case ID: 221102195
Control No.: 22121214

ML23

# Janney
Trusted Advisors for Generations

## Portfolio Holdings
### Net - Investment Group

**Prepared For:**

PHILIP A NORCROSS

ML23 HOEY ROBERT W/HOEY
ROBERT T

| Quantity | Name | Security | Open Date | Mkt Price | Unit Cost | Cost Amount | Value | Unrealized | % Gain Loss | Estimated Income | Curr Yield | % of Port |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Liquid Assets** | | | | | | | | | | | | |
| **Liquid Assets Summary** | | | | | | | | | | | | |
| **Equities** | | | | | | | | | | | | |
| 10,000 | REPUBLIC FIRST BANCORP INC | FRBK | 11/16/2021ᶜ | 4.3200 | 3.4893 | 34,893.18ᴺ | 43,200.00 | | | | | |

Case ID: 221102195
Control No.: 22121214

**EXHIBIT 3**

**Consent of the Nominee**

     I hereby consent to being named in any proxy statement of Republic First Bancorp, Inc. (the "**Company**") as a nominee for election as a director of the Company at its 2022 special meeting of shareholders and to serve as a director of the Company if elected.

Name:  Gregory Brasa

Date:    June 21, 2022

FILED
05 DEC 2022 06:03 pm
Civil Administration
F. HEWITT

# EXHIBIT D

Case ID: 221102195
Control No.: 22121214

October 25, 2022

Board of Directors of Republic First Bancorp, Inc.
Two Liberty Place
50 South 16th Street, Suite 2400
Philadelphia, Pennsylvania 19102
Attn: Lisa Jacobs, Secretary of Republic First Bancorp, Inc.

Via FedEx and email to ljacobs@myrepublicbank.com

> Re:  Republic First Bancorp, Inc. — Demand for Shareholder List and Other
>      Materials

Dear Ms. Jacobs:

   Philip A. Norcross (the "Requesting Shareholder") submits this letter in his capacity as the beneficial owner of 5,174,662 shares of common stock, par value $0.01 per share, of Republic First Bancorp, Inc., a Pennsylvania corporation (the "Company"), including 4,724,662 shares beneficially owned by the Avery Conner Capital Trust, of which the Requesting Shareholder, Susan D. Hudson, Geoffrey B. Hudson and Rose M. Guida serve as trustees, and 450,000 shares beneficially owned by the Requesting Shareholder in his individual capacity. Attached as Exhibit A is documentary evidence of the Requesting Shareholder's beneficial and record ownership of 5,174,662 shares of Company common stock as of October 25, 2022, and such documentary evidence is a true and correct copy of what it purports to be. The Requesting Shareholder continues to own the shares reflected on Exhibit A.

   As you are aware, on March 4, 2022, four of the current members of the Republic First Board of Directors (the "Board") issued a press release (the "March 4 Press Release") claiming that the other members of the Republic First board at the time (hereinafter referred to as the "Former Directors") were attempting to take actions that would be harmful to the Company and destroy shareholder value, including: "Extension of a contract to have a company owned by [the lead Former Director's] wife . . . handle architecture, interior design and related services for the bank's branches; [and] Agreements obligating the incurring [of] expenses related to the opening of new branches and the renovation of existing ones." *Id.* Shortly, thereafter, on March 17, 2022, Republic First filed the SEC's Form 12b-25 "Notification of Late Filing," which stated that the Company was "unable to finalize, and therefore file, its Annual Report on Form 10-K for the year ended December 31, 2021 (the 'Form 10-K') by the prescribed due date without unreasonable effort or expense as a result of matters disclosed in recent public filings and press releases."

Case ID: 221102195
Control No.: 22121214

On April 1, 2022 and May 10, 2022, the Company publicly announced "that the Audit Committee of the Company's board of directors has engaged Wilmer Cutler Pickering Hale and Dorr LLP [('WCPHD')] to advise it and to conduct an independent review concerning related party transactions, certain of the Company's controls, and any associated financial statement and disclosure implications."

