# EXHIBIT H


# Ballard Spahr
LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Laura E. Krabill
Tel: 215.864.8848
Fax: 215.864.9756
krabilll@ballardspahr.com

December 8, 2022

*By Facsimile (without enclosure) and Hand Delivery*

Hon. Ramy I. Djerassi
Court of Common Pleas of Philadelphia County
City Hall, Room 591
Philadelphia, PA 19107

Re: <u>*Norcross, et al. v. Republic First Bancorp, et al.*, No. 221102195</u>

Dear Judge Djerassi:

This firm represents Plaintiffs George E. Norcross, III, Gregory B. Braca, and Philip A. Norcross in the above-captioned action. Plaintiffs sought to coordinate with defendants to file a joint letter with each side's position. Lead counsel for defendants had a personal commitment this morning and needs additional time to prepare defendants' position. Defendants intend to submit their position tomorrow morning. In light of the urgency of this matter and the time constraints, Plaintiffs did not want to delay in submitting this letter.

On December 5, 2022, Plaintiffs filed a Motion for Preliminary Injunction (the "Motion"), a courtesy copy of which is enclosed herewith, seeking to enjoin defendants, Republic First Bancorp, Inc. (the "Company") and its board of directors (the "Board" or "Individual Defendants"), from reducing the number of board seats from eight to six, and rejecting Plaintiffs' nomination of Mr. Braca as a director candidate for the upcoming board election scheduled to take place on January 26, 2023, among other relief.

Plaintiffs' motion requested a response date for defendants of December 12, 2022 and a hearing scheduled later that week. Plaintiffs delivered the motion to defendants' counsel on the day it was filed and spoke with defendants' counsel the next day regarding scheduling. Defendants sought additional time to respond to the motion, indicating that they believed some targeted discovery was also warranted. Therefore, they proposed responding to the motion on the normal 20-day schedule with a hearing the first week in January.

The Board has scheduled the 2022 annual shareholders' meeting, including the election of directors, to occur on January 26, 2023. Both parties recognize that a ruling on the preliminary injunction is necessary sufficiently in advance of the January 26, 2023 annual shareholders' meeting and director election to allow the parties to prepare and distribute

proxy solicitation materials to the Company's shareholders advocating for (and seeking proxies to vote for) their respective candidates to be elected to the Company's board.

By way of background, the 2022 annual shareholders' meeting was originally scheduled to occur in May 2022. As the Motion explains, the annual meeting was delayed due to various disputes between the incumbent board members causing the Company's auditors to refuse to certify the Company's 2021 financial statements until the Company engaged independent counsel to investigate the various accusations by the board members. The Company therefore did not file its 2021 annual report on Form 10-K with the Securities Exchange Commission ("SEC") until late October 2022.

The Company announced on November 4, 2022, that it had scheduled the 2022 annual meeting and election of directors to occur on January 26, 2023. The Company's board is divided into three classes of directors, with one class up for election each year at the annual meeting. The Class III directors are up for election at the 2022 annual meeting. Until November 4, 2022, there were three Class III director seats that would be the subject of the election at the 2022 annual shareholders' meeting. On November 7, 2022, the Company announced that it had reduced the size of the board from eight members to six and that there would now be only two Class III director seats up for election at the 2022 annual shareholders' meeting.

The Company also set November 14, 2022, as the deadline for shareholders to submit nominations for candidates for the Class III director positions. Plaintiffs currently own collectively, including through a trust of which plaintiff Philip Norcross is a trustee, almost 10% of the issued and outstanding shares of the Company's stock. Since February 2022, Plaintiffs have publicly reported in SEC filings their share ownership and that they disagree with the direction of the Company and intended to support alternative candidates for election to the Board, rather than the incumbent candidates promoted by the defendants.

On November 11, 2022, Plaintiffs submitted their nomination of Mr. Braca as a candidate for one of the two Class III board seats up for election at the 2022 annual meeting. On November 16, 2022, defendants rejected Plaintiffs' nomination and advised that the Company would not include Mr. Braca as a director candidate in its proxy statement to be distributed to shareholders.

