IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| George E. Norcross, III, Gregory B. Braca, and Philip A. Norcross,<br><br>                    Plaintiffs,<br><br>    v.<br><br>Republic First Bancorp, Inc., Harry Madonna, Andrew B. Cohen, Lisa Jacobs, Harris Wildstein, Peter B. Bartholow, and Benjamin C. Duster, IV,<br><br>                    Defendants. | :<br>:<br>:<br>:<br>:<br>:  CIVIL ACTION NO. 2:22-cv-04953<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## DECLARATION OF GEORGE M. VINCI, JR. IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

I, George M. Vinci, Jr., pursuant to 28 U.S.C. § 1746, being of full age, hereby declare that the following is true and correct:

1. I am an attorney admitted and in good standing to practice before the courts of the Commonwealth of Pennsylvania and this Court. I am a shareholder of the law firm Spector Gadon Rosen Vinci P.C. ("Spector Gadon"), and I am counsel of record for Defendants in the above-captioned action.

2. Throughout this litigation, both my colleagues at Spector Gadon and Vinson & Elkins and I reached out to opposing counsel at Ballard Spahr to try to agree on scheduling so that this litigation could proceed expeditiously. Despite our attempts, Ballard Spahr did not seem interested in working with us to arrive at a reasonable and mutually agreeable schedule. I am prepared to discuss specifics should the Court wish to hear them, although I do not believe these facts are relevant to whether this Court has subject-matter jurisdiction over this action. However, I do not believe that the Declaration of Laura E. Krabill, Esq. fairly presents the history of our interactions.

1

3. More generally, I deny Ms. Krabill's assertion and suggestion that Defendants' filing of their Notice of Removal to this Court was in any sense in bad faith. Counsel for Defendants analyzed the claims and concluded that removal was proper, a decision reached only a few days after we'd agreed to accept service. The fact that a state court hearing had been scheduled at the time of removal does not change the fact that subject matter jurisdiction properly resides in this Court.

4. As I advised the Court of Common Pleas in a letter I sent on December 9, 2022—a copy of which was sent to Plaintiffs' counsel as well—my colleague Neal Troum and I were scheduled to be (and in fact were) on trial in Delaware most of the week of December 12 in the matter of *Lightsway Lit. Serv. v. Yung, et al.*, D. Del. Bankr., No. 10-50289 (Hon. Mary Walrath). Because I was on trial, I was unavailable to prepare briefing, prep witnesses, prepare for a hearing, or confer with Ballard Spahr on matters related to the present action. I find it curious that Ms. Krabill in her Declaration appears to question whether I was in fact on trial that week. I was.

5. Given my inability to attend to this matter while on trial, my colleague at Spector Gadon, Alan B. Epstein, took on responsibility for this matter during my absence. Upon completion of my trial in the *Lightsway* matter, I was again able to focus on this lawsuit. I share responsibility for the case with Mr. Epstein.

Dated: 12/27/22

George M. Vinci, Jr.