On August 8, 2022, two of the Former Directors resigned from the Board. In the resignation letter, the Former Directors alleged that "Directors Cohen, Madonna, Jacobs, and Wildstein (the 'Cohen Directors') have engaged in conduct that has been judicially described as illegal and oppressive and are intentionally and systematically preventing us from meaningfully participating in Board deliberations and decision-making." They also claimed that the "Cohen Directors caused their personal counsel, Schulte Roth & Zabel LLP ('SRZ'), to issue a letter dated March 1, 2022 (the 'March 1 Letter') asserting that [the Former Directors ] engaged in self-dealing and that [the Cohen Directors] breached [their] fiduciary duties to the Company's shareholders" because they knew the allegations in the March 1, 2022 letter were "not based in reality or fact" and that "the issuance of the self-interested March 1 Letter and ensuing March 4 Press Release directly led to a daisy chain of easily foreseeable events that have caused, and continue to cause, the Company and its management team to expend significant resources (financial and otherwise) and have directly harmed the Company and the Bank."

On August 16, the Company announced in Form 12b-25 and Form 8-K that the "review by [WCPHD] was complete, and the findings are currently being evaluated by the Company's Audit Committee and management and by the Company's independent registered public accounting firm in connection with the audit of the Company's financial statements as of and for the year ended December 31, 2021." Despite completion of the WCPHD investigation months ago, the Company has failed to provide any additional information regarding WCPHD's findings or to explain why months have been needed to "evaluate" them.

On October 24, the Company announced in Form 8-K that the "independent review by [WCPHD] concerning related-party transactions, certain of the Company's internal controls, and any associated financial statement and disclosure implications has been completed and the Company is continuing to work diligently with its independent registered public accounting firm to file the Company's Annual Report on Form 10-K for the year ended December 31, 2021 (the 'Annual Report') and Quarterly Reports on Forms 10-Q for the periods ended March 31, 2022, and June 30, 2022, in each case including the associated financial statements as soon as possible. The Company has been informed by its independent registered public accounting firm that its audit of the Company's financial statements as of and for the year ended December 31, 2021 is substantially complete, pending certain approvals from it and the Company's former independent registered public accounting firm concerning the materiality of certain changes to the related-party disclosure in the notes to the financial statements. These

Case ID: 221102195
Control No.: 22121214

changes to the related-party disclosure are expected to have no impact on the financial results for the year ended December 31, 2021, or for any previous accounting period; and the Company otherwise expects no restatement of reported financial statements for any prior period.  Once the auditing firms agree on the changes to that disclosure, the Annual Report is otherwise ready to be filed immediately; however, the issue is largely outside the Company's control."

As previously communicated to the Board, the group consisting of the Requesting Shareholder, George E. Norcross III, Gregory B. Braca and the Avery Conner Capital Trust intends to nominate Gregory B. Braca for election to the Board.

The Requesting Shareholder hereby demands the right, pursuant to Section 1508 of the Pennsylvania Business Corporation Law (the "BCL"), during the Company's usual hours for business no later than November 4, 2022 and continuing thereafter as he may determine is necessary, to inspect, copy and make extracts from, the Company's share register and its other books and records, including the following information:

(a)     As of the date hereof, a complete record or list of the holders of record of the outstanding shares of the Company's common stock, par value $0.01 per share, and the holders of record of the outstanding shares of the Company's preferred stock, par value $0.01 per share (including shares designated as "7.0% Perpetual Non-Cumulative, Convertible Preferred Stock, Series A") (collectively, the "Capital Stock"), certified by the Company or its transfer agent and registrar, showing in respect of each such holder (A) the name, last known business, residence or mailing address, and telephone number of each such holder; (B) the number of shares of Capital Stock held by each such holder; and (C) the account numbers of each such holder (such record or list, the "Shareholder List").

(b)     A complete record or list of the participants to whom shares of Capital Stock are attributable under any employee stock ownership, stock purchase, stock option, retirement, restricted stock, incentive, profit sharing, dividend reinvestment or any similar plan of the Company in which voting of shares under the plan is controlled, directly or indirectly, individually or collectively, by such plan's participants, showing in respect of each such participant (i) the name, last known business, residence or mailing address, and telephone number of each such holder; (ii) the number of shares of Capital Stock attributable to each such participant in any such plan; and (iii) the name, business address and telephone number of the trustee or administrator of any such plan, and a detailed explanation of the voting treatment not only of shares of Capital Stock for which the trustee or administrator receives instructions from participants, but also shares of Capital Stock for which either they do not receive instructions or shares of Capital Stock which are outstanding in any such plan but are unallocated to any participant.