The Motion seeks to preclude the Board from eliminating two board seats in advance of the 2022 annual meeting (and a special shareholder meeting Plaintiffs requested in October to fill a vacant Class I board seat), require it to reopen nominations for directors and accept Plaintiffs' nomination(s).

Plaintiffs believe that a hearing on their Motion before the holidays is necessary so that the Company, Plaintiffs and all of the Company's shareholders will know how many board seats are up for election at the 2022 annual meeting set for January 26, 2023. Further, if Plaintiffs

prevail on their Motion, the Company will need to reopen nominations to allow shareholders to nominate director candidates for the Class III director seat the Board sought to eliminate. If Defendants must accept Plaintiffs' nomination of Mr. Braca, Plaintiffs will also need time in advance of the meeting to send proxy materials to and solicit votes from their fellow shareholders in favor of Mr. Braca (and potentially other director candidates nominated by Plaintiffs or by other Company shareholders). Plaintiffs' proxy solicitation firm and counsel estimate that the timing to engage in a meaningful proxy fight is at least four to five weeks, including the following tasks:

| Action | Timing |
| --- | --- |
| Preparation and Filing of Preliminary Proxy Statement | 1 week |
| SEC Comment Period | 10 calendar days |
| Responding to any SEC comments | 1 week |
| Filing Definitive Proxy Statement | Typically 2-3 weeks after preliminary proxy |
| Printing proxy statement | 1 business day |
| Mailing proxy statement to shareholders | Up to 5 business days |
| Direct Engagement with Proxy Advisors (ISS and Glass Lewis) and institutional shareholders, and follow-up with retail shareholders (including offering additional voting opportunities) | 4 weeks |

Based on the Company's past practice, Plaintiffs believe the Company intends to distribute proxy materials to shareholders by late December 2022 advocating for the reelection of the two incumbent Class III directors at the 2022 annual meeting. To allow Plaintiffs to fairly participate in the proxy contest, we ask the Court to schedule the hearing on Plaintiffs Motion within the next week to ten days if consistent with the Court's schedule.

Plaintiffs further contend that defendants have sufficient time to respond to the Motion if a hearing is scheduled in the next week to 10 days and do not need any discovery in advance of a hearing. Plaintiffs delivered their Complaint to defense counsel on November 22, 2022, the day it was filed. The Complaint sets out in detail the bases for Plaintiffs' claims, including citing the key cases Plaintiffs rely on in the Motion. Plaintiffs' counsel spoke with defense counsel the day the Complaint was filed, and both parties recognized that an

injunction motion would be needed if the parties did not resolve the matter. Plaintiffs' counsel agreed not to seek an injunction over the Thanksgiving holiday in light of the fact that there were still two months remaining before the scheduled 2022 annual shareholders' meeting. The following week, the parties tried to resolve the matter without burdening the Court with this Motion but unfortunately were unsuccessful. Nonetheless, defense counsel was aware of the possible injunction motion and all the grounds for it for two weeks before it was filed. Further, virtually all of the facts in the Complaint are based on SEC filings by the parties and letters exchange by the parties. Accordingly, Plaintiffs do not believe there is any need for defendants to engage in discovery in advance of the hearing.

Finally, without a hearing before the holidays, the relief sought by Plaintiffs, even if ultimately granted, will not allow them to nominate and solicit proxies for Mr. Braca's nomination. Plaintiffs and other shareholders will be deprived of their right to meaningfully vote for their choice of who should be on the board of directors. A delay in the hearing essentially will allow the Defendants, including an invalid director who was seated in violation of the Company's bylaws, to succeed in what Plaintiffs have asserted is an unlawful and improper attempt to entrench the current board members and disenfranchise Company shareholders by changing the election rules in the midst of a proxy contest. Where, as here, the allegations are that shareholder voting rights are being denied and the basic right to nominate has been thwarted, Plaintiffs believe that a response to their motion and a hearing or argument on that motion should be conducted on an accelerated and expedited schedule consistent, of course, with the Court's calendar.

Plaintiffs appreciate Your Honor's attention to this matter.

Respectfully,

Laura E. Krabill

LEK
Enclosure


cc: Counsel for defendants (via email):
    Marisa Antonelli
    Michael Charlson
    Neal R. Troum
    George M. Vinci, Jr.