Case ID: 221102195
Control No.: 22121214

(c)     All transfer journals and daily transfer sheets showing changes in the names, addresses and number of shares of holders of Capital Stock which are in or come into the possession or control of the Company or any of its transfer agents, registrars or proxy solicitors, or which can reasonably be obtained from brokers, dealers, banks, clearing agencies, voting trustees or their respective nominees.

(d)     All information in or which comes into possession or control of the Company or any of its transfer agents, registrars or proxy solicitors, or which can reasonably be obtained from The Depository Trust Company ("DTC"), brokers, dealers, banks, clearing agencies, voting trustees or their respective nominee, concerning the names, addresses and number of shares of Capital Stock held by the participating brokers and banks named in the individual nominee names of Cede & Co., specifically with respect to Cede & Co., the DTC Daily Participant Lists (to be provided electronically daily), or other similar depositories or nominees, including respondent bank lists.

(e)     All information in or that comes into the Company's possession or control, or that can reasonably be obtained from brokers, dealers, banks, clearing agencies, voting trustees or their respective nominee, relating to the names of the beneficial owners of Capital Stock pursuant to Rule 14b-1(c) or Rule 14b-2(c) under the Securities Exchange Act of 1934, as amended, including a Non Objecting Beneficial Owners list.

(f)     All stop lists or stop transfer lists relating to any shares of Capital Stock.

(g)     In respect of all information referred to in paragraphs (a) through (f) above, (i) electronic media containing such information, (ii) the computer processing data necessary for the Requesting Shareholder to make use of such information on electronic media, and (iii) a hard copy printout of such information for verification purposes.

(h)     All documentation in the Company's possession relating to the "independent review" conducted by the Audit Committee, WCPHD or the Company's public auditors, including, but not limited to all Audit Committee meeting minutes, communications with the Company's auditors and any written reports provided to the Company.

(i)     All documentation in the Company's possession concerning the allegations made in the Former Directors' August 8, 2022 resignation letter.

Case ID: 221102195
Control No.: 22121214

    (j)  All documentation in the Company's possession detailing all professional fees (*e.g.*, fees paid to attorneys, accountants, investigators, consultants and/or banking advisory firms) and costs incurred by the Company in connection with the issues raised in the March 4 press release, the WCPHD investigation, the NASDAQ delisting and any related litigation and/or regulatory proceedings.

    (k)  All documentation in the Company's possession comprising communications with the U.S. Securities & Exchange Commission, the Pennsylvania Department of Banking & Securities, NASDAQ, and any other federal and/or state regulator during the period January 1, 2022 through and including the date of this books and records demand.

    (l)  All documentation in the Company's possession relating to the Board and Compensation Committee decisions regarding the non-renewal and then the revocation of the non-renewal of Mr. Madonna's employment agreement dated as of March 1, 2021, and any decisions or consideration by the Board or any committee of the Board to revise Mr. Madonna's employment agreement, including to increase his base salary to $500,000 and any consideration of terminating or revising parachute payments owed under the agreement, particularly in light of the consideration of strategic alternatives.

    (m)  All documentation in the Company's possession comprising communications with the Company's former independent registered public accounting firm regarding the Company's financial statements as of and for the year ended December 31, 2021, as discussed in the Company's October 24, 2022 Form 8-K. (All information and materials referred to in paragraphs (a) through (m), collectively, the "Requested Materials").

    The Requesting Shareholder also reiterates item (h) from the books and records request dated February 16, 2022, as supplemented on March 7, 2022, to which the Company never provided any responsive documents. The Requesting Shareholder demands that all Requested Materials be made available to the Requesting Shareholder or his designees, as of the most recent date available, no later than November 4, 2022.

    The purpose of this demand is two-fold. First, it is to enable the Requesting Shareholder (including as part of his group) to communicate with fellow shareholders of the

Case ID: 221102195
Control No.: 22121214

Company on matters relating to their mutual interests as shareholders. Second, it is to determine whether the Company's Board properly discharged its duties.

The Requesting Shareholder has designated and authorized, as his agents to conduct the inspection and copying of the Requested Materials, Ballard Spahr LLP, Sullivan & Cromwell LLP and their respective partners, associates, employees and other persons designated by them, and acting together, singly or in combination. A copy of the power-of-attorney granted to such designees is attached hereto as Exhibit B.

The Requesting Shareholder will bear the reasonable costs incurred by the Company in producing the records requested upon presentment of appropriate documentation of such costs.

Pursuant to Section 1508 of the BCL, the Company, or any officer or agent thereof, is required to reply to this demand within five business days of the date hereof. Accordingly, please advise the Requesting Shareholder's counsel at Ballard Spahr LLP, Adrian R. King, Jr., Esq., at (215) 864-8622, as promptly as practicable within the requisite timeframe, when and where the Requested Materials will be made available to the Requesting Shareholder or his designees. If you or the Company contend that this demand is incomplete or is otherwise deficient in any respect, please notify the Requesting Shareholder immediately in writing, with a copy to Adrian R. King, Jr., Esq., Ballard Spahr LLP, 1735 Market Street, 51st Floor, Philadelphia, PA 19103, telephone number (215) 864-8622, facsimile number (215) 864-8999, and email kinga@ballardspahr.com, setting forth the facts or law that you or the Company contend support such position and specifying any additional information believed to be required. In the absence of such prompt notice, the Requesting Shareholder will assume that you and the Company agree that this demand complies in all respects with the requirements of the BCL.

The Requesting Shareholder affirms the foregoing statements to be true under penalty of perjury under the laws of the United States.

Very truly yours,

Name:   Philip A. Norcross

cc:     Adrian R. King, Jr., Esq.
        M. Norman Goldberger, Esq.

**STATE OF NEW JERSEY**
**COUNTY OF CAMDEN**

I, Philip A. Norcross, am the beneficial owner of 5,174,662 shares of common stock, par value $0.01 per share, of Republic First Bancorp, Inc., a Pennsylvania corporation. The facts, statements and representations contained in the foregoing demand are true and correct under penalty of perjury to the best of my knowledge and belief.

_____
Philip A. Norcross

SWORN TO AND SUBSCRIBED before me this 25ᵗʰ day of October, 2022.

_____
Notary Public

My Commission Expires:

ANITA M MENSAH
NOTARY PUBLIC
STATE OF NEW JERSEY
ID # 50138207
MY COMMISSION EXPIRES SEPT. 22, 2025

# EXHIBIT A

**Evidence of Beneficial and Record Ownership**

Case ID: 221102195
Control No.: 22121214

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
**Washington, D.C. 20549**

---

## Schedule 13D/A
**(Rule 13d-101)**

Information to be Included in Statements Filed Pursuant to § 240.13d-1(a) and Amendments Thereto Filed
Pursuant to § 240.13d-2(a)

**Under the Securities Exchange Act of 1934
(Amendment No. 21)\***

---

# Republic First Bancorp, Inc.
**(Name of Issuer)**

---

**Common Stock, par value $0.01 per share**
**(Title of Class of Securities)**

**760416107**
**(CUSIP Number)**

---

**George E. Norcross, III**
**350 Royal Palm Way, Suite 500**
**Palm Beach, Florida 33480**
**(561) 500-4600**

*With a Copy to:*

*H. Rodgin Cohen*
*Mitchell S. Eitel*
*Sullivan & Cromwell LLP*
*125 Broad Street*
*New York, NY 10004*
*212-558-4000*

---

**(Name, address and telephone number of person authorized to receive notices and communications)**

**October 20, 2022**
**(Date of Event which Requires Filing of this Statement)**

---

Case ID: 221102195
Control No.: 22121214

If the filing person has previously filed a statement on Schedule 13G to report the acquisition that is the subject of this Schedule 13D, and is filing this schedule because of §§240.13d-1(e), 240.13d-1(f) or 240.13d-1(g), check the following box ☐.

Note: Schedules filed in paper format shall include a signed original and five copies of the schedule, including all exhibits. *See* § 240.13d-7 for other parties to whom copies are to be sent.

\*      The remainder of this cover page shall be filled out for a reporting person's initial filing on this form with respect to the subject class of securities, and for any subsequent amendment containing information which would alter disclosures provided in a prior cover page.

       The information required on the remainder of this cover page shall not be deemed to be "filed" for the purpose of Section 18 of the Securities Exchange Act of 1934 ("Act") or otherwise subject to the liabilities of that section of the Act but shall be subject to all other provisions of the Act (however, see the Notes).

Case ID: 221102195
Control No.: 22121214

| 1 | Names of Reporting Persons<br><br>**George E. Norcross, III** |
|---|---|
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions)<br>a. ☒      b. ☐ |
| 3 | SEC Use Only |
| 4 | Source of Funds (See Instructions)<br><br>**PF** |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e)<br><br>☐ |
| 6 | Citizenship or Place of Organization<br><br>**United States of America** |

| Number of Shares Beneficially Owned By Each Reporting Person With | 7 | Sole Voting Power<br><br>674,572 |
|---|---|---|
| | 8 | Shared Voting Power<br><br>0 |
| | 9 | Sole Dispositive Power<br><br>674,572 |
| | 10 | Shared Dispositive Power<br><br>0 |

| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person<br><br>674,572(1) |
|---|---|
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions)<br><br>☐ |
| 13 | Percent of Class Represented By Amount in Row (11)<br><br>1.1%(2) |
| 14 | Type of Reporting Person (See Instructions)<br><br>**IN** |

(1)   The Reporting Person is reporting on this Schedule 13D as a member of a "group" with the other Reporting Persons. The group beneficially owns 6,311,618 shares of Common Stock owned by all of the Reporting Persons in the aggregate, representing approximately 9.9% of the outstanding shares of Common Stock. See Item 5.

(2)   For purposes of calculating beneficial ownership percentages in this statement on Schedule 13D, the total number of shares of Common Stock outstanding as of June 15, 2022 is 63,753,722, as reported in the Issuer's Information Statement, filed with the SEC on June 17, 2022.

Case ID: 221102195
Control No.: 22121214

| 1 | Names of Reporting Persons<br><br>**Avery Conner Capital Trust** | | |
|---|---|---|---|
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions)<br>a. ☒    b. ☐ | | |
| 3 | SEC Use Only | | |
| 4 | Source of Funds (See Instructions)<br><br>**AF, WC** | | |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e)<br><br>☐ | | |
| 6 | Citizenship or Place of Organization<br><br>**Florida** | | |
| Number of Shares Beneficially Owned By Each Reporting Person With | 7 | Sole Voting Power<br><br>0 | |
| | 8 | Shared Voting Power<br><br>4,724,662(3) | |
| | 9 | Sole Dispositive Power<br><br>0 | |
| | 10 | Shared Dispositive Power<br><br>4,724,662(3) | |
| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person<br><br>4,724,662(1) | | |
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions)<br><br>☐ | | |
| 13 | Percent of Class Represented By Amount in Row (11)<br><br>7.4%(2) | | |
| 14 | Type of Reporting Person (See Instructions)<br><br>**OO** | | |

(3)   4,724,662 shares of Common Stock held by the Avery Conner Capital Trust, of which Philip A. Norcross, Susan D. Hudson, Geoffrey B. Hudson and Rose M. Guida serve as Trustees and may be deemed to have shared beneficial ownership as Trustees.

Case ID: 221102195<br>Control No.: 22121214

| 1 | Names of Reporting Persons<br><br>**Philip A. Norcross** | | |
|---|---|---|---|
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions)<br>a. ☒    b. ☐ | | |
| 3 | SEC Use Only | | |
| 4 | Source of Funds (See Instructions)<br><br>**PF, OO See Item 3** | | |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e)<br><br>☐ | | |
| 6 | Citizenship or Place of Organization<br><br>**United States of America** | | |
| Number of Shares Beneficially Owned By Each Reporting Person With | 7 | Sole Voting Power<br><br>450,000 | |
| | 8 | Shared Voting Power<br><br>4,724,662(3) | |
| | 9 | Sole Dispositive Power<br><br>450,000 | |
| | 10 | Shared Dispositive Power<br><br>4,724,662(3) | |
| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person<br><br>5,174,662(1),(3) | | |
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions)<br><br>☐ | | |
| 13 | Percent of Class Represented By Amount in Row (11)<br><br>8.1%(2) | | |
| 14 | Type of Reporting Person (See Instructions)<br><br>**IN** | | |

Case ID: 221102195
Control No.: 22121214

| 1 | Names of Reporting Persons<br><br>**Susan D. Hudson, in her capacity as a Trustee** |
|---|---|
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions)<br>a. ☒    b. ☐ |
| 3 | SEC Use Only |
| 4 | Source of Funds (See Instructions)<br><br>**OO See Item 3** |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e)<br><br>☐ |
| 6 | Citizenship or Place of Organization<br><br>**United States of America** |

| Number of Shares Beneficially Owned By Each Reporting Person With | 7 | Sole Voting Power<br><br>0 |
|---|---|---|
| | 8 | Shared Voting Power<br><br>4,724,662(3) |
| | 9 | Sole Dispositive Power<br><br>0 |
| | 10 | Shared Dispositive Power<br><br>4,724,662(3) |

| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person<br><br>4,724,662(1), (3) |
|---|---|
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions)<br><br>☐ |
| 13 | Percent of Class Represented By Amount in Row (11)<br><br>7.4%(2) |
| 14 | Type of Reporting Person (See Instructions)<br><br>**IN** |

Case ID: 221102195
Control No.: 22121214

| 1 | Names of Reporting Persons<br><br>**Geoffrey B. Hudson, in his capacity as a Trustee** | | |
|---|---|---|---|
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions)<br>a. ☒     b. ☐ | | |
| 3 | SEC Use Only | | |
| 4 | Source of Funds (See Instructions)<br><br>**OO See Item 3** | | |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e)<br><br>☐ | | |
| 6 | Citizenship or Place of Organization<br><br>**United States of America** | | |
| Number of Shares Beneficially Owned By Each Reporting Person With | 7 | Sole Voting Power<br><br>0 | |
| | 8 | Shared Voting Power<br><br>4,724,662(3) | |
| | 9 | Sole Dispositive Power<br><br>0 | |
| | 10 | Shared Dispositive Power<br><br>4,724,662(3) | |
| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person<br><br>4,724,662(1), (3) | | |
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions)<br><br>☐ | | |
| 13 | Percent of Class Represented By Amount in Row (11)<br><br>7.4%(2) | | |
| 14 | Type of Reporting Person (See Instructions)<br><br>**IN** | | |

Case ID: 221102195
Control No.: 22121214

| 1 | Names of Reporting Persons<br><br>**Rose M. Guida, in her capacity as a Trustee** | | |
|---|---|---|---|
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions)<br>a. ☒　　b. ☐ | | |
| 3 | SEC Use Only | | |
| 4 | Source of Funds (See Instructions)<br><br>**OO See Item 3** | | |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e)<br><br>☐ | | |
| 6 | Citizenship or Place of Organization<br><br>**United States of America** | | |
| Number of Shares Beneficially Owned By Each Reporting Person With | 7 | Sole Voting Power<br><br>0 | |
| | 8 | Shared Voting Power<br><br>4,724,662(3) | |
| | 9 | Sole Dispositive Power<br><br>0 | |
| | 10 | Shared Dispositive Power<br><br>4,724,662(3) | |
| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person<br><br>4,724,662(1), (3) | | |
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions)<br><br>☐ | | |
| 13 | Percent of Class Represented By Amount in Row (11)<br><br>7.4%(2) | | |
| 14 | Type of Reporting Person (See Instructions)<br><br>**IN** | | |

Case ID: 221102195
Control No.: 22121214

| | | |
|---|---|---|
| 1 | Names of Reporting Persons <br><br> **Gregory B. Braca** | |
| 2 | Check the Appropriate Box If a Member of a Group (See Instructions) <br> a. ☒    b. ☐ | |
| 3 | SEC Use Only | |
| 4 | Source of Funds (See Instructions) <br><br> **PF** | |
| 5 | Check Box If Disclosure of Legal Proceedings Is Required Pursuant to Items 2(d) or 2(e) <br><br> ☐ | |
| 6 | Citizenship or Place of Organization <br><br> **United States of America** | |
| Number of Shares Beneficially Owned By Each Reporting Person With | 7 | Sole Voting Power <br><br> 462,384 |
| | 8 | Shared Voting Power <br><br> 0 |
| | 9 | Sole Dispositive Power <br><br> 462,384 |
| | 10 | Shared Dispositive Power <br><br> 0 |
| 11 | Aggregate Amount Beneficially Owned by Each Reporting Person <br><br> 462,384(1) | |
| 12 | Check Box If the Aggregate Amount in Row (11) Excludes Certain Shares (See Instructions) <br><br> ☐ | |
| 13 | Percent of Class Represented By Amount in Row (11) <br><br> 0.7%(2) | |
| 14 | Type of Reporting Person (See Instructions) <br><br> **IN** | |

Case ID: 221102195
Control No.: 22121214

This Amendment No. 21 ("Amendment No. 21") amends the statement on Schedule 13D filed with the Securities and Exchange Commission (the "SEC") on January 31, 2022, as amended prior to the date of this Amendment No. 21 (the "Original Schedule 13D") as specifically set forth herein (as so amended, the "Schedule 13D"). Except as provided herein, each Item of the Original Schedule 13D remains unchanged.

**Item 4.          Purpose of the Transaction.**

Item 4 of the Original Schedule 13D is hereby amended to add the following immediately prior to the last paragraph of this item:

On October 20, 2022, George E. Norcross, III, Gregory B. Braca and Philip A. Norcross submitted a shareholder demand to the Issuer (the "Second Special Committee Demand") that the Board of the Issuer appoint a special committee of independent, disinterested directors to investigate and, if appropriate, take remedial action for breaches of fiduciary duty, corporate waste, unjust enrichment and other misconduct committed by the current Board and all officers and employees of the Issuer who participated in the misconduct, and to pursue all appropriate claims against all culpable parties for damages suffered by the Issuer as a result of the misconduct of the current officers and directors of the Issuer. The Second Special Committee Demand is attached hereto as Exhibit 7(g) and incorporated herein by reference.

**Item 7.          Material to be Filed as Exhibits.**

Item 7 of the Original Schedule 13D is hereby amended to add the following exhibit:

| Exhibit Number | Description |
| --- | --- |
| 7(g) | Second Special Committee Demand |

Case ID: 221102195
Control No.: 22121214

## SIGNATURES

After reasonable inquiry and to the best of my knowledge and belief, the undersigned certifies that the information set forth in this statement is true, complete and correct.

Date: October 20, 2022

**George E. Norcross, III**

By:    /s/ George E. Norcross, III

**Avery Conner Capital Trust**

By:    /s/ Philip A. Norcross
Name:  Philip A. Norcross
Title:   Trustee

**Philip A. Norcross**

By:    /s/ Philip A. Norcross

**Susan D. Hudson**

By:    /s/ Susan D. Hudson

**Geoffrey B. Hudson**

By:    /s/ Geoffrey B. Hudson

**Rose M. Guida**

By:    /s/ Rose M. Guida

**Gregory B. Braca**

By:    /s/ Gregory B. Braca

Case ID: 221102195
Control No.: 22121214



Janney
Trusted Advisors for Generations



Robert W. Hoey, AWMA
Executive Vice President/Wealth Management
Branch Manager
direct 856.291.5002
rhoey@janney.com

October 25, 2022


Mr. Philip A Norcross
130 Delancey St.
Philadelphia, PA   19106

Dear Mr. Norcross:

As set forth in the attached account statement, this will conform that you are the record holder of 10,000 shares of Republic First Bancorp, Inc. (NASDAQ: FRBK) as of the date of the last quarterly statement ending September 30, 2022.  This will further confirm that between the September 30, 2022 and the date of this letter there has been no activity in your account with respect to purchases and sales.  You continue to maintain record ownership of 10,000 shares of FRBK.

If you need any further account information, please do not hesitate to contact us.

Sincerely,

Robert W. Hoey, AWMA®, AIF®
Executive Vice President – Wealth Management
Branch Manager

RWH:sdw

Enclosure

JANNEY MONTGOMERY SCOTT LLC
701 East Gate Drive, Suite 210
Mt. Laurel, NJ 08054
office 856.291.5000
toll-free 855.289.2168

WWW.JANNEY.COM   THE HIGHEST STANDARD OF SUCCESS IN FINANCIAL RELATIONSHIPS.   MEMBER: NYSE, FINRA, SIPC
SECURITIES AND INVESTMENT ADVISORY SERVICES OFFERED THROUGH JANNEY MONTGOMERY SCOTT LLC A REGISTERED INVESTMENT ADVISER.

Case ID: 221102195
Control No.: 22121214



Janney Montgomery Scott LLC
Member NYSE • FINRA • SIPC

Account number:
Investment Objective: Growth/Aggressive

*Your Financial Advisor*
HOEY HECHT WEALTH MANAGEMENT
856-291-5002 OR 856-291-5026

YNNNNN   ML23
**PHILIP A NORCROSS**

## PORTFOLIO SUMMARY

|  | As of 6/30/22 | As of 9/30/22 |
|---|---|---|
| Equities - Stocks and Options | 38,100.00 | 28,300.00 |
| **TOTAL ACCOUNT VALUE** | **38,100.00** | **28,300.00** |

## ACCOUNT ALLOCATION

Equities 100.00%

## INCOME AND EXPENSE SUMMARY

|  | Current Period | Year-to-Date |
|---|---|---|
| Taxable Dividends | 0.00 | 0.00 |
| Tax-Exempt Dividends | 0.00 | 0.00 |
| Taxable Interest | 0.00 | 0.00 |
| Tax-Exempt Interest | 0.00 | 0.00 |
| Capital Gain Distributions | 0.00 | 0.00 |
| Partnership Distributions | 0.00 | 0.00 |
| Other Income | 0.00 | 0.00 |
| **TOTAL INCOME** | **0.00** | **0.00** |
| Tax Withheld | 0.00 | 0.00 |
| Margin Interest Expense | 0.00 | 0.00 |
| **TOTAL EXPENSES** | **0.00** | **0.00** |

## CASH ACTIVITY SUMMARY

|  | Current Period | Year-to-Date |
|---|---|---|
| Opening Credit/(Debit) Balance | 0.00 | 0.00 |
| Cash Deposits | 0.00 | 0.00 |
| Cash Withdrawals | 0.00 | 0.00 |
| Securities Bought | 0.00 | 0.00 |
| Securities Sold | 0.00 | 0.00 |
| Net Income (Expense) | 0.00 | 0.00 |
| Other Activity | 0.00 | 0.00 |
| Money Market Summary | 0.00 | 0.00 |
| **CLOSING CREDIT/(DEBIT) BALANCE** | **0.00** | **0.00** |

## ACCOUNT VALUE COMPARISON



38,100   06/22
28,300   09/22

Case ID: 221102195
Control No.: 22121214

Janney Montgomery Scott LLC
Member NYSE • FINRA • SIPC

PHILIP A NORCROSS

**ACCOUNT NUMBER:**

**PORTFOLIO DETAILS**

## EQUITIES - STOCKS & OPTIONS

| Description | Symbol/ CUSIP | Quantity | Purchase Date | Cost Amount | Unit Cost | Current Price | Current Value | Unrealized Gain/(Loss) | Term | Accrued Interest | Est. Ann. Income | Est. Yield | % of Port. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| REPUBLIC FIRST BANCORP INC | FRBK | 10,000 | C11/16/21 | 34,893.18 | 3.4893 | 2.8300 | 28,300.00 | (6,593.18) | ST | | | | 100.0% |
| **TOTAL EQUITIES - STOCKS & OPTIONS** | | | | **34,893.18** | | | **28,300.00** | **(6,593.18)** | | | | | **100.0%** |
| **TOTAL ACCOUNT VALUE** | | | | **34,893.18** | | | **28,300.00** | **(6,593.18)** | | | | | **100.0%** |

Case ID: 221102195
Control No.: 22121214

ML23

**EXHIBIT B**

**Power of Attorney**

Case ID: 221102195
Control No.: 22121214

# POWER OF ATTORNEY

KNOW ALL PERSONS that Philip A. Norcross, on October 25, 2022, does hereby make, constitute and appoint Ballard Spahr LLP and Sullivan & Cromwell LLP and their respective partners, associates, employees and other persons designated by Ballard Spahr LLP and Sullivan & Cromwell LLP, as his true and lawful attorneys-in-fact and agents for him in his name, place and stead, giving and granting unto said attorneys and agents full power and authority to act on his behalf, as a shareholder of Republic First Bancorp, Inc., a Pennsylvania corporation (the "Company"), to seek the production, and to engage in the inspection, and to make copies and extracts from, records and documents of every kind and description, including all Requested Materials (as such term is defined in such letter) that Philip A. Norcross, demanded pursuant to Section 1508 of the Pennsylvania Business Corporation Law by letter dated October 25, 2022.

Philip A. Norcross reserves all rights on his part to do any act that said attorneys and agents hereby are authorized to do or perform. This Power of Attorney may be terminated by Philip A. Norcross or said attorneys and agents by written notice to the other.

Name: Philip A. Norcross

Case ID: 221102195
Control No.: 22121214